## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI,

   Plaintiff,

v.

FRACTEL, LLC, NUSO, LLC CONSUMER
TRANSPARENCY GROUP, and JOHN DOE
DEFENDANTS 1-10

   Defendants.

Case No. 2:26-cv-10464

District Judge Brandy R. McMillion
Magistrate Judge Elizabeth A. Stafford

Electronically Submitted

### DEFENDANT NUSO, LLC's MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT

Defendant NUSO, LLC ("NUSO"), by and through its undersigned counsel, hereby respectfully moves this Court to dismiss the Complaint of Plaintiff Mark W. Dobronski ("Plaintiff"). In support of this Motion, NUSO submits the accompanying Memorandum of Law and briefly states as follows:

Plaintiff's Complaint ("Complaint") alleges that NUSO violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*., the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.101 *et seq*.; the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq*.; and the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101 *et seq*. Each count of the Complaint should be dismissed pursuant to Rule 12(b)(6) because they are not adequately pled and fail to state causes of action against NUSO.

Pursuant to Local Rule 7.1(a), undersigned counsel certifies that on April 20, 2026, she conferred with Plaintiff, explaining the substance and nature of the relief to be sought by way of this Motion and seeking concurrence in the relief; however, Plaintiff declined concurrence.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in Support of NUSO's Motion to Dismiss Plaintiff's Complaint, NUSO respectfully requests that the Court dismiss all counts of the Complaint directed at NUSO with prejudice pursuant to Rule 12(b)(6).

Dated: April 23, 2026

Respectfully submitted,

By: /s/ *Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti (038481999)
Kelley Drye & Warren LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Tel.: (973) 503-5923
lmazzuchetti@kelleydrye.com

*Counsel for NUSO, LLC*

2

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARK W. DOBRONSKI, | Case No. 2:26-cv-10464 |
| Plaintiff, | District Judge Brandy R. McMillion |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| | Electronically Submitted |
| FRACTEL, LLC, NUSO, LLC CONSUMER TRANSPARENCY GROUP, and JOHN DOE DEFENDANTS 1-10 | ORAL ARGUMENT REQUESTED |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NUSO, LLC's MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

i

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................2

ARGUMENT ..........................................................................................................4

I.    STANDARD OF REVIEW.............................................................................4

II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE TCPA ...............5

    A.    Plaintiff's TCPA Claims Fail Because NUSO is a Common Carrier That Did Not Initiate Any of the Alleged Calls........................5

        1.    Plaintiff Does Not Plausibly Allege That NUSO Is Directly Liable for the Alleged Calls..........................................5

        2.    Plaintiff Fails to Plausibly Allege That NUSO Was Highly Involved In or Had "Actual Notice" of the Illegal Activity and Failed to Stop It.....................................................................9

        3.    Plaintiff Fails to Plead Vicarious Liability .............................12

    B.    Count VI Should be Dismissed Because 47 C.F.R. § 64.1601(e)(1) Does Not Have a Private Right of Action................15

III.    PLAINTIFF FAILS TO STATE CLAIMS UNDER THE MHSSA AND MTCCCA..................................................................................................16

IV    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE MCPA ............17

CONCLUSION.....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adzhikosyan v. Callfire, Inc.*,
  No. 2:19-cv-00246, 2019 WL 7856759 (C.D. Cal. Nov. 20, 2019)....................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................5

*Charvat v. EchoStar Satellite, LLC*,
  630 F.3d 459 (6th Cir. 2010) .............................................................................5

*Clark v. Avatar Techs. PHL, Inc.*,
  No. 4:13-cv-02777, 2014 WL 309079 (S.D. Tex. Jan. 28, 2014) .............8, 9, 13

*Cunningham v. Lifestyles Dev., LLC*,
  No. 4:19-cv-0006, 2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) .......................6

*Cunningham v. Montes*,
  378 F. Supp. 3d 741 (W.D. Wis. 2019) ............................................................10

*Dave v. Century 21 Real Est., LLC*,
  No. 4:20-cv-00840, 2021 WL 5360944 (D.S.C. Sept. 15, 2021)........................6

*Dobronski v. Glob. Tel\*Link Corp.*,
  No. 2:25-cv-10097, PageID.64 (E.D. Mich. July 17, 2026)........................6, 7, 8

*Dobronski v. Glob. Tel Link Corp.*,
  No. 25-1720, 2026 U.S. App. LEXIS 6097 (6th Cir. Mar. 2, 2026)....................6

*Dobronski v. Ins. Supermarket Inc.*,
  No. 2:23-cv-10149, 2025 WL 3121332 (E.D. Mich. Aug. 1, 2025).................15

*Dobronski v. Selectquote Ins. Servs.*,
  462 F. Supp. 3d 784 (E.D. Mich. 2020) ..........................................................15

iii

*Dobronski v. Selectquote Ins. Servs.*,
    773 F. Supp. 3d 373 (E.D. Mich. 2025) ..............................................................15

*Dobronski v. SunPath Ltd.*,
    No. 2:19-cv-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020) .................15

*Dobronski v. Tobias & Assocs., Inc.*,
    769 F. Supp. 3d 681 (E.D. Mich. 2025) .......................................................12, 13

*Dobronski v. Tobias & Assocs., Inc.*,
    No. 5:23-cv-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024) ................15

*Dobronski v. Total Ins. Brokers, LLC*,
    No. 5:21-cv-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021)................15

*Est. of Barney v. PNC Bank, Nat'l Ass'n*,
    714 F.3d 920 (6th Cir. 2013) ...............................................................................5

*Hooks v. Hooks*,
    771 F.2d 935 (6th Cir. 1985) .............................................................................14

*Hurley v. Messer*,
    No. 3:16-cv-09949, 2018 WL 4854082 (S.D. W. Va. Oct. 4, 2018) .................11

*Imhoff Inv. L.L.C. v. Alfoccino, Inc.*,
    792 F.3d 627 (6th Cir. 2015) .............................................................................12

*Jackson v. Caribbean Cruise Line, Inc.*,
    88 F. Supp. 3d 129 (E.D.N.Y. 2015) ...................................................................6

*Johansen v. Nat'l Gas & Elec. LLC*,
    No. 2:17-cv-587, 2018 WL 3933472 (S.D. Ohio Aug. 16, 2018).......................6

*Jones v. U.S. Dep't of Educ.*,
    No. 2:15-cv-10171, 2017 WL 9471877 (E.D. Mich. Feb. 12, 2017)...........17, 18

*Kamppi v. Ghee*,
    208 F.3d 213 (6th Cir. 2000) ...............................................................................5

*Kauffman v. CallFire, Inc.*,
    141 F. Supp. 3d 1044 (S.D. Cal. 2015)..........................................................11, 12

iv

*Keating v. Peterson's Nelnet, LLC*,
  615 Fed. App'x 365 (6th Cir. 2015) ...................................................12

*Off. of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*,
  688 F. Supp. 3d 1230 (S.D. Fla. 2023) ....................................9, 11, 12

*Owens v. Adroit Health Grp., LLC*,
  No. 1:24-cv-00457, 2025 WL 3777898 (W.D. Mich. Mar. 4, 2025).................16

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
  No. 2:13-cv-01347, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015).............8, 12

*Rodriguez v. Due Process of Mich., Inc.*,
  No. 2:07-cv-12578, 2008 WL 4449651 (E.D. Mich. Sept. 30, 2008)................17

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
  No. 2:16-cv-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016) .................17

*Selou v. Integrity Sol. Servs. Inc.*,
  No. 4:15-cv-10927, 2016 WL 612756 (E.D. Mich. Feb. 16, 2016).............6, 7, 8

**Statutes**

47 U.S.C. § 227 ..........................................................................................5

Mich. Comp. Laws § 445.903...................................................................17

Mich. Comp. Laws § 445.111...................................................................16

Mich. Comp. Laws § 484.125...................................................................16

**Other Authorities**

137 Cong. Rec. S18785 (November 27, 1991) (remarks of Sen. Ernest
  F. Hollings) ............................................................................................7

*In re Joint Petition Filed by Dish Network, LLC*,
  28 F.C.C. Rcd. 6574 (2013).....................................................................6

*In the Matter of Rules & Regulations Implementing the Telephone
  Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (July 10, 2015)..........10

S. Rep. No. 102-178 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968 ........................7

v

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

- *Adzhikosyan v. Callfire, Inc.*, No. 2:19-cv-00246, 2019 WL 7856759 (C.D. Cal. Nov. 20, 2019)

- *Clark v. Avatar Techs. PHL, Inc.*, No. 4:13-cv-02777, 2014 WL 309079 (S.D. Tex. Jan. 28, 2014)

- *Dobronski v. Glob. Tel\*Link Corp.*, No. 2:25-cv-10097, PageID.64 (E.D. Mich. July 17, 2026)

- *Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097 (6th Cir. Mar. 2, 2026)

- *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784 (E.D. Mich. 2020)

- *Dobronski v. Tobias & Assocs., Inc.*, No. 5:23-cv-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024)

- *Hurley v. Messer*, No. 3:16-cv-09949, 2018 WL 4854082 (S.D. W. Va. Oct. 4, 2018)

- *Kauffman v. CallFire, Inc.*, 141 F. Supp. 3d 1044 (S.D. Cal. 2015)

- *Off. of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*, 688 F. Supp. 3d 1230 (S.D. Fla. 2023)

- *Owens v. Adroit Health Grp., LLC*, No. 1:24-cv-00457, 2025 WL 3777898 (W.D. Mich. Mar. 4, 2025)

- *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. 2:13-cv-01347, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015)

- *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 2:16-cv-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016)

- *Selou v. Integrity Sol. Servs. Inc.*, No. 4:15-cv-10927, 2016 WL 612756 (E.D. Mich. Feb. 16, 2016)

**Statutes**

- 47 U.S.C. § 227
- Mich. Comp. Laws § 445.903
- Mich. Comp. Laws § 445.111
- Mich. Comp. Laws § 484.125

**Other Authorities**

- *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (July 10, 2015)

## ISSUES PRESENTED

**Issue No. 1:**

Whether Plaintiff has failed to state a claim under the Telephone Consumer Protection Act against Defendant?

Plaintiff says: No

Defendant says: YES

How this Court should Rule: Yes

**Issue No. 2:**

Whether Plaintiff has failed to state a claim under the Michigan Home Solicitation Sales Act against Defendant?

Plaintiff says: No

Defendant says: YES

How this Court should Rule: Yes

**Issue No. 3:**

Whether Plaintiff has failed to state a claim under the Michigan Consumer Protection Act against Defendant?

Plaintiff says: No

Defendant says: YES

How this Court should Rule: Yes

**Issue No. 4:**

Whether Plaintiff has failed to state a claim under the Michigan Telephone

Companies as Common Carriers Act against Defendant?

Plaintiff says: No

Defendant says: YES

How this Court should Rule: Yes

Defendant NUSO, LLC ("NUSO"), by and through its undersigned attorneys, respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff Mark W. Dobronski's ("Plaintiff") Complaint (Dk. 1, "Complaint" or "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

NUSO is a telecommunications provider—not a caller—and the Complaint does not allege otherwise.  Plaintiff claims he received sixty-nine prerecorded calls from "Ava with Consumer Transparency Group" ("CTG"), yet attributes only fourteen of those calls to NUSO, and even then, solely because they allegedly passed through NUSO's telecommunications network in transit.  The remaining fifty-five calls were routed by FracTel, a separate carrier that has already been dismissed from the instant action.

Plaintiff concedes that an unknown third party (CTG) initiated the calls and that NUSO acted only as, at most, a telecommunications service provider.  He alleges no facts suggesting that NUSO created or deployed the prerecorded message; selected recipients; controlled timing; operated any dialing equipment; or had any contractual or business relationship with CTG.  In short, the Complaint pleads no conduct by NUSO that could give rise to liability under the TCPA or any state-law analog.  The only alleged involvement is that certain calls traversed NUSO's network—an allegation courts uniformly hold insufficient as a matter of law.

1

Despite recognizing NUSO as telecommunications carrier, Plaintiff nonetheless seeks to hold NUSO liable for calls allegedly initiated by CTG—calls which NUSO did not control or have any involvement in (other than serving as an intermediate carrier)—under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitation and Sales Act ("MHSSA"), M.C.L. § 445.101 *et seq.*, the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.*, and the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101 *et seq.* Plaintiff's efforts stretch the TCPA and Michigan law well beyond Congress's intent or judicial precedent. Plaintiff's claims against NUSO fail for multiple reasons and should be dismissed.

## BACKGROUND

Plaintiff alleges that between January 20 and February 6, 2026, he received at least sixty-nine prerecorded calls delivering an identical message from "Ava with Consumer Transparency Group" promoting a purported credit-card debt-relief program. (Compl., PageID.5, ¶¶ 18, 21.) Of those sixty-nine calls, Plaintiff attributes only fourteen to NUSO; the remaining fifty-five are attributed to now-dismissed co-defendant FracTel. (*Id.* ¶¶ 19–20; Dkt. 13.)

Plaintiff asserts that an unknown entity operating as CTG initiated the calls. (*Id.* at 3, ¶ 6.) He further alleges that NUSO is "a voice service provider" or "SIP/VoIP carrier," but concedes that NUSO did not make any of the calls. (*Id.* at

2

15, ¶ 20.)   Instead, Plaintiff seeks to hold NUSO liable solely for providing "telecommunications services[,] including origination, routing, interconnection and/or intermediate transit" for fourteen of the sixty-nine calls.  (*Id.* at 14, ¶ 56.) Plaintiff attributes the remaining calls to FracTel, which is a third-party telecommunications provider with no connection to NUSO.[1]   (*Id.* at 5, ¶ 19.) Plaintiff alleges no facts suggesting that NUSO created, scripted, or deployed the prerecorded message; selected call recipients; controlled call timing; compiled any call list; operated any dialing equipment; or had any contractual or business relationship with CTG.  The only alleged involvement is that certain calls passed through NUSO's network.  (*See id.* at 11–13, ¶ 51.)

Plaintiff's so-called "contemporaneous[ly kept] call records" reflect that each call displayed Caller ID information and occurred within a sixteen-day window between January 21 and February 6, 2026.  (*Id.*)  Plaintiff does not allege how he determined that NUSO was a telephone communications carrier with respect to any particular call.  He asserts that the calls could not have been "spoofed" because he returned some of the displayed Caller-ID numbers and reached the same CTG recording.  (*Id.* at 9–10, ¶¶ 41–42.)

While he concedes that NUSO did not initiate the calls, Plaintiff claims NUSO had "notice" of unlawful calls based on: (1) Plaintiff's own call-specific complaints

---

[1] Plaintiff alleges no facts connecting NUSO to FracTel.

and audio recordings for the fourteen calls allegedly traversing NUSO's network (*id.* at 6, 14 ¶¶ 27, 58); (2) Plaintiff's submission—at NUSO's direction—of reports to the FCC (*id.* at 7, ¶ 31); (3) an unrelated anti-robocalling task-force letter referencing numerous carriers, including NUSO, but issued to a different entity (*id.* at 8–9, ¶ 37); and (4) certain "public consumer-protection sources" identifying CTG as a scam. (*Id.* at 8, ¶ 34.)  Plaintiff asserts that NUSO continued to "carry and profit from the traffic after actual notice" rather than blocking, mitigating, or tracing the calls. (*Id.* at 14–15, ¶ 60.)

Based on the foregoing, the Complaint alleges nine counts for relief: violation of 47 C.F.R. 64.1200(a)(1)(iii) (Count I); violation of 47 C.F.R. 64.1200(a)(2) (Count II); violation of 47 C.F.R. 64.1200(a)(3) (Count III); violation of 47 C.F.R. § 64.1200(c)(2) (Count IV); violation of 47 C.F.R. § 64.1200(d)(4) (Count V); violation of 47 C.F.R. § 64.1601(e) (Count VI); violation of the MHSSA, M.C.L. 445.111a(5) and M.C.L. 445.111b(1) (Count VII); violation of the MCPA, M.C.L. § 445.903(1) (Count VIII); and violation of the MTCCCA, M.C.L. § 484.125(2)(a) (Count IX).  (*Id.* at 19–26, ¶¶ 72–124.)

## **ARGUMENT**

### I.     **Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Court must credit well-pleaded factual allegations, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Est. of Barney v. PNC Bank, Nat'l Ass'n,* 714 F.3d 920, 924 (6th Cir. 2013) (quoting *In re Harchar*, 694 F.3d 639, 644 (6th Cir. 2012)); *see also Kamppi v. Ghee*, No. 99-3459, 2000 WL 303018, at *1 (6th Cir. 2000) (internal citations omitted) ("[T]he less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.").

## II.     Plaintiff Fails to State a Claim Under the TCPA

### A.     Plaintiff's TCPA Claims Fail Because NUSO is a Common Carrier That Did Not Initiate Any of the Alleged Calls

#### 1. Plaintiff Does Not Plausibly Allege That NUSO Is Directly Liable for the Alleged Calls

The TCPA—and the Federal Communications Commission's ("FCC") regulations implementing it—govern telemarketing and calling practices, including the use of automatic telephone dialing systems and prerecorded or artificial voice messages to place calls.  *See* 47 U.S.C. § 227.  Generally, the statute focuses on the individual or entity who "makes" or "initiates" the call or on whose behalf the call is made.  *See Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465 (6th Cir. 2010);

*Selou v. Integrity Sol. Servs. Inc.*, No. 4:15-cv-10927, 2016 WL 612756, at \*3 (E.D. Mich. Feb. 16, 2016); *Dave v. Century 21 Real Est., LLC*, No. 4:20-cv-00840, 2021 WL 5360944 (D.S.C. Sept. 15, 2021); *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-cv-0006, 2019 WL 4282039, at \*3 (E.D. Tex. Aug. 8, 2019) (*citing In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 24 (2013)) *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2018 WL 3933472, at \*4 (S.D. Ohio Aug. 16, 2018); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015); *In re Dish Network*, 28 FCC Rcd. at 6582 ¶ 24 ("[A] seller is not directly liable for a violation of the TCPA unless it initiates a call").

The Sixth Circuit, affirming the Rule 12(b)(6) dismissal of another TCPA lawsuit brought by Plaintiff here against a carrier, recently acknowledged that "liability under the TCPA generally does not attach to a common carrier like [the defendant in that case]." *Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097, at \*4 (6th Cir. March 2, 2026) (*citing Imhoff Inv. L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634–35 (6th Cir. 2015)); *see also* Declaration of Lauri A. Mazzuchetti ("Mazzuchetti Decl."), Exhibit A (attaching *Dobronski v. Glob. Tel\*Link Corp.*, No. 2:25-cv-10097, PageID.67 (E.D. Mich. July 17, 2026) ("Unsurprisingly then, third-party common carriers who merely facilitate calls initiated or made by others are generally not liable under the TCPA.")); *Selou*, 2016 WL 612756, at \*3 ("Congress intended the statute to 'apply to the persons ***initiating***

6

the telephone call or sending the message and . . . not the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message.'" (quoting S. Rep. No. 102-178, at 9 (1991)).

The legislative history of the TCPA supports that Congress did not intend to impose direct liability upon entities like NUSO, which, as a common carrier, merely transmits calls from one entity in the call chain to another: "[t]he regulations concerning the use of these machines apply to the persons initiating the telephone call or sending the message and do not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message."  S. Rep. No. 102-178, at 9 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968; *see also* 137 Cong. Rec. S18785 (November 27, 1991) (statement of Sen. Hollings) ("It is not our intention that a carrier should be held liable for transmitting over the carrier's network any call or message in violation of this legislation made by an entity other than the carrier . . . . [C]arriers should not be responsible for the content delivered over their networks.").

Courts routinely dismiss TCPA claims against common carriers on this basis, including within this District.  For example, in *Global Tel*Link Corp.*, Judge Murphy held that Plaintiff did not plausibly allege that that the carrier-defendant, Global Tel*Link, initiated the phone calls at issue:

> Dobronski alleged that Global Tel*Link "initiated a call to Plaintiff's residential telephone number."  . . .  But he did

7

> not do so plausibly . . . . Dobronski's allegation that Global Tel*Link initiated the phone call is essentially a legal conclusion. *See Iqbal*, 556 U.S. at 663–64. What is more, Dobronski admitted that during each of the four calls, it was an inmate who "was calling" and the recording played a snippet from that inmate. ECF No. 1, PageID 11–13. Even taking inferences in Dobronski's favor, he plausibly alleged only that inmate Daniel Rummelt initiated the calls. *Selou*, 2016 WL 612756, at *3–4; *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 982 (D. Minn. 2015); *see also Twombly*, 550 U.S. at 554 (dismissing a claim where the pleadings presented an obvious alternative explanation).

Mazzuchetti Decl., Exhibit A (*Global Tel*Link Corp.*, No. 2:25-cv-10097, PageID.68). Similarly, in *Selou*, the Court dismissed the plaintiff's complaint with prejudice holding the defendant functioned as a "carrier with no liability under the TCPA or related statutes" given that it merely provided "technological services through which its customers can make phone calls." 2016 WL 612756, at *2; *see also Clark v. Avatar Techs. PHL, Inc.*, No. 4:13-cv-02777, 2014 WL 309079, at *3 (S.D. Tex. Jan. 28, 2014) (granting motion to dismiss on grounds that the TCPA does not impose liability on a carrier whose systems were used to make an unlawful call); *Adzhikosyan v. Callfire, Inc.*, No. 2:19-cv-00246, 2019 WL 7856759, *3 (C.D. Cal. Nov. 20, 2019) (same); *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. 2:13-cv-01347, 2015 WL 778065, *9 (W.D. Wash. Feb. 24, 2015) (same).

Here, NUSO is precisely the type of carrier the TCPA exempts—it does not originate or control the content of any call or message. Plaintiff does not plausibly

8

allege that NUSO "initiated" the calls about which he complains, and even acknowledges that other entities used NUSO's platform to make the alleged phone calls at issue.  (*See e.g.*, Compl. PageID.5, ¶¶ 19–20.)  And none of Plaintiff's thin allegations directed at NUSO would support that NUSO had any control over the timing, content, or method of making the calls.  (*See id.* ¶¶ 18, 20–21.)

As such, Plaintiff's TCPA claims should be dismissed.

### 2. Plaintiff Fails to Plausibly Allege That NUSO Was Highly Involved In or Had "Actual Notice" of the Illegal Activity and Failed to Stop It

The FCC has historically suggested that a common carrier could be liable in narrow circumstances—namely, where the carrier had a "high degree of involvement" in the offending calls or had actual notice of unlawful use and failed to take steps to prevent it.  *See Off. of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*, 688 F. Supp. 3d 1230, 1237 (S.D. Fla. 2023) (quoting *In the Matter of Rules & Reguls. Implementing the Tele. Consumer Prot. Act*, Report and Order, 7 FCC Rcd. 8752, 8780 ¶ 54 (1992)).  But after the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), that FCC gloss is on uncertain footing: there is no statutory basis in the TCPA for imposing liability on a carrier that merely transmits calls.  *See Clark*, 2014 WL 309079, at *3 ("[I]t was made clear that the statute and regulations . . . 'do not apply to the common carrier or other entity that

9

transmits the call or message and that is not the originator or controller of the content of the call or message.'" (quoting S. Rep. No. 102–178, at 9 (1991)).

In any event, even under the FCC's now-questionable framework, Plaintiff does not plausibly allege that NUSO had a "high degree of involvement" in, or "actual notice" of, any unlawful use with respect to the fourteen calls at issue. As courts have recognized, even under this questionable framework, to state a claim against a service provider, a plaintiff must "show more than [the] normal operation" of a neutral telecommunications service. *Cunningham v. Montes*, 378 F. Supp. 3d 741, 749 (W.D. Wis. 2019).

Plaintiff does not allege that NUSO was highly involved in the calls about which he complains. Plaintiff makes no claim that NUSO "decided whether, when, or to whom" to call. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7981 ¶ 32 (2015) ("TCPA Order"). Instead, Plaintiff seemingly argues that NUSO should be held liable because it *could have* "suspend[ed], block[ed], mitigate[ed], trac[ed] back, or otherwise interven[ed]" with the unlawful calling campaign. (Compl., PageID.14–15, ¶ 60.) These allegations fail to establish the requisite involvement and/or control required to hold a carrier like NUSO liable under the TCPA.

Similarly, Plaintiff's allegations of "actual notice" fall short of establishing that NUSO "*willfully* enable[d]" or "*knowingly* allowed" the unlawful calling

10

campaign, such that this Court could deem NUSO the initiator of the calls. *See* TCPA Order, ¶ 30 (emphasis added). Indeed, Plaintiff's purported complaints to NUSO and the FCC regarding fourteen calls that allegedly traversed NUSO's network over the course of a mere sixteen days is simply not enough to conclude that NUSO "assist[ed], facilitate[ed], and ratify[ed] the unlawful calls. (Compl., PageID.15, ¶ 61.); *compare Smartbiz Telecom*, 688 F. Supp. 3d at 1237 (finding actual notice where provider "was notified approximately 250 times" by the Industry Traceback Group, a neutral consortium appointed by the FCC, but took no action to stop the robocall scheme); *see also Hurley v. Messer*, No. 3:16-cv-09949, 2018 WL 4854082, at *4 (S.D. W. Va. Oct. 4, 2018) (finding providers had "direct knowledge of and the right of control over the illegal conduct" and used "their own assigned telephone numbers" to make illegal calls).

The remaining purported sources of NUSO's "notice" are even less persuasive. Plaintiff does not allege that the FCC (or an agent thereof) notified NUSO directly regarding CTG's purported calling campaign. Instead, Plaintiff merely alleges that NUSO was identified in a letter issued to other entities regarding illegal robocall traffic generally, which was sent by a bipartisan task force. (Compl., PageID.8–9, ¶ 37.) Similarly, the allegations of "independent, publicly available warnings and complaints" regarding CTG are unrelated to NUSO, and therefore fail to establish notice of any sort. (*Id.* at 8–9, ¶¶ 31–32, 34); *see Kauffman v. CallFire,*

11

*Inc.*, 141 F. Supp. 3d 1044, 1048–49 (S.D. Cal. 2015) (rejecting plaintiff's argument at summary judgment that the carrier had actual notice because it continued to transmit messages after being served with the complaint); *Rinky Dink, Inc.*, 2015 WL 778065, at *7 (finding on summary judgment that defendant's general awareness of potentially non-TCPA compliant uses of defendant's technology by a third-party is insufficient to establish actual notice).  At bottom, Plaintiff fails to establish that NUSO had the requisite "high degree of involvement or actual notice of an illegal use" such that it would be liable under the TCPA.  *Smartbiz Telecom*, 688 F. Supp. 3d at 1236.

Because Plaintiff has not plausibly alleged that NUSO violated the TCPA or the regulations promulgated by the FCC, the Complaint's TCPA claims in Counts I–VI should be dismissed.

### 3.  Plaintiff Fails to Plead Vicarious Liability

Plaintiff also seeks to hold NUSO vicariously liable for CTG and FracTel's alleged conduct.  Courts in the Sixth Circuit analyze vicarious liability claims under the TCPA using federal common law agency principles.  *Imhoff Inv. L.L.C.*, 792 F.3d at 635.  "The classical definition of 'agency' contemplates 'the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control."  *Keating v. Peterson's Nelnet, LLC*, 615 Fed. App'x 365,

12

372 (6th Cir. 2015) (quoting *In re Dish Network*, 28 FCC Rcd. at 6586).  Typically, this requires the court "to determine if Defendants delegated actual or apparent authority to place [the] calls, or if Defendants ratified the act through acceptance of benefits."  *Dobronski v. Tobias & Assocs., Inc.*, 769 F. Supp. 3d 681, 698 (E.D. Mich. 2025).

As explained in Section II.A.2., *supra*, the Complaint fails to establish that NUSO "willfully enabled" or "knowingly allowed" CTG, or any other person or entity, to use its network for unlawful purposes.  Moreover, Plaintiff's allegations that NUSO is liable under the traditional agency principles of actual authority, apparent authority, or ratification are conclusory and baseless. (Compl., PageID.17–18, ¶ 67.)  Plaintiff alleges no facts that show CTG was under NUSO's control and acted at the direction and for the benefit of NUSO—elements required for either actual or apparent authority.  *See Tobias & Assocs., Inc.*, 769 F. Supp. 3d at 698.  Likewise, Plaintiff provides no factual support for his speculative claim that NUSO "accept[ed] [] the benefits of the calling campaign" thereby ratifying the allegedly unlawful conduct. (Compl., PageID.18, ¶ 67.)

Plaintiff also purports to invoke civil conspiracy as a theory of vicarious liability. (*Id.* at 16–18, ¶¶ 65–67.)  As an initial matter, the "plain language of the statute does not specifically allow for such secondary liability."  *Clark*, 2014 WL 309079, at *3 (rejecting plaintiff's attempt to impose liability on a carrier who "did

13

not make any call, based on a conspiracy allegation" (internal quotations omitted)).

Yet even if it did, Plaintiff fails to establish the core elements of a civil conspiracy:

"a single plan, that the alleged coconspirator shared in the general conspiratorial

objective, and that an overt act was committed in furtherance of the conspiracy that

caused injury to the complainant." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir.

1985). As described above, Plaintiff's claims regarding fourteen allegedly violative

calls, which occurred over the course of sixteen days, and Plaintiff's purported

"contemporaneous" notice thereof to NUSO (Compl., PageID.14, ¶ 58), fall

woefully short of establishing any sort of plan or implied agreement between NUSO

and CTG to violate the TCPA—nonetheless a shared "conspiratorial objective" or

"overt act" in furtherance of the alleged calls. *Hooks*, 771 F.2d at 944.

Finally, Plaintiff strains credulity in his attempts to hold NUSO vicariously

liable for the alleged conduct of FracTel. As alleged in the Complaint, FracTel is a

different carrier with a distinct network in which separate calls are claimed to have

been initiated on and traversed in violation of the TCPA. (*Id.* at 11–13, ¶ 51.) The

Complaint is devoid of any allegation that could plausibly serve as the basis for

attributing FracTel's conduct to NUSO. Absent such detail, Plaintiff cannot succeed

under any theory of vicarious liability.

In sum, Counts I through VI should be dismissed because Plaintiff alleges no

plausible claim against NUSO under the TCPA.

14

### B. Count VI Should be Dismissed Because 47 C.F.R. § 64.1601(e)(1) Does Not Have a Private Right of Action

Count VI is subject to dismissal for an additional reason. In Count VI, Plaintiff alleges that NUSO violated an implementing regulation of the TCPA, 47 C.F.R. § 64.1601(e), which requires "any person or entity that engages in telemarketing" to "transmit caller identification information." Although some courts have recently recognized a private right of action under this implementing regulation (*see, e.g.*, *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 380 (E.D. Mich. 2025) (extending Section 227(c)(5)'s private right of action to violations of § 64.1601(e)); *Dobronski v. Ins. Supermarket Inc.,* No. 2:23-cv-10149, 2025 WL 3121332, at *14 (E.D. Mich. Aug. 1, 2025) (same)), numerous other courts in this District have correctly held that there is no private right of action under this implementing regulation. *See, e.g.*, *Dobronski v. Tobias & Assocs., Inc.*, No. 5:23-cv-10331, 2024 WL 1174553, at *4 (E.D. Mich. Mar. 18, 2024); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020); *Dobronski v. Total Ins. Brokers, LLC*, No. 5:21-cv-10035, 2021 WL 4452218, at *3 (E.D. Mich. Sept. 29, 2021); *Dobronski v. SunPath Ltd.*, No. 2:19-cv-13094, 2020 WL 8840311, at *6 (E.D. Mich. July 27, 2020). This Court should similarly find that 47 C.F.R. § 64.1601(e)(1) does not maintain a private right of action and dismiss Count VI of the Complaint accordingly.

### III.     Plaintiff Fails to State Claims Under the MHSSA and MTCCCA

Counts VII and IX assert that the alleged calls violated the MHSSA and the MTCCCA, Michigan's analog telemarketing laws.  (Compl., PageID.24–26, ¶¶ 108–14, 118–24.)

The MHSSA places certain restrictions on a "telephone solicitor" when "mak[ing] . . . a telephone solicitation to a residential telephone subscriber[.]" *Owens v. Adroit Health Grp., LLC*, No. 1:24-cv-00457, 2025 WL 3777898, at *7 (W.D. Mich. Mar. 4, 2025) (citing Mich. Comp. Laws § 445.111a(5)).  "Telephone solicitor" is defined as "any person doing business in this state who makes or causes to be made a telephone solicitation[.]"  Mich. Comp. Laws § 445.111(n).  Similarly, the MTCCCA prohibits "[a] caller" from "us[ing] a telephone line to contact a [telephone] subscriber" barring certain qualifications.  *Id.* § 484.125(2).  "Caller" is defined as "an individual, corporation, firm, partnership, association, or legal or commercial entity *who attempts to contact or who contacts* a subscriber in this state via telephone or by using a telephone line."  *Id.* § 484.125(1)(a) (emphasis added).

Here, Plaintiff's MHSSA and MTCCCA claims plainly fail for the same reasons that doom his TCPA claims—NUSO did not make, or attempt to make, the calls at issue.  NUSO is carrier of a network on which calls can be made by others (Compl., PageID.5, ¶ 20), and NUSO had no authority over what calls are made, the content of the calls, the equipment used to dial the numbers, or when those calls are

16

made.  (*See supra,* Section II.A.1.)  Nor are there any facts that plausibly suggest NUSO had any involvement in the calls for purposes of the MHSSA or MTCCCA. As such, Plaintiff fails to allege the statutory elements required under the MHSSA or the MTCCCA and Counts VII and IX should be dismissed.

## IV     Plaintiff Fails to State a Claim Under the MCPA

Plaintiff's MCPA claim in Count VIII is also fatally flawed.  The MCPA "prohibits 38 methods of conducting trade or commerce."  *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 2:16-cv-12645, 2016 WL 9775018, at *3 (E.D. Mich. Oct. 21, 2016); *see* Mich. Comp. Law § 445.903.  Plaintiff alleges that NUSO violated the MCPA by "engag[ing] in unfair, unconscionable, and deceptive practices in trade or commerce, including using a vague or fictitious identity . . . omitting meaningful seller contact information, omitting opt-out capability, employing identity-masking via number rotation and generic caller identification, and soliciting highly sensitive consumer information . . . through an AI voice system without meaningful disclosures."  (Compl., PageID.25, ¶ 116.)  Yet, "even a cursory review of the 38 enumerated prohibited activities in that section show that none are applicable" to the alleged calls.  *Rodriguez v. Due Process of Mich., Inc.*, No. 2:07-cv-12578, 2008 WL 4449651, at *10 (E.D. Mich. Sept. 30, 2008); *see Jones v. U.S. Dep't of Educ.*, No. 2:15-cv-10171, 2017 WL 9471877, at *11 (E.D. Mich. Feb. 12, 2017), *R. & R. adopted*, 2017 WL 875297 (E.D. Mich. Mar. 6, 2017) ("[T]he MCPA

17

contains multiple subsections pertaining to specific, prohibited conduct . . . Plaintiff fails to identify any applicable MCPA statutory subsections under which she brings such a claim."). Because Plaintiff fails to allege conduct that falls under any of the statute's enumerated unlawful practices, Plaintiff's MCPA claim fails as a matter of law and Count VIII must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant NUSO, LLC respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint in its entirety.

Dated: April 23, 2026                     Respectfully submitted,


By: /s/ *Lauri A. Mazzuchetti*
    Lauri A. Mazzuchetti (038481999)
    Kelley Drye & Warren LLP
    7 Giralda Farms, Suite 340
    Madison, NJ 07940
    Tel.: (973) 503-5923
    lmazzuchetti@kelleydrye.com

    *Counsel for NUSO, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties. I also caused a copy of the foregoing to be served by mail and email on the following pro se plaintiff:

Mark W. Dobronski
PO Box 99
Dexter, MI 48130
(734) 641-2300
markdobronski@yahoo.com

By:  */s/ Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti