**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK W. DOBRONSKI,

                Plaintiff,

v.

FRACTEL LLC,
a Florida limited liability company,

NUSO, LLC,
a Missouri limited liability company,

DOE DEFENDANTS I - X,

                Defendants.

Case No.  26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

_____

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, and for his complaint against the named Defendants alleges:

**NATURE OF THE ACTION**

1.      This is a consumer rights case under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.101, *et seq.*, and the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901, *et seq.*, and the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101, *et seq.*, arising

1

from a coordinated campaign of prerecorded telemarketing robocalls to Plaintiff's residential telephone line, which is billed on a per-call basis, promoting a purported credit-card debt relief program.

### PARTIES

2. Plaintiff Mark W. Dobronski ("Plaintiff") is an individual, of the age of majority, a citizen of the United States of America, has a domicile in Orange County, Florida, and has a residence in Washtenaw County, Michigan.

3. Defendant FracTel LLC ("FracTel"), is a limited liability company organized and existing under the laws of the State of Florida, with its principal office located at 122 4th Avenue, Suite 201, Indiatlantic, Florida 32905, which is qualified and registered to do business in the State of Michigan, with a registered office located at 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170.

4. Defendant NUSO, LLC ("NUSO") is a limited liability company organized and existing under the laws of the State of Missouri, with its principal office located at 406 North Main Street, Suite B, Rolla, Missouri 65401, which is qualified and registered to do business in the State of Michigan, with a registered office located at 186 North Main Street, Floor 2, Suite 1, Plymouth, Michigan 48170.

5. Defendants Doe Defendants 1–10 ("Doe Defendants") are persons and entities who, on information and belief, controlled, operated, financed, provided

2

dialing/AI voice or platform infrastructure, provisioned or managed telephone numbers, supplied leads, processed payments, or otherwise participated in or benefitted from the unlawful calling campaign.

## JURISDICTION

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA.

7.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's Michigan statutory claims because they form part of the same case or controversy.

8.     This Court has personal jurisdiction over the Defendants pursuant to M.C.L. § 600.715 as a result of Defendants doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

## VENUE

9.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff received the telephone calls in this District, to wit: at Plaintiff's residence in Washtenaw County, Michigan, and suffered injury here.

## FACTUAL ALLEGATIONS

10.     Plaintiff maintains a residential telephone number ending in **24 ("Plaintiff's Number"), which he uses primarily for personal, family, and household

purposes.

11.    Plaintiff's Number is assigned to a service for which Plaintiff is charged on a per-call and per-minute basis and is therefore protected under the TCPA.

12.    Plaintiff's Number is listed on the National Do Not Call Registry and has been so listed since at least June 29, 2003, and continuously thereafter, and at all times relevant hereto.

13.    Plaintiff has never provided Defendant with prior express consent or prior express written consent to place telemarketing calls to Plaintiff's Number.

14.    Plaintiff has never released his telephone number to Defendant in any manner that would constitute knowing or voluntary consent to receive telemarketing calls.

15.    Plaintiff is the customary user of the called telephone line, is the one that was the actual recipient of the telephone calls at issue in this complaint, and suffered the nuisance and invasion of privacy of same.  Thus, Plaintiff has standing to bring this action for alleged violations of TCPA's provisions. *Leyse v. Bank of America Nat. Ass'n,* 804 F.3d 316, 324 (3rd Cir., 2015).

16.    Defendant FracTel is, on information and belief, a voice service provider and/or SIP/VoIP carrier that provided call origination, routing, interconnection, and/or intermediate transit services for at least 145 of the calls at issue.

17.     Defendant NUSO is, on information and belief, a voice service provider and/or SIP/VoIP carrier that provided call origination, routing, interconnection, and/or intermediate transit services for at least 44 of the calls at issue.

18.     Commencing in mid-September 2025, Plaintiff began noticing that he was receiving telemarketing calls at Plaintiff's Number with prerecorded messages using an AI/prerecorded voice and attempting to induce a return call and engagement in a purported consumer debt-relief program.

19.     Between January 16, 2026 and May 8, 2026, Plaintiff has received at least 189 such calls to Plaintiff's Number.

20.     The calls were telephone solicitations and telemarketing because their purpose was to encourage the purchase of services.

21.     The displayed caller-ID telephone number varied across calls, reflecting number rotation consistent with evasion and identity masking.

22.     The calls displayed no meaningful caller-name identification and showed only generic city/state caller-ID name information, further consistent with identity masking when combined with uniform prerecorded content and number rotation.

23.      None of the prerecorded messages provided any opt-out capability, including no automated interactive key-press opt-out mechanism during the call and no call-back mechanism that provided opt-out.

24.     None of the prerecorded messages provided a meaningful business address or sufficient information to enable a consumer to determine the legal identity of the person or entity responsible for the call, and several scripts did not provide any callback number at all; where a callback number was provided, it did not furnish meaningful seller identification or a meaningful mechanism for an effective do-not-call request.

25.     As the calls occurred, Plaintiff provided FracTel and NUSO, directly and/or through complaint channels, contemporaneous, time-stamped notice identifying the unlawful calls — including date, time, displayed caller-ID number, and caller-ID name (if any) — for each call.

26.     In addition, Plaintiff provided audio recordings of the prerecorded messages to FracTel and NUSO as the calls occurred and/or shortly thereafter, confirming the calls' prerecorded content, the caller-identification information used, and the absence of opt-out and meaningful seller identification.

27.     Plaintiff's call-specific notices, and recordings supplied more than sufficient information for FracTel and NUSO to determine whether the calls traversed their networks and, if so, to identify the relevant ingress/egress points, trunks, upstream counterparties, and associated accounts through ordinary call detail records and routing/interconnect data. The recordings eliminated plausible ambiguity

regarding the nature of the calls and their uniform campaign characteristics.

28.     Despite this detailed notice and audio proof, the prerecorded calling campaign continued.

29.     FracTel and NUSO attempted to deflect responsibility by asserting that Plaintiff's proper avenue of relief was to complain to the Federal Communications Commission ("FCC"). Plaintiff did so: Plaintiff submitted an FCC complaint/ticket for each call (or each logged call), contemporaneously with the calling campaign.

30.     The existence of repeated FCC complaints, coupled with Plaintiff's direct call-specific notices and audio recordings, further confirms actual notice, the ongoing nature of the campaign, and Defendants' knowledge that the traffic was abusive and unlawful — yet the calls continued.

31.     FracTel and NUSO's instruction to "complain to the FCC," rather than taking mitigation steps within their control after receiving call-specific proof, supports an inference of willful disregard and ratification.

32.     Public consumer-protection sources have warned that robocalls identifying as "Ava" from "Consumer Transparency Group" (or confusingly similar names) are associated with an apparent scam involving deceptive debt-relief solicitations.

33.     The Better Business Bureau ("BBB") has published a public warning

describing an apparent scam associated with callers using the name "Consumer Protection Group" and similar variants, warning consumers about deceptive robocalls and the use of vague or misleading representations to induce return calls or disclosure of personal information.

34.    In addition, Trustpilot contains dozens of consumer complaints describing robocalls identifying as "Ava with Consumer Protection Group" (or materially indistinguishable variants), reporting substantially similar prerecorded messages, caller-ID rotation, lack of meaningful identification or opt-out, and attempts to solicit sensitive personal and financial information.

35.    In warning letters released on December 3, 2025 as part of a publicly issued press release concerning traceback activity, the Anti-Robocall Litigation Task Force, a bipartisan task force of 51 state attorneys general which was formed to take action against companies responsible for large volumes of fraudulent and illegal robocall traffic, identified NUSO as an entity receiving or relaying suspected illegal robocall traffic in the course of tracing examinations.

36.    These independent, publicly available warnings and complaints corroborate Plaintiff's allegations that the calls at issue were part of a widespread, ongoing, and deceptive robocall campaign rather than isolated or accidental calls.

37.    The existence of widely disseminated consumer warnings and complaints

further supports a reasonable inference that FracTel and NUSO knew or should have known that the traffic they were carrying and enabling was unlawful and abusive, and that FracTel and NUSO's continued provision of services after notice constituted willful facilitation, ratification, and knowing allowance of TCPA violations.

38.    FracTel and NUSO initially asserted that the displayed caller-ID numbers were "spoofed" and that the calls did not traverse their networks.

39.    Plaintiff tested those assertions by calling back displayed caller-ID numbers.

40.    Upon calling back, Plaintiff was connected to an AI voice system again identifying as "Ava" from "Consumer Transparency Group" pitching debt-relief services.

41.    The callback system likewise provided no opt-out capability and no meaningful identifying information (no verifiable legal name, no business address, and no meaningful contact information).

42.    The callback AI voice system prompted the consumer to provide personal identifying information, including credit card information and Social Security Number.

43.    These facts are inconsistent with random spoofing of unrelated third parties and support the inference of a coordinated robocalling campaign using number

rotation and centralized AI/IVR infrastructure.

44.     Plaintiff alleges at least 189 prerecorded telemarketing calls between January 16, 2026 and May 8, 2026. Plaintiff further alleges, on information and belief, that the unlawful calling campaign exceeded the 189 calls presently identified in Plaintiff's records, and that the full number of such calls will be determined more precisely through discovery from Defendants' call-detail, routing, and account records.

45.     During the same general time period, Plaintiff received additional inbound calls in which the caller disconnected before Plaintiff could answer, preventing Plaintiff from determining whether those calls delivered the same prerecorded message.

46.     Plaintiff further alleges that similar calls occurred prior to January 16, 2026, but were not logged by Plaintiff at the time.

47.     Given the volume and frequency of the campaign, the uniform prerecorded content confirmed by recordings, and identity-masking indicators including number rotation, it is reasonable to infer that these additional hang-up calls and earlier unlogged calls were part of the same unlawful campaign.

48.     The precise number, dates, times, and routing paths of these additional calls are within Defendants' exclusive possession, custody, and control and will be

determined through discovery.

49.   Plaintiff maintained contemporaneous call records for the unlawful calls at issue. Following is a table which sets forth the date and time of each call, the displayed caller-ID number, the caller-ID name, the carrier identified as carrying the call, and the script name of the recorded message.

| Date / Time[1] | Caller ID | Caller ID Name | Carrier | Script |
|---|---|---|---|---|
| 1/16/2026 19:41 | 19095777545 | SAN BERNARDI CA | FRACTEL | AVA |
| 1/16/2026 21:45 | 17702154813 | GAINESVILLE GA | NUSO | AVA |
| 1/16/2026 21:51 | 14753569542 | BRIDGEPORT CT | FRACTEL | AVA |
| 1/16/2026 22:05 | 16269463078 | AZUSA-GLENDO CA | FRACTEL | AVA |
| 1/16/2026 22:25 | 15829009525 | PORTAGE PA | FRACTEL | AVA |
| 1/17/2026 17:49 | 16268788302 | MONROVIA CA | FRACTEL | AVA |
| 1/17/2026 19:29 | 18633126689 | WINTER HAVEN FL | NUSO | AVA |
| 1/17/2026 20:35 | 14307666426 | ECTOR TX | FRACTEL | AVA |
| 1/17/2026 20:37 | 14786000995 | MACON GA | FRACTEL | AVA |
| 1/20/2026 18:05 | 15172597706 | JACKSON MI | NUSO | |
| 1/20/2026 22:42 | 17079435124 | MIRANDA CA | FRACTEL | |
| 1/20/2026 23:34 | 17477444662 | SAN FERNANDO CA | FRACTEL | AVA |
| 1/21/2026 0:01 | 16807999635 | COPENHAGEN NY | FRACTEL | |
| 1/21/2026 20:04 | 19092772977 | SMITHSON LECIA | NUSO | |
| 1/21/2026 20:06 | 14698425663 | PROSPER TX | FRACTEL | |
| 1/21/2026 20:06 | 17733406408 | CHICAGO ZONE IL | NUSO | |
| 1/21/2026 20:41 | 14246999419 | TORRANCE CA | FRACTEL | |
| 1/22/2026 21:47 | 12765293260 | DANTE VA | FRACTEL | |
| 1/23/2026 18:18 | 14785000671 | EASTMAN GA | FRACTEL | AVA |
| 1/23/2026 18:35 | 15753456946 | CANNON AIR F NM | FRACTEL | AVA |
| 1/23/2026 19:25 | 12793567178 | FOLSOM CA | FRACTEL | |
| 1/23/2026 21:08 | 12179431068 | TAYLORVILLE IL | NUSO | AVA |
| 1/23/2026 23:57 | 14044100838 | ATLANTA GA | NUSO | |
| 1/24/2026 18:08 | 12794658599 | FOLSOM CA | FRACTEL | |
| 1/26/2026 17:27 | 17702750457 | BARNESVILLE GA | NUSO | |
| 1/26/2026 17:51 | 18269999770 | BOONES MILL VA | FRACTEL | |

---

[1]      Date/Time shown is Coordinated Universal Time (UTC). Eastern Standard Time (EST) is minus 5 hours UTC.

| | | | | |
|---|---|---|---|---|
| 1/26/2026 18:21 | 16819463204 | IAEGER WV | FRACTEL | |
| 1/27/2026 17:32 | 13159013848 | SYRACUSE NY | NUSO | |
| 1/27/2026 18:50 | 15679000187 | TOLEDO OH | FRACTEL | |
| 1/27/2026 20:36 | 14247867197 | MALIBU CA | FRACTEL | |
| 1/27/2026 20:54 | 15826666659 | COUDERSPORT PA | FRACTEL | |
| 1/27/2026 22:30 | 15319009394 | WEST POINT NE | FRACTEL | |
| 1/28/2026 18:12 | 14322265855 | FRANKEL CITY TX | FRACTEL | AVA |
| 1/28/2026 18:24 | 13857666737 | ALTA UT | FRACTEL | |
| 1/28/2026 18:58 | 16297586469 | DICKSON TN | FRACTEL | |
| 1/28/2026 19:17 | 14096999816 | BUNA TX | FRACTEL | AVA |
| 1/28/2026 19:49 | 18387326678 | GREENWICH NY | FRACTEL | |
| 1/28/2026 20:26 | 15863456391 | MOUNT CLEMEN MI | FRACTEL | AVA |
| 1/28/2026 22:03 | 19497737516 | NEWPORT BEAC CA | FRACTEL | |
| 1/29/2026 15:55 | 19569333990 | MISSION TX | FRACTEL | AVA |
| 1/29/2026 15:57 | 18507719359 | PANAMA CITY FL | NUSO | AVA |
| 1/29/2026 17:45 | 19287325558 | LAKE HAVASU AZ | FRACTEL | AVA |
| 1/29/2026 18:56 | 13619666645 | ROBSTOWN TX | FRACTEL | AVA |
| 1/29/2026 19:08 | 17436000291 | HIGH POINT NC | FRACTEL | |
| 1/29/2026 19:17 | 14428666893 | BRAWLEY CA | FRACTEL | |
| 1/30/2026 21:00 | 15019463138 | BENTON AR | FRACTEL | AVA |
| 1/30/2026 21:08 | 12203000924 | WILKESVILLE OH | FRACTEL | AVA |
| 1/31/2026 13:51 | 16693863354 | SAN JOSE CA | FRACTEL | |
| 1/31/2026 17:54 | 16262546582 | ARCADIA CA | NUSO | AVA |
| 1/31/2026 18:06 | 17473456352 | SAN FERNANDO CA | FRACTEL | |
| 1/31/2026 18:30 | 16204451847 | LAFONTAINE KS | FRACTEL | AVA |
| 1/31/2026 20:43 | 12054763994 | MONTAVALLO AL | NUSO | AVA |
| 1/31/2026 21:51 | 18068777346 | AMARILLO TX | FRACTEL | |
| 1/31/2026 21:51 | 18057867074 | SAN LUIS OBI CA | FRACTEL | |
| 2/2/2026 14:29 | 19304000994 | EAST ENTERPR IN | FRACTEL | |
| 2/2/2026 19:32 | 17433567507 | DENTON NC | FRACTEL | AVA |
| 2/2/2026 20:09 | 14066308660 | SIDNEY MT | NUSO | |
| 2/2/2026 20:16 | 15156660281 | DES MOINES IA | FRACTEL | AVA |
| 2/3/2026 0:18 | 12193426792 | WESTVILLE IN | FRACTEL | |
| 2/3/2026 15:41 | 12237666907 | MERCERSBURG PA | FRACTEL | |
| 2/3/2026 20:10 | 17625293822 | AUGUSTA GA | FRACTEL | AVA |
| 2/3/2026 20:32 | 12099297953 | STOCKTON CA | NUSO | |
| 2/3/2026 21:40 | 12239009278 | HERSHEY PA | FRACTEL | AVA |
| 2/3/2026 22:13 | 14306999475 | DRY CREEK TX | FRACTEL | AVA |
| 2/3/2026 23:45 | 12627663398 | EAST TROY WI | FRACTEL | AVA |
| 2/4/2026 0:09 | 13188222071 | DELHI LA | FRACTEL | |
| 2/4/2026 14:47 | 13349666918 | HARTFORD AL | FRACTEL | |
| 2/4/2026 15:01 | 13305822859 | DELLROY OH | NUSO | |
| 2/4/2026 17:39 | 16829777160 | AZLE TX | FRACTEL | AVA |

| | | | | |
|---|---|---|---|---|
| 2/4/2026 19:30 | 12027883277 | WASHINGTON Z DC | NUSO | AVA |
| 2/4/2026 21:14 | 15393368070 | CEDARCREST OK | FRACTEL | AVA |
| 2/4/2026 22:33 | 19793486451 | NORTHRUP TX | FRACTEL | AVA |
| 2/4/2026 23:15 | 18262223703 | BROKENBURG VA | FRACTEL | AVA |
| 2/5/2026 15:42 | 15829999454 | BERLIN PA | FRACTEL | AVA |
| 2/5/2026 16:13 | 13195005413 | VINTON IA | FRACTEL | AVA |
| 2/5/2026 17:20 | 15857999019 | BYRON NY | FRACTEL | AVA |
| 2/5/2026 18:40 | 13028444941 | SMYRNA DE | FRACTEL | AVA |
| 2/5/2026 19:43 | 14308999235 | NECHES TX | FRACTEL | AVA |
| 2/5/2026 19:58 | 12236000544 | LIVERPOOL PA | FRACTEL | AVA |
| 2/5/2026 21:22 | 16617444311 | PALMDALE CA | FRACTEL | AVA |
| 2/5/2026 21:57 | 13855145880 | OGDEN UT | NUSO | AVA |
| 2/6/2026 1:28 | 12343363512 | EAST PALESTI OH | FRACTEL | |
| 2/6/2026 15:16 | 18403456613 | POMONA CA | FRACTEL | AVA |
| 2/6/2026 17:08 | 14022708408 | COLUMBUS NE | NUSO | AVA |
| 2/6/2026 17:27 | 12195678953 | FRANCESVILLE IN | FRACTEL | AVA |
| 2/6/2026 18:55 | 14429777182 | OCEANSIDE CA | FRACTEL | AVA |
| 2/6/2026 20:16 | 13079009544 | GLENDO WY | FRACTEL | AVA |
| 2/9/2026 19:05 | 14073748927 | ORLANDO FL | NUSO | MELISSA |
| 2/10/2026 14:14 | 19303000229 | GALENA IN | FRACTEL | MELISSA |
| 2/10/2026 20:47 | 13615999685 | AGUA DULCE TX | FRACTEL | MELISSA |
| 2/10/2026 22:01 | 13809009058 | COLUMBUS OH | FRACTEL | LISA |
| 2/11/2026 23:21 | 14708444386 | WINDER GA | FRACTEL | RACHEL |
| 2/12/2026 14:06 | 18045188284 | PETERSBURG VA | FRACTEL | RACHEL |
| 2/12/2026 15:43 | 16614585111 | MCFARLAND CA | FRACTEL | RACHEL |
| 2/12/2026 20:37 | 17793368189 | WOODSTOCK IL | FRACTEL | |
| 2/13/2026 19:10 | 16193771976 | PINE VALLEY CA | FRACTEL | LISA |
| 2/13/2026 19:26 | 16597668932 | COLUMBIANA AL | FRACTEL | LISA |
| 2/13/2026 23:32 | 16897325620 | WEST KISSIMM FL | FRACTEL | LISA |
| 2/14/2026 21:41 | 18623555096 | POMPTON LAKE NJ | FRACTEL | |
| 2/14/2026 21:50 | 18263567728 | CRAIGSVILLE VA | FRACTEL | |
| 2/17/2026 0:12 | 12409463446 | WASHINGTON 2 MD | FRACTEL | LISA |
| 2/18/2026 14:26 | 16513164871 | WABASHA MN | NUSO | MELISSA |
| 2/18/2026 22:59 | 18143133493 | WARREN PA | NUSO | MELISSA |
| 2/19/2026 16:54 | 16066006095 | BEATTYVILLE KY | FRACTEL | |
| 2/19/2026 18:57 | 12193569766 | CROWN POINT IN | FRACTEL | MELISSA |
| 2/19/2026 19:21 | 16466010654 | NEW YORK CIT NY | NUSO | MELISSA |
| 2/19/2026 20:08 | 16593333772 | GUIN AL | FRACTEL | MELISSA |
| 2/20/2026 21:29 | 14173821297 | JOPLIN MO | NUSO | |
| 2/21/2026 16:46 | 14066171087 | BILLINGS MT | NUSO | MELISSA |
| 2/21/2026 20:23 | 14352811555 | WASATCH UT | NUSO | MELISSA |
| 2/21/2026 21:40 | 17605484498 | PALM SPRINGS CA | NUSO | MELISSA |
| 2/23/2026 21:03 | 12093231835 | STOCKTON CA | NUSO | MELISSA |

13

| | | | | |
|---|---|---|---|---|
| 2/24/2026 19:58 | 17016021233 | DICKINSON ND | NUSO | |
| 2/25/2026 19:09 | 14406270561 | BRECKSVILLE OH | NUSO | MELISSA |
| 2/25/2026 20:58 | 18472008632 | FOX LAKE IL | NUSO | MELISSA |
| 2/26/2026 18:24 | 12089987426 | TYGEE VALLEY ID | NUSO | KIM |
| 2/27/2026 18:12 | 15026306015 | LOUISVILLE KY | NUSO | |
| 2/27/2026 18:54 | 13348702088 | AUBURN AL | NUSO | |
| 2/28/2026 16:27 | 18064605122 | AMARILLO TX | NUSO | |
| 2/28/2026 18:50 | 17403428460 | NEW LEXINGTO OH | NUSO | KIM |
| 3/2/2026 19:47 | 15086613297 | FRAMINGHAM MA | NUSO | |
| 3/2/2026 21:14 | 12027731682 | WASHINGTON Z DC | NUSO | KIM |
| 3/3/2026 20:06 | 15309070104 | CHICO CA | NUSO | |
| 3/4/2026 18:58 | 19146633083 | MOUNT VERNON NY | NUSO | KIM |
| 3/5/2026 16:40 | 15309070127 | CHICO CA | NUSO | |
| 3/5/2026 16:51 | 14784259152 | MACON GA | NUSO | KIM |
| 3/5/2026 17:47 | 13042780299 | RIVESVILLE WV | NUSO | KIM |
| 3/10/2026 16:53 | 15599511127 | FRESNO CA | NUSO | KIM |
| 3/12/2026 22:47 | 16562222038 | TAMPA SOUTH FL | FRACTEL | KIM |
| 3/17/2026 17:55 | 14643456185 | LA GRANGE IL | FRACTEL | |
| 3/19/2026 20:39 | 16697586188 | LOS GATOS CA | FRACTEL | |
| 3/24/2026 16:09 | 17699333249 | PICAYUNE MS | FRACTEL | |
| 3/24/2026 16:42 | 19499696472 | IRVINE CA | FRACTEL | |
| 3/25/2026 22:00 | 19593567768 | HADDAM CT | FRACTEL | KIM |
| 3/27/2026 22:29 | 16096121716 | ATLANTIC CIT NJ | NUSO | |
| 4/2/2026 17:26 | 12529009853 | ROCKY MOUNT NC | FRACTEL | MAYA |
| 4/3/2026 15:05 | 17604652439 | BORREGO CA | FRACTEL | MAYA |
| 4/3/2026 16:13 | 16808080939 | HENDERSON NY | FRACTEL | MAYA |
| 4/3/2026 16:39 | 16606777769 | ARMSTRONG MO | FRACTEL | MAYA |
| 4/3/2026 20:04 | 13648001903 | OWENSBORO KY | FRACTEL | MAYA |
| 4/3/2026 21:05 | 13185777450 | CALHOUN LA | FRACTEL | MAYA |
| 4/4/2026 17:52 | 15592100731 | SAN JOAQUIN CA | FRACTEL | MAYA |
| 4/4/2026 19:27 | 14177867133 | NIANGUA MO | FRACTEL | MAYA |
| 4/4/2026 20:09 | 13412224726 | OAKLAND CA | FRACTEL | MAYA |
| 4/4/2026 22:21 | 19529009545 | TWIN CITIES MN | FRACTEL | MAYA |
| 4/6/2026 14:04 | 17474747017 | BURBANK CA | FRACTEL | MAYA |
| 4/6/2026 15:44 | 16283487015 | BELVEDERE CA | FRACTEL | MAYA |
| 4/6/2026 17:58 | 14478008421 | RANKIN IL | FRACTEL | MAYA |
| 4/6/2026 18:47 | 14097888949 | MAURICEVILLE TX | FRACTEL | MAYA |
| 4/6/2026 20:27 | 12348999821 | CORTLAND OH | FRACTEL | MAYA |
| 4/6/2026 22:06 | 19409777904 | DENTON TX | FRACTEL | MAYA |
| 4/6/2026 23:26 | 18543368751 | JAMESTOWN SC | FRACTEL | MAYA |
| 4/7/2026 0:28 | 17657999698 | GASTON IN | FRACTEL | |
| 4/8/2026 14:49 | 18383456414 | ARGYLE NY | FRACTEL | OLIVIA |
| 4/8/2026 16:24 | 17695678951 | MADISON MS | FRACTEL | OLIVIA |

14

| | | | | |
|---|---|---|---|---|
| 4/9/2026 21:27 | 17479777202 | NORTH HOLLYW CA | FRACTEL | OLIVIA |
| 4/9/2026 22:20 | 16897666959 | KISSIMMEE FL | FRACTEL | OLIVIA |
| 4/9/2026 23:26 | 16575878824 | SILVERADO CA | FRACTEL | OLIVIA |
| 4/10/2026 20:03 | 15859463689 | AKRON NY | FRACTEL | OLIVIA |
| 4/10/2026 21:39 | 15679000407 | TOLEDO OH | FRACTEL | OLIVIA |
| 4/11/2026 0:20 | 14472477701 | LODA IL | FRACTEL | OLIVIA |
| 4/11/2026 21:13 | 17349333016 | WYANDOTTE MI | FRACTEL | OLIVIA |
| 4/13/2026 17:54 | 16209463228 | CHETOPA KS | FRACTEL | |
| 4/13/2026 18:24 | 15645299734 | ROCHESTER WA | FRACTEL | |
| 4/13/2026 19:18 | 19863368352 | FAIRFIELD ID | FRACTEL | |
| 4/13/2026 19:20 | 19863337218 | POTLATCH ID | FRACTEL | |
| 4/14/2026 0:04 | 15827777326 | BIG RUN PA | FRACTEL | |
| 4/14/2026 0:05 | 15743456244 | SOUTH BEND IN | FRACTEL | |
| 4/14/2026 1:13 | 14322265350 | FRANKEL CITY TX | FRACTEL | |
| 4/14/2026 18:18 | 17759779271 | CARSON CITY NV | FRACTEL | OLIVIA |
| 4/14/2026 18:24 | 19298999008 | NEW YORK CIT NY | FRACTEL | OLIVIA |
| 4/14/2026 19:54 | 16577999676 | FULLERTON CA | FRACTEL | OLIVIA |
| 4/15/2026 16:58 | 16283863764 | CORTE MADERA CA | FRACTEL | OLIVIA |
| 4/15/2026 19:50 | 14323569609 | ALPINE TX | FRACTEL | OLIVIA |
| 4/15/2026 21:26 | 12237666949 | MERCERSBURG PA | FRACTEL | OLIVIA |
| 4/15/2026 21:38 | 13513456741 | HUDSON MA | FRACTEL | OLIVIA |
| 4/16/2026 15:41 | 12793486013 | SACRAMENTO CA | FRACTEL | OLIVIA |
| 4/18/2026 0:44 | 15413258793 | MADRAS OR | FRACTEL | |
| 5/07/2026 19:08 | 12136788125 | MONTEBELLO CA | FRACTEL | |
| 05/07/2026 15:43 | 16805005878 | FABIUS NY | FRACTEL | |
| 05/07/2026 21:35 | 12135679519 | LOS ANGELES CA | FRACTEL | |
| 05/07/2026 22:22 | 13526777585 | BUSHNELL FL | FRACTEL | |
| 05/08/2026 15:12 | 12206678010 | BARNESVILLE OH | FRACTEL | |
| 05/08/2026 15:33 | 17125299964 | PERCIVAL IA | FRACTEL | |
| 05/08/2026 15:52 | 12399333314 | FORT MYERS FL | FRACTEL | |
| 05/08/2026 16:05 | 13806000846 | LOCKBOURNE OH | FRACTEL | |
| 05/08/2026 16:35 | 16506777251 | SOUTH SAN FR CA | FRACTEL | |
| 05/08/2026 18:32 | 12204004013 | CHESTERHILL OH | FRACTEL | |
| 05/08/2026 19:24 | 12094382892 | LINDEN CA | FRACTEL | |
| 05/08/2026 22:40 | 16284658323 | SAUSALITO CA | FRACTEL | |

50.    Based on these records, Plaintiff received at least 189 calls between January 16, 2026 and May 8, 2026. NUSO carried 44 of the calls and FracTel carried 145 of the calls.

51.    Each of the prerecorded calls delivered one of several different recorded

messages.

52.    Initially, from January 2026, until approximately February 6, 2026, the recorded message stated, verbatim, as follows:

> "Hi this is Ava from Consumer Transparency Group. Just trying to reach you real quick about a recent information that came across my desk. When you get a minute, please give me a call back."  (the "Ava" script.)

53.    Then, commencing in February 2026, a rotation of 2 recorded messages was observed.

54.    One message stated:

> "Hello. Hi, this is Melissa from American Consumer Rights. I am reaching out regarding a recent update tied to your accounts. It's important we speak briefly. Please call me back." (the "Melissa" script.)

55.    Another message stated:

> "Hi, this is Melissa from National Loan Review Center. Your file came across my desk this morning. Please call me back. This is Lisa from Loan Adjustment Center. Lender sent over a notice about your file. Please give me a call back. Hi, this is Rachel from Loan Support Office. Nothing urgent. Just have updates on your loan. Please give me a call back." (the "Trio" script.)

56.    Commencing in the last week of February 2026 and through most of March 2026, a new message was observed:

> "Hi, thank you for taking my call. This is Kim from Credit Monitoring. How are you doing? Hello? Hello? Hi, this is

Kim from Credit Monitoring. I am reaching out because your credit profile generated a pre update alert and you need to hear this before the next cycle post. So please call me back at your earliest." (the "Kim" script.)

57.    In early April 2026, the message changed again, as follows:

"Hi, this is Maya from Account Services.  I'm leaving this voicemail because an immediate update came across my desk this morning regarding a potential loan approval. Also, your request for a reduced interest rate on your account looks like it's been approved, only pending final verification. Please call me back at 1-888-560-9704. We are open Monday through Friday. Please reach me back at your earliest convenience. Thank you!" (the "Maya" script.)

58.    Although the reason for the change is unknown, the "Maya" script call on April 2, 2026 provided a different call back number of 888-945-5781.

59.    In mid April 2026, the recorded message changed again, as follows:

"Hi, this is Olivia from Account Services.  I have a time sensitive update regarding your credit profile that I'd like to go over with you. Please return my call at 1-888-560-9704 at your earliest convenience. I look forward to hearing from you." (the "Olivia" script.)

60.    It should be noted that both the Maya script and the Olivia script provided the same call back number: 1-888-560-9704.

61.    Commencing with the calls in May 2026, when Plaintiff would dial back the caller identification number displayed, Plaintiff would receive a recorded message from "Amanda with Account Services of Summit Financial" making a similar pitch

17

about credit debt.

62.     The recorded messages did not provide any opt-out mechanism, did not provide any address for the caller, and did not meaningfully identify the legal entity responsible for the call. The message was deliberately vague and designed to induce a return call without providing meaningful identifying information.

63.     The Amanda, Ava, Kim, Melissa, and Trio scripts additionally did not provide a telephone number for the caller; callers had to dial the caller identification number displayed.

64.     In every instance, when Plaintiff dialed back the caller identification number displayed, Plaintiff would receive a recorded greeting from the same name as in the received recorded message call, and then would be live transferred to an individual claiming to be affiliated with "the credit bureau Experian" and seeking Plaintiff's personal identifying information.

65.     During January 2026, Plaintiff repeatedly provided notice to FracTel and Nuso regarding the receipt of the scam-apparent robocalls.  FracTel and Nuso both deflected and declined to take action, claiming that they had no record of the calls and that the caller identification numbers had been spoofed.

66.     Plaintiff then reported to FracTel and Nuso that Plaintiff had verified that the caller identification numbers displayed were apparently accurate, as Plaintiff had

dialed the numbers immediately after receiving the calls, and the calls were answered by the same identified recorded voice.

67.     Even with that information, FracTel and Nuso apparently took no action, as the calls continued unabated.

68.     Eventually, on February 9, 2026, Plaintiff filed his initial complaint in this matter and promptly effected service of the summons and complaint upon FracTel on February 20, 2026 [ECF No. 6], and upon Nuso on March 4, 2026 [ECF No. 7].

69.     Upon service of the initial complaint, each of FracTel and Nuso were undeniably on notice regarding the illegal traffic being carried over their respective networks.  Yet, the illegal calls continued.

71.     Publicly available consumer complaints appearing on Better Business Bureau webpages further reflect recurring consumer frustration with robocall or scam-related traffic associated with NUSO and FracTel. Plaintiff cites these public complaints not for the truth of each underlying allegation, but as further support for notice, willfulness, and knowingness, because they show that robocall-related concerns involving these providers were publicly documented and ongoing rather than isolated or obscure.

70.      After Plaintiff filed the original Complaint in this action, counsel for

Defendant FracTel requested that Plaintiff dismiss FracTel from the action without prejudice, representing in substance that, if dismissed, FracTel would provide Plaintiff with full particulars sufficient to identify the downstream actors responsible for initiating the unlawful calling campaign.

71.   In reliance on those representations, and in an effort to streamline the case and identify the principal wrongdoers without unnecessary motion practice, Plaintiff agreed to dismiss FracTel without prejudice.

72.   Thereafter, however, FracTel did not provide the promised full particulars in any meaningful or complete manner.

73.   Moreover, after FracTel's dismissal without prejudice, Plaintiff received numerous additional prerecorded telemarketing calls that, on information and belief and based on carrier identification reflected in Plaintiff's call records, were again carried, routed, interconnected, and/or otherwise enabled by FracTel.

74.   These post-dismissal calls used the same or materially indistinguishable robocall architecture, including rotating caller-identification numbers, generic or misleading caller-identification name information, prerecorded or artificial-voice messages using changing first names and campaign scripts, and callback functionality that routed Plaintiff back into the same or a substantially similar debt-relief / credit-related telemarketing scheme.

75. The continuation of the calling campaign through FracTel-associated traffic after FracTel's dismissal without prejudice materially changed the posture of the case and confirmed that FracTel's role was not limited to historical traffic already alleged in the original Complaint.

76. Under these circumstances, and because the prior dismissal was expressly without prejudice, Plaintiff has rejoined FracTel as a Defendant in this First Amended Complaint.

77. Defendants' own call detail records, routing data, and interconnect logs will corroborate Plaintiff's call records and identify all calls placed as part of the campaign, including additional calls to be identified through discovery.

78. On information and belief, FracTel and NUSO provided telecommunications services—including origination, routing, interconnection, and/or intermediate transit—necessary for the unlawful calls to reach Plaintiff.

79. The calling campaign could not have reached Plaintiff without telecommunications services supplied by one or more voice providers, including FracTel and/or NUSO.

80. Plaintiff contemporaneously provided FracTel and NUSO call-specific, time-stamped notice and audio recordings of the identical prerecorded campaign, thereby placing each on actual notice of an ongoing prerecorded telemarketing

robocall campaign.

81.    Plaintiff's notices, recordings, and FCC tickets provided sufficient identifiers to enable each Defendant to determine whether the calls traversed its network and to identify ingress/egress points, trunks, upstream counterparties, and associated accounts through ordinary carrier records and routing/interconnect data.

82.    Despite repeated, call-specific notice and audio proof, the campaign continued. On information and belief, FracTel and NUSO continued to carry and profit from the traffic after actual notice rather than suspending, blocking, mitigating, tracing back, or otherwise intervening within their control.

83.    Plaintiff does not seek to impose liability on FracTel or NUSO merely because they are carriers. Plaintiff alleges liability based on post-notice conduct: continued provision of essential telecommunications services after receiving call-specific proof of the unlawful campaign, thereby materially assisting, facilitating, and ratifying the unlawful calls.

84.    To the extent Defendants assert "spoofing," spoofing concerns the accuracy of the caller-ID field; it does not establish that the calls did not traverse Defendants' networks or that Defendants lacked the ability to identify upstream sources through records and routing data. Plaintiff's callback testing further undermines the claim that the displayed numbers were merely unrelated spoof victims

and supports the inference of a coordinated, traceable campaign.

85.   A platform provider or telecommunications service provider may be held directly liable for calls that violate the TCPA where it is directly involved in the creation or deployment of an unlawful robocall campaign. The FCC has held that such liability exists where the provider, among other things, (a) is directly involved in the creation of the content of illegal robocall campaigns, (b) controls the messaging or timing of the message, (c) controls or materially influences the recipient list, (d) willfully enables spoofing of telephone numbers, (e) assists its telemarketing customer in blocking or suppressing caller identification, or (f) knowingly allows the telemarketer to violate the TCPA. *In re Rules and Regulations Implementing the TCPA,* 30 FCC Rcd. 7961, 7980, 2015 WL 4387780, at *11, ¶ 30 (2015).

86.   As alleged herein, Defendants FracTel and NUSO, directly and/or through affiliated or upstream platform services, fall within one or more of the FCC-recognized bases for direct liability. Defendants knowingly carried and enabled a prerecorded robocall campaign that used rotating caller-ID numbers, generic or suppressed caller-ID name information, and uniform prerecorded content, continued transmitting the calls after receiving call-specific notice and audio recordings, and failed to take mitigation steps within their control. These facts support a reasonable inference that Defendants knowingly allowed, materially assisted, and/or willfully

23

enabled violations of the TCPA within the meaning of the FCC's 2015 Order.

87.   Parties act in concert when they act pursuant to a common plan or understanding to cooperate in a particular course of conduct or to accomplish a particular result. The agreement need not be express; it may be implied from the parties' conduct. A defendant who embraces or advances another's wrongful purpose—whether by agreement or by affirmative acts of assistance—may be held liable for the resulting tortious conduct, including where the defendant aids, encourages, facilitates, or ratifies the wrongful acts. In the TCPA context, substantial assistance includes, among other things, continuing to provide dialing, routing, numbering, caller-ID configuration, or related telecommunications services after receiving actual notice that such services are being used to place unlawful prerecorded telemarketing calls.

88.   Civil liability among coconspirators and concerted actors is joint and several. All persons who, in furtherance of a common plan to commit a tortious act, actively participate, cooperate, request, provide substantial assistance, lend aid or encouragement, or ratify and adopt the acts done for their benefit are equally liable for the resulting damages.

89.   At all relevant times, the telemarketer operating under the name "Consumer Transparency Group," together with Defendants FracTel and NUSO and

24

any associated platform providers, acted as agents and/or subagents of one another, or with apparent authority, in furtherance of the prerecorded telemarketing campaign described herein. Defendants knowingly provided and continued to provide telecommunications services, routing, numbering, caller-ID configuration, and related infrastructure that enabled the calls to be placed and facilitated CTG's scheme, while permitting the telemarketer to hold itself out to consumers as an authorized caller. Defendants' conduct—including post-notice continuation of service, facilitation of identity-masking practices, and acceptance of the benefits of the calling campaign—supports a reasonable inference of actual authority, apparent authority, and ratification, rendering each Defendant liable for the acts of its agents within the scope of that authority.

90.    FracTel and NUSO suggested they could not provide meaningful source-identification assistance without a subpoena due to Customer Proprietary Network Information ("CPNI") restrictions. That position is contrary to federal law. 47 C.F.R. § 64.2005(d) expressly authorizes a telecommunications carrier to disclose CPNI without customer approval or legal process where disclosure is required by law or is necessary to protect the carrier's rights or property, or to protect users and other carriers from fraudulent, abusive, or unlawful use of telecommunications services.

91.    Plaintiff's contemporaneous notices and recordings identified an ongoing

25

unlawful prerecorded telemarketing campaign. Under these circumstances, Defendants were not prohibited by CPNI rules from identifying upstream sources, cooperating in traceback, and/or taking reasonable mitigation steps. FracTel and NUSO's invocation of "CPNI" as a blanket justification for inaction supports an inference that FracTel and NUSO chose not to act despite having both authority and ability to do so while continuing to carry and profit from the unlawful traffic.

92.     FracTel and NUSO's position would improperly convert the CPNI rules — designed to protect consumers — into a shield for ongoing robocall fraud, a result the FCC has expressly rejected.

93.     The precise upstream sources, ingress trunks, intermediate routing, and account relationships for the calls at issue are uniquely within Defendants' possession and will be confirmed through discovery.

## COUNT I
### TCPA - 47 C.F.R. 64.1200(a)(1)(iii)

94. Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

95.     The TCPA implementing regulations prohibit initiating any call (other than emergency calls or calls made with the party's prior express consent) using an automatic telephone dialing system and/or an artificial or prerecorded voice to any service for which the called party is charged for the call. 47 C.F.R. § 64.1200(a)(1)(iii).

26

96. Plaintiff's Number is billed on a per-call basis and is therefore a service for which Plaintiff is charged for the call within the meaning of § 64.1200(a)(1)(iii).

97. Defendants initiated and/or caused to be initiated at least 189 prerecorded calls to Plaintiff's Number without prior express consent.

98. Defendants' conduct violated 47 C.F.R. § 64.1200(a)(1)(iii).

99. Defendants' violations were willful and/or knowing.

## COUNT II
### TCPA - 47 C.F.R. 64.1200(a)(2)

100. Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

101. The TCPA implementing regulations prohibit initiating, or causing to be initiated, any call that includes or introduces an advertisement or constitutes telemarketing, using an ATDS or an artificial or prerecorded voice, to any of the lines or telephone numbers described in § 64.1200(a)(1)(i)-(iii) absent prior express written consent. 47 C.F.R. § 64.1200(a)(2).

102. The calls at issue constituted telemarketing and introduced an advertisement for a purported debt-relief service.

103. Plaintiff's Number falls within the protected category described in § 64.1200(a)(1)(iii).

104. Defendants initiated and/or caused to be initiated the telemarketing calls at issue using an artificial or prerecorded voice and/or an ATDS without the required

27

prior express written consent.

105.   Defendants' conduct violated 47 C.F.R. § 64.1200(a)(2).

106.   Defendants' violations were willful and/or knowing.

## COUNT III
### TCPA - 47 C.F.R. 64.1200(a)(3)

107.   Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

108.   The TCPA implementing regulations prohibit initiating any call to any residential line using an artificial or prerecorded voice to deliver a message that includes or introduces an advertisement or constitutes telemarketing without the prior express written consent of the called party, subject to narrow exceptions not applicable here. 47 C.F.R. § 64.1200(a)(3).

109.   Plaintiff's Number is a residential line.

110.   Defendants initiated and/or caused to be initiated at least 189 calls to Plaintiff's Number using an artificial or prerecorded voice to deliver telemarketing without prior express written consent.

111.   Defendants' conduct violated 47 C.F.R. § 64.1200(a)(3).

112.   Defendants' violations were willful and/or knowing.

## COUNT IV
### TCPA - 47 C.F.R. § 64.1200(c)(2)

113.   Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

114.    Plaintiff's Number is registered on the National Do Not Call Registry.

115.    Defendants made repeated telephone solicitations to Plaintiff's Number despite its registration and without consent or an established business relationship, including at least 189 calls between January 16, 2026 and May 8, 2026.

116.    Defendants' conduct violated 47 C.F.R. § 64.1200(c)(2).

117.    Defendants' violations were willful and knowing, including because Defendants continued after repeated notice, recordings, and regulatory complaints.

118.    Each Defendant is likewise liable under principals of respondeat superior for the Do-Not-Call violations committed by its agents and coconspirators, where such acts were undertaken with actual or apparent authority, subsequently ratified, and furthered a common telemarketing enterprise from which Defendants derived benefit.

## COUNT V
## TCPA - 47 C.F.R. § 64.1200(d)(4)

119.    Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

120.    The TCPA's implementing regulations require that any person or entity making a call for telemarketing purposes provide the called party with: (i) the name of the individual caller, (ii) the name of the person or entity on whose behalf the call is being made, and (iii) a telephone number or address at which such person or entity may be contacted. 47 C.F.R. § 64.1200(d)(4).

29

121. Defendants' calls constituted telemarketing and telephone solicitations.

122. Defendants violated 47 C.F.R. § 64.1200(d)(4) because the prerecorded messages failed to provide the required identifying information. The messages used vague, shifting, fictitious, and/or materially misleading caller or entity names, including "Ava with Consumer Transparency Group," "Melissa from American Consumer Rights," "Melissa from National Loan Review Center," "Lisa from Loan Adjustment Center," "Rachel from Loan Support Office," "Kim from Credit Monitoring," "Maya from Account Services," "Olivia from Account Services," and "Amanda with Account Services of Summit Financial," without meaningfully identifying the true legal person or entity on whose behalf the calls were made.

123. Defendants further violated 47 C.F.R. § 64.1200(d)(4) because the messages did not provide any meaningful business address, and several scripts did not provide any callback number at all; where a callback number was provided, it did not furnish meaningful seller identification or a meaningful mechanism by which Plaintiff could identify and contact the true responsible person or entity.

124. Defendants' conduct was willful and/or knowing.

## COUNT VI
## TCPA - 47 C.F.R. § 64.1601(e)

125. Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

126. The TCPA's implementing regulations require telemarketers, to the

extent that caller-identification service is available, to transmit caller-identification information in connection with telemarketing calls. 47 C.F.R. § 64.1601(e).

127. Defendants' calls were telemarketing and telephone solicitations.

128. Defendants violated 47 C.F.R. § 64.1601(e) by failing to transmit meaningful caller-identification information, including by transmitting only generic city/state caller-ID name information rather than the name of the true responsible entity, suppressing, omitting, or failing to transmit meaningful caller-name information identifying the person or entity on whose behalf the calls were made, and using rotating caller-identification numbers to impede identification and traceback.

129. When dialed, the displayed caller-identification numbers did not furnish meaningful caller-identification information within the meaning of the regulation because they routed Plaintiff back into the same or a substantially similar prerecorded debt-relief / credit-related system without meaningfully identifying the true legal person or entity responsible for the telemarketing calls and without providing a meaningful mechanism for an effective do-not-call request to the true seller during normal business hours.

130. Defendants' use of generic caller-name information, rotating caller-identification numbers, and varying caller or entity names was intended to conceal or obscure the identity of the true caller and to frustrate consumer

identification and traceback.

131. Defendants' violations were willful and/or knowing.

## COUNT VII
## MHSSA

132. Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

133. Defendants' calls were telephone solicitations.

134. Plaintiff's Number was listed on the National Do-Not-Call Registry.

135. Plaintiff is a residential telephone subscriber.

136. Defendants violated M.C.L. 445.111a(5) by making telephone solicitations to a residential telephone subscriber whose name and residential telephone number is on the then-current version of the federal Do-Not-Call Registry.

137. Defendants' calls violated M.C.L. § 445.111b(1) because, at the beginning of the telephone solicitations, Defendants did not state the telephone solicitor's name and the full name of the organization or other person on whose behalf the call was initiated, and did not provide a telephone number for such organization or person at which a natural person was available to answer during the times telephone solicitations were being made.

138. Plaintiff suffered loss as a result of Defendants' violations, including per-call charges, time loss, nuisance, and invasion of privacy.

32

## COUNT VIII
## MCPA

139.   Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

140.   Defendants engaged in unfair, unconscionable, and deceptive practices in trade or commerce, including using a vague or fictitious identity ("Consumer Transparency Group"), omitting meaningful seller contact information, omitting opt-out capability, employing identity-masking via number rotation and generic caller identification, and soliciting highly sensitive consumer information (including Social Security numbers and credit card information) through an AI voice system without meaningful disclosures.

141.   Defendants' conduct violated M.C.L. § 445.903(1).

## COUNT IX
## MTCCCA

142.   Plaintiff incorporates paragraphs 1 through 93 as if fully set forth herein.

143.   The MTCCCA prohibits any person from using a recorded message to make or cause to be made a telephone call for a commercial purpose unless the call complies with the statutory exceptions not applicable here.  M.C.L. § 484.125(2)(a).

144.   Defendants used, or caused to be used, a recorded and/or artificial voice message system  to place commercial telephone calls to Plaintiff.

145.   The calls were made for a commercial purpose, including marketing and

promoting purported credit-card debt-relief services.

146.   Defendants placed or caused to be placed the recorded-message calls without Plaintiff's consent and outside any statutory exception under M.C.L. § 484.125(2).

147.   The statute applies regardless of whether the call was answered, and Plaintiff in fact received numerous calls where the phone rang and disconnected before answer, as well as calls delivering the recorded message.

148.   Defendants' use of a recorded message system violated M.C.L. § 484.125(2)(a) for each call placed using the prerecorded/AI voice system.

## PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter judgment for Plaintiff and against the Defendants, and each of them jointly and severally, as follows:

A.   Damages:

i.   Statutory damages as provided at 47 U.S.C. § 227(b)(3) for violations of the TCPA implementing regulations alleged:

| Count | Violations |
|-------|-----------|
| I | 190 |
| II | 190 |
| III | 190 |

A total of 570 violations at $500.00 per violation, for damages of

$285,000.00, which amount shall be trebled because the violations were willful and/or knowing, for total damages of $855,000.00.

ii.  Statutory damages as provided at 47 U.S.C. § 227(c)(5) for violations of the TCPA implementing regulations alleged:

| Count | Violations |
| --- | --- |
| IV | 190 |
| V | 190 |
| VI | 190 |

A total of 570 violations at $500.00 per violation, for damages of $285,000.00, which amount shall be trebled because the violations were willful and/or knowing, for total damages of $855,000.00.

iii.  Statutory damages as provided at M.C.L. § 445.111c(3) for violations of the MHSSA alleged at Count VII: 190 violations at $250.00 per violation, for damages of $47,500.00;

iv.  Statutory damages as provided at M.C.L. § 445.911(2) for violations of the MCPA alleged at Count VIII: 190 violations at $250.00 per violation, for damages of $47,500.00;

v.  Statutory damages as provided at M.C.L. § 484.125(5) for violations of the MTCCCA alleged at Count IX: 190 violations

at $1,000.00 per violation, for damages of $190,000.00.

The cumulative total amount of damages claimed in this action, based upon the identified calls, is $1,995,000.00. Plaintiff seeks the maximum recovery permitted by law. To the extent the Court determines that any portion of the foregoing damages would constitute duplicative recovery, Plaintiff seeks damages up to the maximum non-duplicative amount permitted by law. To the extent the Court determines that damages should be allocated among Defendants rather than imposed jointly and severally, Plaintiff seeks recovery against each Defendant for all calls that the evidence shows were carried, enabled, initiated, ratified, authorized, or otherwise made attributable to that Defendant, together with any additional violations proven to have been committed in concert or through agency, ratification, or other forms of joint responsibility.

B.  An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action;

C.  An injunction enjoining Defendants and/or Defendants' agents from initiating any telephone calls to Plaintiff's telephone numbers.

D.  Interest accruing from the date of filing until paid at the statutory rate; and,

E.  Such other and further relief as this Court deems necessary, reasonable,

prudent and proper under the circumstances.

Respectfully submitted,

Dated: May 8, 2026

_____

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

37