# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

              Plaintiff,

v.

FRACTEL LLC, *et al.*,

Case No.  26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

---

## DECLARATION OF MARK W. DOBRONSKI

I, Mark W. Dobronski, declare under penalty of perjury as follows:

1.     I am the Plaintiff in this action and make this declaration based upon my personal knowledge.

2.     I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3.     I previously provided FracTel with repeated call-specific reports, dates, times, caller-identification numbers, and callback information concerning the prerecorded robocall campaign described in my motion and brief.

4.     Attached as Exhibit 2 is a true and correct copy of a January 29, 2026 email thread in which FracTel representative Rob Lilja acknowledged that callback confirmation from a different phone number could support opening an abuse case for

1

the reseller to investigate the end user and the calling.

5.      Attached as Exhibit 3 is a true and correct copy of a January 30, 2026 email thread in which FracTel stated it saw my two callbacks, that its representative called the reported number and received the same greeting from Ava, that FracTel was contacting the reseller to investigate the calls to and from the end user, and that FracTel would cancel the implicated numbers while the abuse was being investigated.

6.      Attached as Exhibit 4 is a true and correct copy of a February 4, 2026 email thread in which FracTel stated it was actively disconnecting the reported numbers.

7.      Attached as Exhibit 5 is a true and correct copy of a February 5, 2026 email thread in which FracTel directed me to pursue traceback through my own terminating carrier and the Industry Traceback Group.

8.      Attached as Exhibit 6 is a true and correct copy of a February 16, 2026 email thread in which FracTel stated it had worked to remove or cancel numbers from resellers doing business with Consumer Transparency Group and that resellers should already have had my number on their blocked list, and in which I objected that blocking my number was not lawful or adequate mitigation and requesting originator, reseller, mitigation, traceback, and preservation information.

9.      Attached as Exhibit 7 is a true and correct copy of a February 20, 2026

email thread in which FracTel stated that customer information would require court-ordered subpoena and relayed that a reseller said my 407 number remained blocked because of the Consumer Transparency Group complaint while also claiming the calls were spoofed by a third party.

10. On Saturday, May 30, 2026, I received seven calls that appeared to originate from FracTel-associated numbers and that were part of the same or substantially similar scam-apparent prerecorded campaign described in my motion and brief.

11. On June 1, 2026, at approximately 1:30 p.m., I participated in a telephone conference with FracTel's counsel, Robert Horwitz, and FracTel's President, Michael Crown, concerning the filing of this motion and FracTel's anticipated motion to dismiss, which they stated would be filed on June 2, 2026.

12. During that conference, Horwitz and Crown maintained, in substance, that none of the calls at issue traversed the FracTel network.

13. During that same conference, Horwitz and Crown further maintained, in substance, that I had already been provided the names of the three reseller entities allegedly involved and that my remedy was to subpoena those resellers.

14. I explained during the conference that discovery has not yet opened in this action and that the filing of a motion to dismiss would only delay the opening of

3

discovery and my ability to obtain subpoenas and compulsory process.

15.    During that same conference, Horwitz further maintained, in substance, that my callback evidence was irrelevant because the TCPA addresses outbound telemarketing calls, not my own return calls to the numbers that had called me.

16.    Later that same day, on June 1, 2026, at approximately 4:19 p.m., and again at 4:35 p.m., I received additional calls that appeared to originate from FracTel-associated numbers and that were part of the same or substantially similar scam-apparent prerecorded campaign.

17.    I do not contend that my own return calls are themselves the TCPA violations. Rather, my callback evidence is relevant because it tends to show that the displayed caller-identification numbers were functionally connected to the same scam operation, thereby undermining the notion that the numbers were merely random spoofed numbers belonging to unrelated innocent third parties.

18.    The ongoing calls received on May 30 and June 1, 2026, together with FracTel's continued denial of network involvement, demonstrate that the harm is active, immediate, and ongoing.

19.    Unless restrained by this Court, I believe the unlawful calling campaign will continue and that relevant records concerning the reseller, downstream account, routing, traceback, and mitigation history remain within FracTel's possession,

4

custody, or control.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2026.

_____
Mark W. Dobronski