## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI,

Plaintiff,

v.

FRACTEL, LLC, NUSO, LLC, and DOE
DEFENDANTS I - X

Defendants.

Case No. 2:26-cv-10464

District Judge: Brandy R. McMillion
Magistrate Judge: Elizabeth A. Stafford

## DEFENDANT FRACTEL, LLC'S MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant FracTEL, LLC ("FracTEL"), by and through its undersigned

counsel, respectfully moves this Court to dismiss Plaintiff's First Amended Complaint

("FAC") against it, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's FAC alleges that FracTEL violated the Telephone Consumer

Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Michigan Home

Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111 *et seq.*, the Michigan Consumer

Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.*, and the Michigan Telephone

Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101 *et seq.* Each

count of the FAC should be dismissed pursuant to Rule 12(b)(6) because they are not

adequately pled and fail to state causes of action against FracTEL. FracTEL's

arguments are virtually identical to those made by NUSO, LLC in its Motion to

Dismiss (Dkt. 21). In support of this Motion, FracTEL submits the accompanying Memorandum of Law.

Pursuant to Local Rule 7.1(a), undersigned counsel certifies that on June 1, 2026, he conferred with Plaintiff, explaining the substance and nature of the relief to be sought by way of this Motion and seeking concurrence in the relief; however, Plaintiff declined concurrence.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in Support of FracTEL's Motion to Dismiss Plaintiff's FAC, FracTEL respectfully requests that the Court dismiss all counts of the FAC directed at FracTEL, with prejudice, pursuant to Rule 12(b)(6).

Dated: June 2, 2026                    Respectfully submitted,

                                       By:  /s/ *Robert M. Horwitz*
                                            /s/ Robert M. Horwitz
                                            Robert M. Horwitz (P51466)
                                            Maddin Hauser Roth & Heller PC
                                            One Towne Square, Fifth Floor
                                            Southfield, MI 48076
                                            (248) 351-7014
                                            rhorwitz@maddinhauser.com

                                            *Counsel for FracTEL, LLC*

2

4922-1105-8608, v. 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI,

               Plaintiff,

v.

FRACTEL, LLC, NUSO, LLC, and DOE
DEFENDANTS I - X

               Defendants.

Case No. 2:26-cv-10464

District Judge: Brandy R. McMillion
Magistrate Judge: Elizabeth A. Stafford

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRACTEL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

THE ALLEGATIONS OF THE AMENDED COMPLAINT AND
PROCEDURAL BACKGROUND..........................................................................2

ARGUMENT ........................................................................................................5

I.   Standard of Review ......................................................................................5

II.  Plaintiff Fails to State a Claim Under the TCPA .............................................6

     A.   Plaintiff's TCPA Claims Fail Because FracTEL is a Common Carrier
     That Did Not Initiate Any of the Alleged Calls ...................................6

          1.   Plaintiff Does Not Plausibly Allege That FracTEL Is Directly
          Liable for the Alleged Calls........................................................6

          2.   Plaintiff Fails to Plausibly Allege That FracTEL Was Highly
          Involved In or Had "Actual Notice" of the Illegal Activity and
          Failed to Stop It.........................................................................10

          3.   Plaintiff Fails to Plead Vicarious Liability ..............................13

     B.   Count VI Should be Dismissed Because 47 C.F.R. § 64.1601(e)(1)
     Does Not Have a Private Right of Action...........................................16

III. Plaintiff Fails to State Claims Under the MHSSA and MTCCCA ...................17

IV. Plaintiff Fails to State a Claim Under the MCPA ...........................................18

CONCLUSION...................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adzhikosyan v. Callfire, Inc.*,
  No. 2:19-cv-00246, 2019 WL 7856759 (C.D. Cal. Nov. 20, 2019).....................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................6

*Charvat v. EchoStar Satellite, LLC*,
  630 F.3d 459 (6th Cir. 2010) ...........................................................................6

*Clark v. Avatar Techs. PHL, Inc.*,
  No. 4:13-cv-02777, 2014 WL 309079 (S.D. Tex. Jan. 28, 2014) ...........9, 10, 14

*Cunningham v. Lifestyles Dev., LLC*,
  No. 4:19-cv-0006, 2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) .......................7

*Cunningham v. Montes*,
  378 F. Supp. 3d 741 (W.D. Wis. 2019) ...........................................................11

*Dave v. Century 21 Real Est., LLC*,
  No. 4:20-cv-00840, 2021 WL 5360944 (D.S.C. Sept. 15, 2021).........................7

*Dobronski v. Glob. Tel\*Link Corp.*,
  No. 2:25-cv-10097, Dkt. 13, PageID.64–69 (E.D. Mich. July 17, 2025) ...........7

*Dobronski v. Glob. Tel Link Corp.*,
  No. 25-1720, 2026 U.S. App. LEXIS 6097 (6th Cir. Mar. 2, 2026)....................7

*Dobronski v. Ins. Supermarket Inc.*,
  No. 2:23-cv-10149, 2025 WL 3121332 (E.D. Mich. Aug. 1, 2025)..................16

*Dobronski v. Selectquote Ins. Servs.*,
  462 F. Supp. 3d 784 (E.D. Mich. 2020) ..........................................................16

*Dobronski v. Selectquote Ins. Servs.*,
  773 F. Supp. 3d 373 (E.D. Mich. 2025) ..........................................................16

ii

*Dobronski v. SunPath Ltd.*,
No. 2:19-cv-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020) .................16

*Dobronski v. Tobias & Assocs., Inc.*,
769 F. Supp. 3d 681 (E.D. Mich. 2025) ...........................................................14

*Dobronski v. Tobias & Assocs., Inc.*,
No. 5:23-cv-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024) ................16

*Dobronski v. Total Ins. Brokers, LLC*,
No. 5:21-cv-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021)................16

*Est. of Barney v. PNC Bank, Nat'l Ass'n*,
714 F.3d 920 (6th Cir. 2013) ..............................................................................6

*Hooks v. Hooks*,
771 F.2d 935 (6th Cir. 1985) ............................................................................15

*Hurley v. Messer*,
No. 3:16-cv-09949, 2018 WL 4854082 (S.D. W. Va. Oct. 4, 2018) .................12

*Imhoff Inv. L.L.C. v. Alfoccino, Inc.*,
792 F.3d 627 (6th Cir. 2015) ..............................................................................7

*Jackson v. Caribbean Cruise Line, Inc.*,
88 F. Supp. 3d 129 (E.D.N.Y. 2015) ...................................................................7

*Johansen v. Nat'l Gas & Elec. LLC*,
No. 2:17-cv-00587, 2018 WL 3933472 (S.D. Ohio Aug. 16, 2018)....................7

*Joint Petition Filed by Dish Network*, LLC,
28 FCC Rcd. 6574 (2013).............................................................................7, 14

*Jones v. U.S. Dep't of Educ.*,
No. 2:15-cv-10171, 2017 WL 9471877 (E.D. Mich. Feb. 12, 2017)................19

*Kamppi v. Ghee*,
No. 99-3459, 2000 WL 303018 (6th Cir. 2000)..................................................6

*Kauffman v. CallFire, Inc.*,
141 F. Supp. 3d 1044 (S.D. Cal. 2015)..............................................................13

iii

*Keating v. Peterson's Nelnet, LLC*,
   615 Fed. App'x 365 (6th Cir. 2015) ............................................................13, 14

*Loper Bright Enters. v. Raimondo*,
   603 U.S. 369 (2024)..............................................................................................10

*Off. of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*,
   688 F. Supp. 3d 1230 (S.D. Fla. 2023).....................................................10, 12, 13

*Owens v. Adroit Health Grp., LLC*,
   No. 1:24-cv-00457, 2025 WL 3777898 (W.D. Mich. Mar. 4, 2025).................17

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
   No. 2:13-cv-01347, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015).............9, 12

*Rodriguez v. Due Process of Mich., Inc.*,
   No. 2:07-cv-12578, 2008 WL 4449651 (E.D. Mich. Sept. 30, 2008)..........18, 19

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
   No. 2:16-cv-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016) .................18

*Selou v. Integrity Sol. Servs. Inc.*,
   No. 4:15-cv-10927, 2016 WL 612756 (E.D. Mich. Feb. 16, 2016).................6, 7

**Statutes**

47 U.S.C. § 227 ...................................................................................................2, 6

Mich. Comp. Laws § 445.111..................................................................................17

Mich. Comp. Laws § 445.903................................................................................5, 18

Mich. Comp. Laws § 484.125................................................................................5, 17

**Other Authorities**

137 Cong. Rec. (1991) ..............................................................................................8

*Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*,
   30 FCC Rcd. 7961 (2015).....................................................................................11

S. Rep. No. 102-178, *as reprinted in* 1991 U.S.C.C.A.N. 1968 (1991).............8, 11

iv

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

- *Adzhikosyan v. Callfire, Inc.*, No. 2:19-cv-00246, 2019 WL 7856759 (C.D. Cal. Nov. 20, 2019)

- *Clark v. Avatar Techs. PHL, Inc.*, No. 4:13-cv-02777, 2014 WL 309079 (S.D. Tex. Jan. 28, 2014)

- *Dobronski v. Glob. Tel\*Link Corp.*, No. 2:25-cv-10097, Dkt. 13, PageID.64–69 (E.D. Mich. July 17, 2025)

- *Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097 (6th Cir. Mar. 2, 2026)

- *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784 (E.D. Mich. 2020)

- *Dobronski v. Tobias & Assocs., Inc.*, No. 5:23-cv-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024)

- *Kauffman v. CallFire, Inc.*, 141 F. Supp. 3d 1044 (S.D. Cal. 2015)

- *Off. of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*, 688 F. Supp. 3d 1230 (S.D. Fla. 2023)

- *Owens v. Adroit Health Grp., LLC*, No. 1:24-cv-00457, 2025 WL 3777898 (W.D. Mich. Mar. 4, 2025)

- *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. 2:13-cv-01347, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015)

- *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 2:16-cv-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016)

- *Selou v. Integrity Sol. Servs. Inc.*, No. 4:15-cv-10927, 2016 WL 612756 (E.D. Mich. Feb. 16, 2016)

**Statutes**

- 47 U.S.C. § 227
- Mich. Comp. Laws § 445.903
- Mich. Comp. Laws § 445.111
- Mich. Comp. Laws § 484.125

**Other Authorities**

- *Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961 (2015)

4922-1105-8608, v. 1

## **ISSUES PRESENTED**

**Issue No. 1:**

Whether Plaintiff has failed to state a claim under the Telephone Consumer

Protection Act against FracTEL?

Plaintiff says: No

FracTEL says: YES

How this Court should Rule: Yes

**Issue No. 2:**

Whether Plaintiff has failed to state a claim under the Michigan Home

Solicitation Sales Act against FracTEL?

Plaintiff says: No

FracTEL says: YES

How this Court should Rule: Yes

**Issue No. 3:**

Whether Plaintiff has failed to state a claim under the Michigan Consumer

Protection Act against FracTEL?

Plaintiff says: No

FracTEL says: YES

How this Court should Rule: Yes

4922-1105-8608, v. 1

**Issue No. 4:**

Whether Plaintiff has failed to state a claim under the Michigan Telephone

Companies as Common Carriers Act against FracTEL?

Plaintiff says: No

FracTEL says: YES

How this Court should Rule: Yes

4922-1105-8608, v. 1

FracTEL submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff Mark W. Dobronski's ("Plaintiff") First Amended Complaint (Dkt. 19, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

FracTEL is a telecommunications provider—not a caller—and the FAC does not allege otherwise. Plaintiff claims he received calls delivering various prerecording messages from credit-card debt relief programs and seeks to impose liability on FracTEL solely because they allegedly passed through FracTEL's telecommunications network in transit.

Plaintiff concedes that unknown third parties initiated the calls and that FracTEL acted only as, at most, a telecommunications service provider. He alleges no facts suggesting that FracTEL created, deployed, or initiated the prerecorded messages; selected recipients; controlled timing; operated any dialing equipment; or had any contractual or business relationship with any entity that initiated the calls. In short, the FAC pleads no conduct by FracTEL that could give rise to liability under the TCPA or any state-law analog. The only alleged involvement is that calls traversed FracTEL's network—an allegation courts uniformly hold insufficient as a matter of law.

Plaintiff nonetheless seeks to hold FracTEL liable for calls allegedly initiated by four separate and unknown entities under the Telephone Consumer Protection Act

1

of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111 *et seq.*, the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.*, and the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101 *et seq.* Plaintiff's efforts stretch the TCPA and Michigan law well beyond Congress's intent or judicial precedent. Plaintiff's claims against FracTEL fail for multiple reasons and should be dismissed, with prejudice.

## THE ALLEGATIONS OF THE AMENDED COMPLAINT AND PROCEDURAL BACKGROUND[1]

Plaintiff alleges that between January 16, 2026 and May 8, 2026, he received at least 189 prerecorded calls delivering one of several messages promoting a purported credit-card debt-relief program. (FAC, PageID.105–06, 114 ¶¶ 1, 44.) Plaintiff alleges that the calls delivered various, repeated messages from several unknown entities: "Ava from Consumer Transparency Group" ("CTG") (*id.*, ¶ 52), "Melissa from American Consumer Rights" ("ACR") (*id.*, ¶ 54), "Melissa from National Loan Review Center" ("NLRC") (*id.* ¶ 55), "Lisa from Loan Adjustment Center" (*id.*, ¶ 55), "Rachel from Loan Support Office" (*id.*), "Kim from Credit Monitoring" ("CM") (*id.,* ¶ 56), "Maya from Account Services (*id.,* ¶ 57), and "Olivia from Account Services" (*id.,* ¶ 59). Of those 189 calls, Plaintiff attributes

---

[1] The allegations of the FAC are as accepted as true only for purposes of this Motion.

4922-1105-8608, v. 1

145 to FracTEL and 44 to co-defendant NUSO, LLC, which has no connection to FracTEL.[2]  (*Id., ¶¶* 3-4 and 16–17.)

He further alleges that FracTEL is "a voice service provider" or "SIP/VoIP carrier," but concedes that FracTEL did not make any of the calls.  (*Id.* at 5, ¶ 16.) Instead, Plaintiff seeks to hold FracTEL liable solely for providing "telecommunications services[,] including origination, routing, interconnection, and/or intermediate transit" for the 145 of the 189 calls.  (*Id.* at 21, ¶ 78.)  Plaintiff alleges no facts suggesting that FracTEL created, scripted, or deployed the prerecorded messages; selected call recipients; controlled call timing; compiled any call list; operated any dialing equipment; or had any contractual or business relationship with any entity that initiated the calls.  The only alleged involvement is that certain calls passed through FracTEL's network.  (*See id.* at 11–15, ¶ 49.)

Plaintiff's so-called "contemporaneous[ly kept] call records" reflect that each call displayed Caller ID information and occurred within a 112-day window between January 16, 2026 and May 8, 2026.  (*See id.*)  Plaintiff does not allege how he determined that FracTEL was a telephone communications carrier with respect to any particular call.  Despite alleging calls from various groups, including CTG, ACR, NLRC, and CM, Plaintiff asserts conclusory allegations with respect to CTG only: the calls could not have been "spoofed" because he returned some of the

---

[2] Plaintiff alleges no facts connecting FracTEL to NUSO.

displayed Caller-ID numbers for CTG calls and reached the same CTG recording. (*Id.* at 9, ¶¶ 39–40.)

While he concedes that FracTEL did not initiate the calls, Plaintiff claims FracTEL had "notice" of unlawful calls based on: (1) Plaintiff's own call-specific complaints and audio recordings for the calls that allegedly traversed FracTEL's network (*id.* at 6, 21–22, ¶¶ 25-26, 80); (2) Plaintiff's submission—alleged to be at FracTEL's direction—of reports to the Federal Communications Commission ("FCC") (*id.* at 7, ¶ 29); (3) an unrelated anti-robocalling task-force letter referencing numerous carriers, including NUSO (*id.* at 8, ¶ 35); (4) certain "[p]ublic consumer-protection sources" identifying CTG as a scam (*id.* at 7, ¶ 32.); (5) consumer complaints on Better Business Bureau webpages (*id.* at 19, ¶ 71); and (6) the instant lawsuit (*id.* at 19, ¶¶ 68–69). Plaintiff asserts that FracTEL continued to "carry and profit from the traffic after actual notice" rather than suspend, block, mitigate, or trace the calls. (*Id.* at ¶ 82.)

On February 9, 2026, Plaintiff filed a Complaint asserting claims against FracTEL, NUSO, CTG, and Doe Defendants I - 10, based on allegations substantially similar to those set forth in the FAC. (Dkt. 1, PageID.1.) On March 27, 2026, Plaintiff voluntarily dismissed FracTEL from the lawsuit without prejudice (Dkt. 13, PageID.54–55). On April 23, 2026, NUSO moved to dismiss Plaintiff's Complaint for failure to state a claim under the TCPA, MHSSA, MTCCCA, and

MCPA. (Dkt. 15, PageID.58–87.) In response, Plaintiff amended his complaint by way of the FAC on May 8, 2026, adding FracTEL back in as a defendant and expanding the scope of the calls he puts to issue. (FAC, PageID.115–19, ¶ 49.) Although Plaintiff also adds allegations regarding the entities initiating the prerecorded calls (previously just Ava from CTG), he does not explain how, if at all, the entities that allegedly placed calls on FracTEL's network are connected or related to each other. (*Id.*, PageID.120–21, ¶¶ 49, 52–59.)

Nonetheless, the FAC alleges the same nine counts for relief as Plaintiff originally sought in his first Complaint: violation of 47 C.F.R. 64.1200(a)(1)(iii) (Count I); violation of 47 C.F.R. 64.1200(a)(2) (Count II); violation of 47 C.F.R. 64.1200(a)(3) (Count III); violation of 47 C.F.R. § 64.1200(c)(2) (Count IV); violation of 47 C.F.R. § 64.1200(d)(4) (Count V); violation of 47 C.F.R. § 64.1601(e) (Count VI); violation of the MHSSA, M.C.L. 445.111a(5) and M.C.L. 445.111b(1) (Count VII); violation of the MCPA, M.C.L. § 445.903(1) (Count VIII); and violation of the MTCCCA, M.C.L. § 484.125(2)(a) (Count IX). (*Id.* at 26–34, ¶¶ 94–148.)

## ARGUMENT

### I.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

5

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Court must credit well-pleaded factual allegations, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Est. of Barney v. PNC Bank, Nat'l Ass'n,* 714 F.3d 920, 924 (6th Cir. 2013) (quoting *In re Harchar*, 694 F.3d 639, 644 (6th Cir. 2012)); *see also Kamppi v. Ghee*, No. 99-3459, 2000 WL 303018, at \*1 (6th Cir. 2000) ("[T]he less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.").

## II.    Plaintiff Fails to State a Claim Under the TCPA

### A.    Plaintiff's TCPA Claims Fail Because FracTEL is a Common Carrier That Did Not Initiate Any of the Alleged Calls

#### 1.    Plaintiff Does Not Plausibly Allege That FracTEL Is Directly Liable for the Alleged Calls

The TCPA—and the FCC's regulations implementing it—govern telemarketing and calling practices, including the use of automatic telephone dialing systems and prerecorded or artificial voice messages to place calls.  *See* 47 U.S.C. § 227.  Generally, the statute focuses on the individual or entity who "makes" or "initiates" the call or on whose behalf the call is made.  *See Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465 (6th Cir. 2010); *Selou v. Integrity Sol. Servs. Inc.,*

6

No. 4:15-cv-10927, 2016 WL 612756, at *3 (E.D. Mich. Feb. 16, 2016); *Dave v. Century 21 Real Est., LLC*, No. 4:20-cv-00840, 2021 WL 5360944, at *4 (D.S.C. Sept. 15, 2021); *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-cv-0006, 2019 WL 4282039, at *3 (E.D. Tex. Aug. 8, 2019) (citing *Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013)); *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-00587, 2018 WL 3933472, at *4 (S.D. Ohio Aug. 16, 2018); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015); *Dish Network*, 28 FCC Rcd. at 6582 ¶ 24 ("[A] seller is not directly liable for a violation of the TCPA unless it initiates a call").

The Sixth Circuit, affirming the Rule 12(b)(6) dismissal of another TCPA lawsuit brought by this Plaintiff against a carrier, recently acknowledged that "liability under the TCPA generally does not attach to a common carrier like [the defendant in that case]." *Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097, at *4 (6th Cir. March 2, 2026) (citing *Imhoff Inv. L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634–35 (6th Cir. 2015) *see also Dobronski v. Glob. Tel*Link Corp.*, No. 2:25-cv-10097, Dkt. 13, PageID.67 (E.D. Mich. July 17, 2025) (**Ex. A**) ("Unsurprisingly then, third-party common carriers who merely facilitate calls initiated or made by others are generally not liable under the TCPA."); *Selou*, 2016 WL 612756, at *3 ("Congress intended the statute to 'apply to the persons *initiating* the telephone call or sending the message and . . . not the common carrier

7

or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message.'" (emphasis added) (quoting S. Rep. No. 102-178, at 9 (1991), *as reprinted in* 1991 U.S.C.C.A.N. 1968, 1977).

The legislative history of the TCPA supports that Congress did not intend to impose direct liability upon entities like FracTEL: "[t]he regulations concerning the use of these machines apply to the persons initiating the telephone call or sending the message and do not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message." S. Rep. No. 102-178, at 9; *see also* 137 Cong. Rec. at S18785 (1991) (statement of Sen. Hollings) ("It is not our intention that a carrier should be held liable for transmitting over the carrier's network any call or message in violation of this legislation made by an entity other than the carrier . . . . [C]arriers should not be responsible for the content delivered over their networks.").

Courts routinely dismiss TCPA claims against common carriers on this basis, including within this District. For example, in *Global Tel\*Link Corp.*, Judge Murphy held that Plaintiff did not plausibly allege that that the carrier-defendant, Global Tel\*Link, initiated the phone calls at issue:

> Dobronski alleged that Global Tel\*Link "initiated a call to Plaintiff's residential telephone number." . . . But he did not do so plausibly . . . . Dobronski's allegation that Global Tel\*Link initiated the phone call is essentially a legal conclusion. *See Iqbal*, 556 U.S. at 663–64. What is more, Dobronski admitted that during each of the four calls, it

8

> was an inmate who "was calling" and the recording played a snippet from that inmate.  ECF No. 1, PageID 11–13. Even taking inferences in Dobronski's favor, he plausibly alleged only that inmate Daniel Rummelt initiated the calls.  *Selou*, 2016 WL 612756, at *3–4; *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 982 (D. Minn. 2015); *see also Twombly*, 550 U.S. at 554 (dismissing a claim where the pleadings presented an obvious alternative explanation).

*See* **Exhibit A** (*Global Tel\*Link Corp.*, No. 2:25-cv-10097, PageID.68).  Similarly, in *Selou*, the Court granted a defendant's motion to dismiss the plaintiff's second amended complaint, with prejudice, holding that the defendant was alleged to be technology provider and not "the maker or initial of the calls under the TCPA."  2016 WL 612756, at *5; *see also Clark v. Avatar Techs. PHL, Inc.*, No. 4:13-cv-02777, 2014 WL 309079, at *3 (S.D. Tex. Jan. 28, 2014) (granting motion to dismiss on grounds that the TCPA does not impose liability on a carrier whose systems were used to make an unlawful call); *Adzhikosyan v. Callfire, Inc.*, No. 2:19-cv-00246, 2019 WL 7856759, *3–4 (C.D. Cal. Nov. 20, 2019) (same); *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. 2:13-cv-01347, 2015 WL 778065, *9 (W.D. Wash. Feb. 24, 2015) (same).

FracTEL is precisely the type of carrier the TCPA exempts—it does not originate or control the content of any call or message.  Plaintiff does not plausibly allege that FracTEL "initiated" the calls about which he complains and even acknowledges that other entities used FracTEL's platform to make the alleged phone

9

calls at issue.  (*See e.g.*, FAC, PageID.109, ¶ 16.)  And none of Plaintiff's thin allegations directed at FracTEL support that it had any control over the timing, content, or method of making the calls.

Plaintiff's TCPA claims against FracTEL should be dismissed, with prejudice.

### 2. Plaintiff Fails to Plausibly Allege That FracTEL Was Highly Involved In or Had "Actual Notice" of the Illegal Activity and Failed to Stop It

The FCC has historically suggested that a common carrier could be liable in narrow circumstances—namely, where the carrier had a "high degree of involvement" in the offending calls or had actual notice of unlawful use and failed to take steps to prevent it.  *See Off. of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*, 688 F. Supp. 3d 1230, 1236–37 (S.D. Fla. 2023) (quoting *Rules & Reguls. Implementing the Tele. Consumer Prot. Act of 1991*, Report and Order, 7 FCC Rcd. 8752, 8780 ¶ 54 (1992)).  But after the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), that FCC gloss is on uncertain footing: there is no statutory basis in the TCPA for imposing liability on a carrier that merely transmits calls.  *See Clark*, 2014 WL 309079, at *3 ("[I]t was made clear that the statute and the regulations . . . 'do not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message.'" (quoting S. Rep. No. 102-178, at 9).

10

Even under the FCC's now-questionable framework, however, Plaintiff does not plausibly allege that FracTEL had a "high degree of involvement" in, or "actual notice" of, any unlawful use with respect to the calls at issue.  As courts have recognized, even under this questionable framework, to state a claim against a service provider, a plaintiff must "show more than [the] normal operation" of a neutral telecommunications service. *Cunningham v. Montes*, 378 F. Supp. 3d 741, 749 (W.D. Wis. 2019).

Plaintiff does not allege that FracTEL was highly involved in the calls about which he complains.  Plaintiff makes no claim that FracTEL "decid[ed] whether, when, or [] whom" to call. *Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7981 ¶ 32 (2015) [hereinafter TCPA Order]. Instead, Plaintiff seemingly argues that FracTEL should be held liable because it *could have* "suspend[ed], block[ed], mitigate[ed], trac[ed] back, or otherwise interven[ed]" with the unlawful calling campaign.  (FAC, PageID.126, ¶ 82.)  These allegations fail to establish the requisite involvement and/or control required to hold FracTEL liable under the TCPA.

Similarly, Plaintiff's allegations of "actual notice" fall short of establishing that FracTEL "*willfully* enable[d]" or "*knowingly* allowed" the unlawful calling campaign, such that this Court could deem FracTEL the initiator of the calls. *See* TCPA Order, ¶ 30 (emphasis added).  Indeed, Plaintiff's purported complaints to

4922-1105-8608, v. 1

FracTEL and the FCC regarding the calls that allegedly traversed FracTEL's network over the course of a few months is simply not enough to conclude that FracTEL "assist[ed], facilitate[ed], and ratif[ied] the unlawful calls." (FAC, PageID.126, ¶ 83.); *compare Smartbiz Telecom*, 688 F. Supp. 3d at 1237 (finding actual notice where provider "was notified approximately 250 times" by the Industry Traceback Group, a neutral consortium appointed by the FCC, but took no action to stop the robocall scheme); *see also Hurley v. Messer*, No. 3:16-cv-09949, 2018 WL 4854082, at *4 (S.D. W. Va. Oct. 4, 2018) (finding providers had "direct knowledge of and the right of control over the illegal conduct" and used "their own assigned telephone numbers" to make illegal calls).

The remaining purported sources of FracTEL's "notice" are even less persuasive. Plaintiff does not allege that the FCC (or an agent thereof) notified FracTEL directly regarding the purported calling campaign. References to "consumer complaints appearing on Better Business Bureau webpages" are vague and overly broad, and allegations of "independent, publicly available warnings and complaints" regarding CTG, specifically, are unrelated to FracTEL, and therefore fail to establish notice of any sort. (*Id.* at 7–8, 19, ¶¶ 32–34, 36, 71); *Rinky Dink, Inc.*, 2015 WL 778065, at *7 (finding on summary judgment that defendant's general awareness of potentially non-TCPA compliant uses of defendant's technology by a third-party is insufficient to establish actual notice). Nor is the instant lawsuit itself

12

sufficient to establish notice.  (FAC, PageID.123, ¶ 69); *see Kauffman v. CallFire, Inc.*, 141 F. Supp. 3d 1044, 1048–49 (S.D. Cal. 2015) (rejecting plaintiff's argument at summary judgment that the carrier had actual notice because it continued to transmit messages after being served with the complaint).  At bottom, Plaintiff fails to establish that FracTEL had the requisite "high degree of involvement or actual notice of an illegal use" such that it would be liable under the TCPA.  *Smartbiz Telecom*, 688 F. Supp. 3d at 1236.

Because Plaintiff has not plausibly alleged that FracTEL violated the TCPA or the regulations promulgated by the FCC, the FAC's TCPA claims in Counts I–VI should be dismissed, with prejudice.

### 3.    Plaintiff Fails to Plead Vicarious Liability

Plaintiff also seeks to hold FracTEL vicariously liable for the unknown entities' and NUSO's alleged conduct.  Courts in the Sixth Circuit analyze vicarious liability claims under the TCPA using federal common law agency principles. *Imhoff Inv. L.L.C.*, 792 F.3d at 635.  "The classical definition of 'agency' contemplates 'the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control."  *Keating v. Peterson's Nelnet, LLC*, 615 Fed. App'x 365, 372 (6th Cir. 2015) (quoting *Dish Network*, 28 FCC Rcd. at 6586 ¶ 34).  Typically, this requires the court "to determine if

13

Defendants delegated actual or apparent authority to place [the] calls, or if Defendants ratified the act through acceptance of benefits." *Dobronski v. Tobias & Assocs., Inc.*, 769 F. Supp. 3d 681, 698 (E.D. Mich. 2025).

As explained in Section II.A.2., *supra*, the FAC fails to allege plausible facts that FracTEL "willfully enabled" or "knowingly allowed" CTG, ACR, NLRC, CM, or any other person or entity, to use its network for unlawful purposes. Plaintiff's allegations that FracTEL is liable under the traditional agency principles of actual authority, apparent authority, or ratification are conclusory and baseless. (FAC, PageID.128–29, ¶ 89.) Plaintiff alleges no facts that show CTG, ACR, NLRC, CM, or any other person or entity, was under FracTEL's control and acted at the direction and for the benefit of FracTEL—elements required for either actual or apparent authority. *See Tobias & Assocs., Inc.*, 769 F. Supp. 3d at 698. Likewise, Plaintiff provides no factual support for his conclusory and speculative claim that FracTEL "accept[ed] [] the benefits of the calling campaign" thereby ratifying the allegedly unlawful conduct. (FAC, PageID.128–29, ¶ 89.)

Plaintiff also purports to invoke civil conspiracy as a theory of vicarious liability. (*Id.* at 24–25, ¶¶ 87–89.) As an initial matter, the "plain language of the statute does not specifically allow for such secondary liability." *Clark*, 2014 WL 309079, at *3 (internal quotations omitted) (rejecting plaintiff's attempt to impose liability on a carrier who "did not make any call, based on a conspiracy allegation").

14

Yet even if it did, Plaintiff fails to establish the core elements of a civil conspiracy: "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). As described above, Plaintiff's claims regarding the allegedly violative calls, and Plaintiff's purported "contemporaneous" notice thereof to FracTEL (FAC, PageID.125–26, ¶ 80), fall woefully short of establishing any sort of plan or implied agreement between FracTEL and CTG, ACR, NLRC, or CM to violate the TCPA— let alone a shared "conspiratorial objective" or "overt act" in furtherance of the alleged calls. *Hooks*, 771 F.2d at 944.

Finally, Plaintiff pleads no facts supporting that FracTEL could be vicariously liable for the alleged conduct of NUSO. As alleged in the FAC, NUSO is a different carrier with a distinct network in which separate calls are claimed to have been initiated on and traversed in violation of the TCPA. (FAC, PageID.115–19, ¶ 49.) The FAC is devoid of any allegation that could plausibly serve as the basis for attributing NUSO's conduct to FracTEL. Absent such detail, Plaintiff cannot succeed under any theory of vicarious liability.

In sum, Counts I through VI should be dismissed, with prejudice, because Plaintiff alleges no plausible claim against FracTEL under the TCPA.

15

**B.      Count VI Should be Dismissed Because 47 C.F.R. § 64.1601(e)(1) Does Not Have a Private Right of Action**

Count VI is subject to dismissal for an additional reason.  In Count VI, Plaintiff alleges that FracTEL violated an implementing regulation of the TCPA, 47 C.F.R. § 64.1601(e), which requires "any person or entity that engages in telemarketing" to "transmit caller identification information."  Although some courts have recently recognized a private right of action under this implementing regulation (*see, e.g.*, *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 380 (E.D. Mich. 2025) (extending Section 227(c)(5)'s private right of action to violations of Section 64.1601(e)); *Dobronski v. Ins. Supermarket Inc.,* No. 2:23-cv-10149, 2025 WL 3121332, at *14 (E.D. Mich. Aug. 1, 2025) (same)), numerous other courts in this District have correctly held that there is no private right of action under this implementing regulation.  *See, e.g.*, *Dobronski v. Tobias & Assocs., Inc.*, No. 5:23-cv-10331, 2024 WL 1174553, at *4–5 (E.D. Mich. Mar. 18, 2024); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020); *Dobronski v. Total Ins. Brokers, LLC*, No. 5:21-cv-10035, 2021 WL 4452218, at *3 (E.D. Mich. Sept. 29, 2021); *Dobronski v. SunPath Ltd.*, No. 2:19-cv-13094, 2020 WL 8840311, at *6–7 (E.D. Mich. July 27, 2020).  This Court should similarly find that 47 C.F.R. § 64.1601(e)(1) does not maintain a private right of action and dismiss Count VI of the FAC accordingly.

16

### III.   Plaintiff Fails to State Claims Under the MHSSA and MTCCCA

Counts VII and IX assert that the alleged calls violated the MHSSA and the MTCCCA, Michigan's analog telemarketing laws.  (FAC, PageID.136–38, ¶¶ 132–38, 142–48.)

The MHSSA places certain restrictions on a "telephone solicitor" when "mak[ing] . . . a telephone solicitation to a 'residential telephone subscriber[.]'" *Owens v. Adroit Health Grp., LLC*, No. 1:24-cv-00457, 2025 WL 3777898, at *7 (W.D. Mich. Mar. 4, 2025) (citing Mich. Comp. Laws § 445.111a(5)).  "Telephone solicitor" is defined as "any person doing business in this state who makes or causes to be made a telephone solicitation[.]"  Mich. Comp. Laws § 445.111(n).  Similarly, the MTCCCA prohibits "[a] caller" from "us[ing] a telephone line to contact a [telephone] subscriber" barring certain qualifications.  *Id.* § 484.125(2).  "Caller" is defined as "an individual, corporation, firm, partnership, association, or legal or commercial entity *who attempts to contact or who contacts* a subscriber in this state via telephone or by using a telephone line."  *Id.* § 484.125(1)(a) (emphasis added).

Here, Plaintiff's MHSSA and MTCCCA claims fail for the same reasons that doom his TCPA claims—FracTEL did not make, or attempt to make, the calls at issue.  FracTEL is alleged to be a carrier of a network on which calls can be made by others (FAC, PageID.108, ¶ 16), and FracTEL had no authority over what calls are made, the content of the calls, the equipment used to dial the numbers, or when

17

those calls are made.  (*See supra,* Section II.A.1.)  Nor are there any facts that plausibly suggest FracTEL had any involvement in the calls for purposes of the MHSSA or MTCCCA.  As such, Plaintiff fails to allege the statutory elements required under the MHSSA or the MTCCCA and Counts VII and IX should be dismissed with prejudice.

## IV.    Plaintiff Fails to State a Claim Under the MCPA

Plaintiff's MCPA claim in Count VIII is also fatally flawed.  The MCPA "prohibits 38 methods of conducting trade or commerce."  *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 2:16-cv-12645, 2016 WL 9775018, at \*3 (E.D. Mich. Oct. 21, 2016); *see* Mich. Comp. Law § 445.903.  Plaintiff alleges that FracTEL violated the MCPA by "engag[ing] in unfair, unconscionable, and deceptive practices in trade or commerce, including using a vague or fictitious identity . . . omitting meaningful seller contact information, omitting opt-out capability, employing identity-masking via number rotation and generic caller identification, and soliciting highly sensitive consumer information . . . through an AI voice system without meaningful disclosures."  (FAC, PageID.137, ¶ 140.)  Yet, "even a cursory review of the 38 enumerated prohibited activities in that section show that none are applicable" to the alleged calls.  *Rodriguez v. Due Process of Mich., Inc.*, No. 2:07-cv-12578, 2008 WL 4449651, at \*10 (E.D. Mich. Sept. 30, 2008); *see Jones v. U.S. Dep't of Educ.*, No. 2:15-cv-10171, 2017 WL 9471877, at \*11 (E.D. Mich. Feb. 12,

18

2017), *R. & R. adopted*, 2017 WL 875297 (E.D. Mich. Mar. 6, 2017) ("[T]he MCPA contains multiple subsections pertaining to specific, prohibited conduct . . . Plaintiff fails to identify any applicable MCPA statutory subsections under which she brings such a claim."). Because Plaintiff fails to allege conduct that falls under any of the statute's enumerated unlawful practices, Plaintiff's MCPA claim fails as a matter of law and Count VIII must be dismissed.

## CONCLUSION

For the foregoing reasons, FracTEL, LLC respectfully requests that this Court enter an Order granting its Motion to Dismiss and dismissing Plaintiff's First Amended Complaint in its entirety as against FracTEL, with prejudice.

Dated: June 2, 2026

Respectfully submitted,

By: /s/ *Robert M. Horwitz*

Robert M. Horwitz (P51466)
Maddin Hauser Roth & Heller PC
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 351-7014
rhorwitz@maddinhauser.com

*Counsel for FracTEL, LLC*

19

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 2, 2026, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system, which will send a notice of

electronic filing to all parties. I also caused a copy of the foregoing to be served by

mail and email on the following pro se plaintiff:

Mark W. Dobronski
PO Box 99
Dexter, MI 48130
(734) 641-2300
markdobronski@yahoo.com

By: */s/ Catherine Werenicz*
    Catherine Werenicz

4922-1105-8608, v. 1

# Exhibit A

# Exhibit A

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

            Plaintiff,

v.

GLOBAL TEL*LINK CORPORTION,

            Defendant.

Case No. 2:25-cv-10097

HONORABLE STEPHEN J. MURPHY, III

                                /

## OPINION AND ORDER GRANTING MOTION TO DISMISS [10]

Mark Dobronski sued Global Tel*Link Corporation for alleged violations of the Telephone Consumer Protection Act (TCPA). ECF No. 1. But Global Tel*Link is a common carrier and did not "initiate" the calls that he identified. Thus, the Court will grant Global Tel*Link's motion to dismiss, ECF No. 10.[1]

## BACKGROUND

Global Tel*Link provides calling services for incarcerated individuals. ECF No. 1, PageID.9–10. An inmate used Global Tel*Link's services to place a call to a phone number registered to Dobronski. *See id.* at PageID.11. When Dobronski answered, a recorded message stated that an inmate was calling and played a snippet of the inmate's voice identifying himself as Daniel Rummelt. *Id.* The recording stated

---

[1] Based on the parties' briefing, the issues are clear. Accordingly, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2); Practice Guidelines for Judge Stephen J. Murphy, III.

1

that Dobronski could dial 6 to block future calls and that it was a "one minute free" call. *Id.* Plaintiff dialed 6 and hung up. *Id.*

Later the same day, the same inmate again used Global Tel\*Link to call Dobronski, the call stated that the inmate was calling, included another snippet, included information about paying for the call, and included an option to dial 6 to block future calls. Dobronski again dialed 6 and hung up. *Id.* at PageID.11–12. Later that day, Dobronski received a third call that went to voicemail. The voicemail included the same message and another voice snippet. *Id.* at PageID.12.

The next afternoon, Dobronski received another call and answered. *Id.* at PageID.12–13. He heard the same message and another snippet from the same inmate. *Id.* at PageID.13. Again, the recording included instructions about payment and included an option to dial 6 to block future calls. *Id.* Dobronski pressed 6 for a third time and hung up. *Id.*

Dobronski sued Global Tel\*Link and alleged violations of 47 C.F.R. § 64.1200(a)(1)(iii) and 64.1200(a)(9)(ii)(F). *Id.* at PageID.13–14. Global Tel\*Link moved to dismiss the complaint under Rule 12(b)(6), and did not seek concurrence from Dobronski before doing so.[2] ECF No. 10.

---

[2] Dobronski complained that Global Tel\*Link did not comply with Local Rule 7.1. ECF No. 11, PageID.50–51. Global Tel\*Link responded that Local Rule 7.1 applies only to discovery motions. ECF No. 12, PageID.58. Not so. Local Rule 7.1 informs parties that they must comply with Federal Rule of Civil Procedure 37(a)(1) on discovery-related motions. But it goes on to outline a conference requirement for all motions. Nevertheless, the Court often waives the rule "when it is obvious," as it is here, "that the opposing party would not have concurred in the requested relief." *In re Kulek*, No. 18-cv-11509, 2019 WL 168540, at \*4 (E.D. Mich. Jan. 11, 2019) (collecting cases).

**LEGAL STANDARD**

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

3

## DISCUSSION

The TCPA and its associated regulations govern, among other things, telemarketing practices, automatic telephone dialing systems, and prerecorded or artificial voice messages. *See* 47 U.S.C. § 227. Generally, the statute focuses on the individual or entity who "makes" or "initiates" the call or on whose behalf the call is made. *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465 (6th Cir. 2010); *Selou v. Integrity Sol. Servs. Inc.*, No. 15-cv-10927, 2016 WL 612756, at *3 (E.D. Mich. Feb. 16, 2016); *Dave v. Century 21 Real Est., LLC*, No. 4:20-cv-00840, 2021 WL 5360944 (D.S.C. Sept. 15, 2021); *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2018 WL 3933472, at *4 (S.D. Ohio Aug. 16, 2018); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015)). Unsurprisingly then, third-party common carriers who merely facilitate calls initiated or made by others are generally not liable under the TCPA.[3]

Global Tel*Link moved to dismiss Dobronski's complaint because Global Tel*Link provides only the service by which *others* make phone calls. In that sense, Global Tel*Link argued that it is a common carrier exempt from liability under the TCPA and its regulations. ECF No. 10, PageID.39.

---

[3] The FCC advised that a common carrier may be liable for calls only if it had a high degree of involvement in, or actual notice of, an illegal use and fails to take steps to prevent such transmissions. *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 635 (6th Cir. 2015); *Rinky Dink, Inc. v. Elec. Merchant Sys.*, No. C13-1347, 2015 WL 778065, at *4 (W.D. Wash. Feb. 24, 2015) (quoting *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 7 FCC Rcd. 8752, 8779–80 (1992)); *see also Selou*, 2016 WL 612756, at *6 n.6.

Dobronski alleged that Global Tel*Link "initiated a call to Plaintiff's residential telephone number." ECF No. 1, PageID.11–12. But he did not do so plausibly. 47 C.F.R. § 64.1200(a)(1)(iii) states that "[n]o person or entity may . . . initiate any telephone call . . . using an automatic telephone dialing system or artificial or prerecorded voice . . . [t]o any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." Dobronski's allegation that Global Tel*Link initiated the phone call is essentially a legal conclusion. *See Iqbal*, 556 U.S. at 663–64. What is more, Dobronski admitted that during each of the four calls, it was an inmate who "was calling" and the recording played a snippet from that inmate. ECF No. 1, PageID.11–13. Even taking inferences in Dobronski's favor, he plausibly alleged only that inmate Daniel Rummelt initiated the calls. *Selou*, 2016 WL 612756, at *3–4; *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 982 (D. Minn. 2015); *see also Twombly*, 550 U.S. at 554 (dismissing a claim where the pleadings presented an obvious alternative explanation).

Dobronski's contrary argument relying on *Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 503 (D.R.I. 2020), is unavailing. First, he alleged no facts from which the Court may reasonably infer that Global Tel*Link "is highly involved in the illegal use of its services, or [that] it has actual notice of such use but fails to prevent it." *Id.* at 503. Moreover, in *Laccinole* it was unclear whether the defendant was a common carrier. *Id.* Here, presumably to set the scene, Dobronski alleged that Global Tel*Link

"is engaged in the business of providing inmate calling service" and has "delivered 4.1 billion call minutes to incarcerated individuals and their families." ECF No. 1, PageID.9–10. Dobronski's own allegations show that Global Tel*Link connects calls; it does not initiate them.

Next, although 47 C.F.R. § 64.1200(a)(9) expressly applies to inmate collect call service providers, Dobronski did not allege that any of the calls were "made by an inmate collect call service provider following an unsuccessful collect call to establish a billing arrangement with the called party to enable future collect calls." Those facts are an antecedent to the obligation to honor opt-outs under § 64.1200(a)(9)(ii)(F), upon which Dobronski based his claim.

In short, Dobronski failed to plausibly allege facts that would entitle him to any relief. The Court will therefore grant the motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Global Tel*Link's Motion to Dismiss [10] is **GRANTED**. Plaintiff Dobronski's Complaint [1] is **DISMISSED WITH PREJUDICE.**

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 17, 2025

6

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2025, by electronic and/or ordinary mail.

s/ R. Loury           

Case Manager
