# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI,

                Plaintiff,

v.

FRACTEL, LLC, NUSO, LLC, and DOE
DEFENDANTS I - X

                Defendants.

Case No. 2:26-cv-10464

District Judge Brandy R. McMillion
Magistrate Judge Elizabeth A. Stafford

Electronically Submitted

## **DEFENDANT NUSO, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................1

I.      Plaintiff Fails to Establish that NUSO Violated the TCPA..............................1

        A.    Plaintiff Cannot Cure His Failure to Plead "Actual Notice" ................2

        B.    Plaintiff Still Fails to Plead Vicarious Liability ...................................5

II.     Plaintiff's MHSSA and MTCCCA Claims Still Fail as a Matter of Law .......6

III.    Plaintiff's MCPA Claim Still Fails as a Matter of Law .................................6

IV.    The FAC Should Be Dismissed With Prejudice .............................................7

CONCLUSION.....................................................................................................7

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Blaylock v. Carl*,
  2023 WL 12096167 (E.D. Mich. June 22, 2023) .................................................7

*Kauffman v. CallFire, Inc.*,
  141 F. Supp. 3d 1044 (S.D. Cal. 2015)...............................................................3

*McLaughlin Chiro. Assocs., Inc. v. McKesson Corp.*,
  606 U.S. 146 (2025)..............................................................................................2

*Miller v. Gen. Motors, LLC*,
  773 F. Supp. 3d 461 (E.D. Mich. 2025) ..........................................................4, 7

*Seman v. Nat'l City Home Equity*,
  2010 WL 4608785 (E.D. Mich. Nov. 5, 2010)....................................................3

**Other Authorities**

*Rules & Reguls. Implementing the Tele. Consumer Prot. Act of 1991*,
  30 FCC Rcd. 7961 ..............................................................................................10

## INTRODUCTION

Plaintiff's Opposition[1] ("Opposition" or "Opp.") fails to cure the core defects identified in NUSO's Motion. *First*, Plaintiff concedes that NUSO cannot be held directly liable under the TCPA, as NUSO is a common carrier that neither initiated nor controlled the 44 calls that allegedly traversed its network. *Second*, Plaintiff fails to establish that his own customer complaints amount to the "actual notice" required for a common carrier to be liable under the TCPA. *Third*, Plaintiff fails to allege vicarious liability, as he does not present *any* facts that support a relationship between NUSO, the unknown third-party callers, and FracTel. *Fourth*, Plaintiff's MHSSA and MTCCCA claims fail to establish the requisite statutory elements. And *fifth*, Plaintiff's MCPA claim fails because he cannot amend the FAC's deficient allegations by way of his Opposition to add an enumerated practice under the MCPA. Plaintiff's claims should therefore be dismissed with prejudice.

## ARGUMENT

### I.     Plaintiff Fails to Establish that NUSO Violated the TCPA.

As the Motion explained, the TCPA does not impose liability on common carriers, like NUSO, absent well-pleaded allegations that the carrier initiated the calls at issue or exercised control over their content. (Mot., PageID.163, at 8.) In line with that statutory limitation, courts routinely refuse to hold common carriers

---

[1] All terms not otherwise defined herein have the same definition as used in the Motion.

liable for calls that merely traversed their networks without proof that the carrier was an originator or controller of content.  (*Id.* at 6–8 (collecting cases).)

In response to NUSO's arguments, Plaintiff does not dispute that NUSO is a common carrier, argue that NUSO initiated or controlled the calls alleged in the FAC, or even meaningfully engage with the authority NUSO cites.[2]   Instead, Plaintiff attempts to avoid the common carrier exemption by (i) asserting that NUSO had "actual notice" of the alleged calling campaign, and (ii) repeating the same paltry allegations of vicarious liability alleged in the FAC.[3] Neither of these arguments withstand scrutiny.

### A.      Plaintiff Cannot Cure His Failure to Plead "Actual Notice"

As the Motion points out, Plaintiff attempts to invoke a narrow exception discussed in non-binding FCC guidance[4] by arguing that NUSO had "actual notice"

---

[2] The case Plaintiff focuses on in the Opposition is his own case against Global Tel*Link.  (Opp., PageID.288–89, at 14–15.)  But contrary to Plaintiff's claims, NUSO relies on *Global Tel*Link* to show that he has not, and cannot, allege that NUSO, a carrier-defendant, initiated the calls in the FAC.  (Mot., PageID.164, at 9.) NUSO does not dispute that a carrier *may* be liable when it is highly involved or has requisite notice of unlawful activity—but merely that Plaintiff has not alleged either circumstance here.

[3] Independent of his inability to allege carrier liability under the TCPA, Plaintiff's 47 C.F.R. § 64.1601(e)(1) claim still fails as the Opposition relies on a mixed bag of out-of-circuit cases and cases that did not undertake the requisite independent statutory analysis.  *See McLaughlin Chiro. Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025).

[4] Plaintiff claims that *Loper Bright* is "not a basis for dismissal[,]" and that NUSO cannot rely on the "passive-carrier rule" while ignoring its "actual-notice and high-involvement" limits.  (Opp., PageID.291, at 17.)   But NUSO makes no such argument.  It simply shows that Plaintiff has not plausibly alleged either actual notice or high involvement, and that, post-*Loper Bright*, the Court is not required to defer to the FCC's interpretation.

2

of the alleged calling campaign.[5]  (Opp., PageID.290, at 16.)  His theory rests on tortured allegations of "call-specific notices, audio recordings, callback verification," complaints Plaintiff purportedly submitted to the FCC, service of the instant lawsuit, and the alleged "post-service continuation" of calls.  (*Id.*)   But Plaintiff never explains how those allegations—which at most, amount to bare customer complaints submitted informally or filed and served as part of the instant lawsuit—satisfy the threshold level of knowledge required to impose carrier liability under the TCPA.  (Mot., PageID.167, at 12 (collecting cases).)

Plaintiff chides NUSO for citing cases decided at summary judgment yet fails to cite *any authority* in support of his conclusory assertion that such customer complaints are "more than sufficient" to constitute actual notice.  (Opp., PageID.289, at 15).[6]  To the contrary, authorities that have addressed the issue have recognized that an official citation, and not the underlying complaints, is what provides "actual notice[,]" because "[a] complaint is an allegation of an illegal act, not notice of an illegal act."  *Kauffman v. CallFire, Inc.*, 141 F. Supp. 3d 1044, 1048–49 (S.D. Cal. 2015); (Mot., PageID.167–68, at 12–13 (collecting cases)); *see also Rules & Reguls.*

---

[5] Plaintiff argues that a "high degree of involvement" in placing the violative calls is a basis to impose liability but fails to include any non-conclusory allegations that would establish any such involvement from NUSO here.  (Opp., PageID.286, at 12.)

[6] The authority Plaintiff cites is factually distinguishable and cited for the sole, uncontroversial proposition that common carriers may be liable under the TCPA if they have the requisite level of involvement or notice.  (Opp., PageID.286, at 12 (citing *Linlor v. Five9*, 2017 WL 2972447, at *4 (S.D. Cal. July 12, 2017) and *De la Cabada v. Ytel, Inc*, 2020 WL 1156909, at *5 (N.D. Cal. Mar. 10, 2020)).)

*Implementing the Tele. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7981 ¶ 30 n.110 (2015) (citing continued use after "Commission staff" notifies a platform provider of client's illegal use as "actual notice" that may be considered in determining liability).

Unable to support his claims with plausible allegations of notice or analogous caselaw, Plaintiff attempts to reframe NUSO's "argument [as] a fact dispute, not a pleading defect." (Opp., PageID.289, at 15.)  Plaintiff's strawman argument holds no water.  NUSO's point is purely legal: even accepting Plaintiff's allegations as true, customer complaints like Plaintiff's do not constitute "actual notice" as a matter of law.  The FAC alleges no other form of notice, and Plaintiff identifies none in his Opposition. (Mot., PageID.166–68, at 11–13.)

Lastly, Plaintiff's argument regarding "willful blindness" is without merit. (Opp., PageID.290–91, at 16–17.)  Plaintiff pleads no facts suggesting that NUSO "subjectively believe[d]" with "high probability" that the specific traffic alleged in the FAC was unlawful and deliberately avoided, confirming that belief.  (*Id.* (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).)  Finally, the FAC does not include allegations of willful blindness, and Plaintiff cannot amend his FAC by way of his Opposition.  *Miller v. Gen. Motors, LLC*, 773 F. Supp. 3d 461, 539 (E.D. Mich. 2025).

Because Plaintiff has not alleged the "high degree of involvement or actual

4

notice of an illegal use" required to impose liability on a common carrier under the TCPA, his claims should be dismissed with prejudice.  (Mot., PageID.168, at 13 (quoting *Off. of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*, 1230, 1236 (S.D. Fla. 2023)).)

### B.      Plaintiff Still Fails to Plead Vicarious Liability

Plaintiff's vicarious liability theory continues to suffer from the obvious defect that it presents *no* factual allegations that would plausibly connect NUSO to the unknown third-party callers or FracTel, and support a finding of actual authority, apparent authority, ratification, or any other agency theory.  (Mot., PageID.169–71, at 14–16.)[7]  Rather than identify any facts showing that the callers acted on NUSO's behalf or subject to NUSO's control, Plaintiff merely repeats the same conclusory allegations regarding "an integrated calling campaign using a shared architecture[,]" NUSO's "continued provision of essential services after actual notice," and NUSO's "profit[] from the traffic."  (Opp., PageID.292–93, at 18–19.)  But those allegations do not establish that any calls were made on NUSO's behalf, at NUSO's direction, or under NUSO's control.  Nor do they plausibly suggest that NUSO ratified the conduct of the unknown third-parties or FracTel.  At most, Plaintiff alleges that NUSO provided a carrier platform through which traffic passed.  And allegations

---

[7] Plaintiff's failure to respond to NUSO's challenge to his meritless allegations of civil conspiracy "is tantamount to abandoning his claims."  *Seman v. Nat'l City Home Equity*, 2010 WL 4608785, at *2 (E.D. Mich. Nov. 5, 2010).

consistent with ordinary carrier activity cannot support a plausible inference of agency. (Mot., PageID.169–71, at 14–16.)

Despite Plaintiff's assertion that relevant facts are "uniquely within Defendants' knowledge," Plaintiff's failure to allege facts supporting any agency relationship between NUSO and the other entities at issue warrants dismissal of Plaintiff's vicarious liability theory—not discovery. (Opp., PageID.293, at 19.)

## II.    Plaintiff's MHSSA and MTCCCA Claims Still Fail as a Matter of Law

Plaintiff ignores NUSO's argument that both the MHSSA and MTCCCA regulate entities that engage in telephone solicitations or prohibited telephone contacts with consumers. (Mot., PageID.172–73, at 17–18.)  NUSO is neither, and Plaintiff's theory that alleged "post-notice" conduct transforms a carrier into a statutory violator is unsupported by any cited caselaw. (Opp., PageID.296, at 22.) In any event, absent allegations connecting NUSO to the initiation or control of the alleged calls, Plaintiff's MHSSA and MTCCCA claims fail as a matter of law.

## III.    Plaintiff's MCPA Claim Still Fails as a Matter of Law

Plaintiff's MCPA claim likewise fails.  He argues that the FAC "plausibly implicate[s] enumerated MCPA prohibitions[,]" but "implication" is not enough to satisfy Plaintiff's pleading burden. (Opp., PageID.297, at 23.)  The FAC does not allege an enumerated practice under the MCPA, and "it is axiomatic that a plaintiff may not amend [their] complaint through allegations made in a response to a motion

to dismiss." *Miller*, 773 F. Supp. 3d at 539 (citation omitted). Plaintiff's MCPA claim also fails as a matter of law.

## IV.    The FAC Should Be Dismissed With Prejudice

"The Court need not grant leave to amend where the amendment would be futile" meaning "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Blaylock v. Carl*, 2023 WL 12096167, at *2 (E.D. Mich. June 22, 2023) (citation omitted).  There are no facts that can bring Plaintiff's claims within the well-defined bounds of the TCPA, MHSSA, MTCCCA, or MCPA— Plaintiff's failure to assert new factual allegations in his FAC underscores as much. (*Compare* Dkt. 1, PageID.1–28 *with* Dkt. 18, PageID.105–41.)  The Court should not offer Plaintiff a third bite at the apple because any subsequent complaint will likewise fail to survive a motion to dismiss.

## CONCLUSION

As set forth above, Defendant NUSO, LLC respectfully requests that this Court enter an Order dismissing Plaintiff's First Amended Complaint with prejudice.

Dated: June 17, 2026                    Respectfully submitted,

By:  /s/ *Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti (038481999)
Kelley Drye & Warren LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Tel.: (973) 503-5923
lmazzuchetti@kelleydrye.com
*Counsel for NUSO, LLC*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties. I also caused a copy of the foregoing to be served by mail and email on the following pro se plaintiff:

Mark W. Dobronski
PO Box 99
Dexter, MI 48130
(734) 641-2300
markdobronski@yahoo.com

By: */s/ Lauri A. Mazzuchetti*

Lauri A. Mazzuchetti
