# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI,

        Plaintiff,

v.

FRACTEL, LLC, NUSO, LLC, and DOE
DEFENDANTS I - X

        Defendants.

Case No. 2:26-cv-10464

District Judge: Brandy R. McMillion
Magistrate Judge: Elizabeth A. Stafford

## FRACTEL, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.  Plaintiff Concedes FracTEL Did Not "Make" Or "Initiate" The Call………1

II.  The Court Must Apply The Unambiguous Statutory Text…………………..1

III.  Plaintiff Fails To Allege Facts Sufficient To Show FracTEL "Initiated" Or "Made" Calls Under The FCC Regulatory Framework……………………..3

IV.  No Facts Supporting FracTEL's Vicarious Liability Are Pled……………...6

V.  Plaintiff's Remaining Claims Fail To State A Claim………………………..7

4932-6172-2547, v. 3

# TABLE OF AUTHORITIES

## *Cases*

*De la Cabada v. Ytel, Inc.*, No. 19-cv-07178-JSC, 2020 WL 1156909 (N.S. Cal. Mar. 10, 2020) _____4

*Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097, (6th Cir. Mar. 2, 2026)_____1

*Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754 (2011) _____5

*Hurley v. Messer,* No. 3:16-cv-09949, 2018 WL 4854082 (S.D. W. Va. Oct. 4, 2018)* _____4

*Imhoff Inv., L.L.C. v. Afficionado, Inc.*, 792 F.3d 627 (6th Cir. 2015) _____4

*In re MCP No. 185*, 124 F. 4th 993, 1009 (6th Cir. 2025). _____2

*Linlor v. Five9,* No. 17-cv-218-MMA (BLM*), 2017 WL 2972447 (S.D. Cal. July 12, 2017*) _____4

*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) _____2

*Off. Of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*, 688 F.Supp.3d, 1230, 1237 (S.D. Fla. 2023) _____5

*United States Dep't of Labor v. American Healthcare Servs., Inc.*, 171 F.4th 838, 843 (6th Cir. 2026) _____3

*Weiner v. Klais and Co.,* 108 F.3d 56 (6th Cir. 1997)_____6

## *Statutes*

47 U.S.C. § 227(b)(1) _____1

## *Other Authorities*

*In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013) _____6

*Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961 at ¶ 30 (2015) _____3

4932-6172-2547, v. 3

*Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8780 ¶ 54 (1992) _____2

4932-6172-2547, v. 3

## I.      Plaintiff Concedes FracTEL Did Not "Make" Or "Initiate" The Calls.

Plaintiff concedes the dispositive issue by stating "Plaintiff does not dispute that a carrier acting in a purely passive capacity ordinarily is not liable merely because it transmits a call initiated by someone else." (ECF No. 25, PageID.310.) Plaintiff does not and cannot allege that FracTEL created, scripted, or deployed the prerecorded messages; selected call recipients; controlled call timing; compiled any call list; or operated any dialing equipment. The TCPA imposes liability only on the person or entity that "make[s]" or "initiate[s]" a call (47 U.S.C. § 227(b)(1)). Congress explicitly provided that the TCPA does "not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message." (S. Rep. No. 102-178, at 9 (1991)). The Sixth Circuit recently reaffirmed that "liability under the TCPA generally does not attach to a common carrier." *Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097, at *4 (6th Cir. Mar. 2, 2026). Therefore, Plaintiff's concession is fatal to his claims against FracTEL, which he alleges is a common carrier.

## II.      The Court Must Apply The Unambiguous Statutory Text.

Plaintiff's opposition rests almost entirely on the FCC's 1992 regulatory gloss suggesting that a common carrier could be liable under the TCPA if it has "a high degree of involvement or actual notice of an illegal use and fail[s] to take steps to

1

4932-6172-2547, v. 3

prevent such transmissions." *Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8780 ¶ 54 (1992). But this framework is an agency interpretation, not a statutory command. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), requires this Court to independently construe the TCPA, and the Sixth Circuit recently embraced this interpretive approach in rejecting the FCC's attempt to reclassify service providers. *In re MCP No. 185*, 124 F. 4th 993, 1009 (6th Cir. 2025).

The TCPA's text unambiguously targets the entity that "makes" or "initiates" a call, not the carrier that transmits it. It is a strict liability statute. There is no provision imposing liability on a carrier based on a "high degree of involvement" or "notice" of another party's illegal activity. The legislative history is emphatic: "It is not our intention that a carrier should be held liable for transmitting over the carrier's network any call or message in violation of this legislation made by an entity other than the carrier." 137 Cong. Rec. at S18785 (1991) (statement of Sen. Hollings). This Court should not defer to an FCC regulatory interpretation that contradicts the TCPA's plain language and legislative history.

FracTEL is not being hypocritical in its reliance on *Loper Bright* and where it applies is not a "merits" question for discovery, as Plaintiff claims. (ECF No. 25, PageID.318). FracTEL relies on FCC guidance in claiming the common carrier exception applies because the passive-carrier principle derives from the statutory test

and legislative history, which survives *Loper Bright*. FracTEL dismisses FCC guidance in rejecting the "high involvement/actual notice" standard because it is FCC regulatory interpretation which does not. Lastly, interpreting the plain language of a statute is not a "merits" question. It is a question of law for this Court to decide in connection with this Motion. *United States Dep't of Labor v. American Healthcare Servs., Inc.*, 171 F.4th 838, 843 (6th Cir. 2026).

Plaintiff's attempt to invoke this FCC framework while simultaneously arguing that "the Court need not mechanically defer to any agency interpretation" (ECF No. 25, PageID.318) exposes the fundamental inconsistency of his position. If the Court owes no deference to the FCC, then the only source of TCPA liability is the statute itself, and the statute does not impose liability on carriers.

## III.   Plaintiff Fails To Allege Facts Sufficient To Show FracTEL "Initiated" Or "Made" Calls Under The FCC Regulatory Framework.

Plaintiff's FAC does not state a claim against FracTEL as an "initiator" or "maker" of calls even under the FCC's "high degree of involvement/actual notice" framework. That framework scrutinizes whether a defendant took steps necessary to "*physically place*" calls or was "so involved in *placing* the call." *Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961 at ¶ 30 (2015) (emphasis added). Plaintiff pleads no facts that FracTEL participated in either aspect. The "unlawful purpose" test concerns whether a defendant which "offers a calling platform service for use by others has knowingly allowed its client(s) to use

3

that platform for unlawful purposes." *Id.* Plaintiff alleges no facts that FracTEL provided another entity with a calling platform/dialing technology/software. FAC, ¶ 16. Instead, he alleges that the "John Doe" defendants are the entities that provided "dialing AI voice or platform infrastructure".  (FAC, ¶ 5.)

The cases Plaintiff cites (ECF No. 25, PageID.311) not only precede *Loper Bright* but are distinguishable. *Imhoff Inv., L.L.C. v. Afficionado, Inc.*, 792 F.3d 627 (6th Cir. 2015), the only case cited from this Circuit, addresses whether a franchisor that hires a company to send marketing faxes can be considered the "broadcaster" under a framework specific *only* to faxes. *Id.* at 634, n. 4. *Linlor v. Five9,* No. 17-cv-218-MMA (BLM*), 2017 WL 2972447 (S.D. Cal. July 12, 2017)*, actually supports dismissal in this case. The court granted Five9's motion to dismiss, ruling that alleging that Five9's provision of the dialing platform/software, call transmission infrastructure,  and telephone number to the "John Doe" defendants who made the outbound calls (*id.* at 1) was insufficient to state a claim against Five9 under the TCPA. *Id.* at 3-4. In *De la Cabada v. Ytel, Inc.*, No. 19-cv-07178-JSC, 2020 WL 1156909 (N.S. Cal. Mar. 10, 2020), the court denied the motion to dismiss because plaintiffs pled defendant Ytel was a "cloud-based text messaging and calling system" (*i.e.*, a calling platform). *Id.* at 4. Similarly, *Hurley v. Messer,* No. 3:16-cv-09949, 2018 WL 4854082 (S.D. W. Va. Oct. 4, 2018*),* reinforces dismissal because

4

no facts were pled that the defendant "physically placed" the calls or was so involved in placing them. *Id.* at 3.

Nor does Plaintiff plead facts sufficient to show FracTEL "willfully enable[d]" or knowingly allowed" the unlawful calling campaign to become an "initiator" or "maker" of the call through actual notice. (ECF No. 23, PageID.256.) Complaints from a *single pro se plaintiff* who is a serial TCPA litigant are qualitatively different than taking no action after receiving 250 notices from the Industry Traceback Group, a neutral consortium appointed by the FCC to investigate illegal robocall traffic. *Off. Of Att'y Gen. of Fla. v. Smartbiz Telecom LLC*, 688 F.Supp.3d, 1230, 1237 (S.D. Fla. 2023). *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011), relied on by Plaintiff, has no application to and is untested in TCPA carrier-liability cases. It also represents an unsupported attempt to lower the standard from "actual notice" to something closer to constructive notice and requires facts pled showing a deliberate indifference to the alleged unlawful calls, which as shown below do not exist in the FAC.

Plaintiff's allegations that the calls transversed FracTEL's network and FracTEL did not cooperate with him to try to stop the calls are inconsistent with the emails Plaintiff relies on in support of his Emergency Motion for TRO and

5

4932-6172-2547, v. 3

Preliminary Injunction (ECF No. 22-2-8;PageID 211-236 ).[1] Those emails demonstrate that FracTEL investigated Plaintiff's complaints, opened abuse tickets, actively disconnected numbers as Plaintiff reported them and did not originate or carry any outbound calls to Plaintiff (FracTEL's network only carried inbound return calls from Plaintiff). A party that did not originate the calls and investigated and acted on complaints—even if imperfectly—is the opposite of "willfully blind." For these reasons, Plaintiff's FAC fails to plead facts supporting FracTEL has direct liability for any of the calls.

## IV.   No Facts Supporting FracTEL's Vicarious Liability Are Pled.

Vicarious liability does not save Plaintiff's claims. Plaintiff's reliance on *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013), should be rejected under *Loper Bright* and addressed a fundamentally different relationship: whether a *seller* was vicariously liable for calls made by *its own authorized marketing agents* whom it hired and directed to sell its products. *Id.* at 6584-87, ¶¶ 28-35. That principal-agent framework presupposes the alleged agent acts *on behalf of* and *for the benefit of* the principal. No such facts are pled in the FAC that any calls were made on FracTEL's behalf, at FracTEL's direction, under FracTEL's

---

[1] The emails Plaintiff attached as Exhibits 2-4 and 6-7 are attached hereto as Exhibits 1-5. The emails can be considered with this Motion because paragraphs 29, 65-67, and 70-72 of the FAC address the subject matter in those emails. *Weiner v. Klais and Co.,* 108 F.3d 56 (6th Cir. 1997) (documents that are referred to in a complaint and central to the claim are considered part of the pleading).

4932-6172-2547, v. 3

control or that FracTEL ratified the conduct of the unknown third parties. A carrier that continues operating its network after receiving a complaint letter has not "manifested assent" to be bound by unknown third parties. Otherwise, any plaintiff could manufacture vicarious liability by mailing a complaint. That is not the law, and Plaintiff cites no case so holding.

## V.     Plaintiff's Remaining Claims Fail To State A Claim.

For Count VI, even if a private right of action exists under § 64.1601(e), which it does not, it applies only to entities that "engage in telemarketing" (*i.e.,* the callers), not the carriers. Similarly, the MHSAA/MTCCCA require the defendant to be the "telephone solicitor" or "caller". Lastly, the MCPA claim fails because Plaintiff has no viable claim under the TCPA or state law and he fails to identify the applicable statutory subsection under which FracTEL's alleged conduct fits.

FracTEL respectfully requests that this Court grants its Motion to Dismiss and dismiss the First Amended Complaint against FracTEL, with prejudice.

Dated: June 18, 2026                       Respectfully submitted,

By:   */s/ Robert M. Horwitz*
      Robert M. Horwitz (P51466)
      Maddin Hauser Roth & Heller PC
      One Towne Square, Fifth Floor
      Southfield, MI 48076
      (248) 351-7014
      rhorwitz@maddinhauser.com

      *Counsel for FracTEL, LLC*

7

4932-6172-2547, v. 3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 18, 2026,** I electronically filed FraTEL, LLC's Reply Brief in Support of Motion to Dismiss the First Amended Complaint with the Clerk of the Court using CM/ECF File & Serve E-Filing system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

I further certify that on **June 18, 2026,** I electronically served Plaintiff, Mark W. Dobronski, with the above-referenced documents via electronic mail delivery at markdobronski@yahoo.com.

I also sent the foregoing documents to Plaintiff via USPS first-class mail to the following address:

> Mark W. Dobronski
> PO Box 99
> Dexter, MI 48130

> MADDIN HAUSER ROTH & HELLER, P.C.

> By: */s/ Catherine Werenicz*
> Catherine Werenicz