UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

              Plaintiff,

v.

FRACTEL LLC, *et al.*,

              Defendants.

Case No.  2:26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

_____

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT FRACTEL LLC'S REPLY BRIEF

_____

Plaintiff Mark W. Dobronski, appearing in propria persona, moves for leave to file a limited sur-reply to Defendant FracTel LLC's reply brief in support of its Motion to Dismiss.

This motion is not an effort to obtain the last word. It is a narrow request to respond to new matters raised or materially sharpened for the first time in FracTEL's reply brief, including: (1) FracTEL's assertion that Plaintiff "concedes" FracTEL did not make or initiate the calls; (2) FracTEL's exhibit-based factual contention that its network allegedly carried only Plaintiff's inbound return calls; (3) FracTEL's attempt to use selected email exhibits to prove disputed technical and business-record facts on a Rule 12(b)(6) motion; (4) FracTEL's reliance on Plaintiff's status as a pro se TCPA litigant to discount call-specific notice; and (5) FracTEL's Loper Bright

argument, which FracTEL uses to ask the Court to reject the actual-notice/high-involvement framework while still claiming the benefit of the passive-carrier principle.

The proposed sur-reply does not repeat Plaintiff's full opposition. It is limited to explaining why these reply-stage assertions are either mischaracterizations, disputed factual defenses, or improper merits issues that cannot be resolved on a motion to dismiss.

Plaintiff's proposed sur-reply is attached as Exhibit A. It is limited to the new reply-brief issues and does not repeat the full opposition brief.

Pursuant to E.D. Mich. LR 7.1(a), Plaintiff sought concurrence in the relief requested in this motion. Concurrence was not obtained.

For the reasons stated in the accompanying brief, Plaintiff respectfully requests that the Court grant leave and accept Plaintiff's limited sur-reply attached as Exhibit A.

Respectfully submitted,

Dated: June 24, 2026

_____

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

         Plaintiff,

v.

FRACTEL LLC, *et al.*,

         Defendants.

Case No.  26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

_____

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED SUR-REPLY
TO DEFENDANT FRACTEL LLC'S REPLY BRIEF**

3

## CONCISE STATEMENT OF ISSUE PRESENTED

Whether Plaintiff should be granted leave to file a short, limited sur-reply where FracTel's reply brief raises or materially sharpens new factual and legal contentions, including the assertion that FracTel's network allegedly carried only Plaintiff's inbound return calls, and where Plaintiff seeks only a narrow opportunity to address those new matters without rearguing the full motion.

> Plaintiff says: Yes.
> Defendant FracTel would likely say: No.
> The Court should rule: Yes.

## MOST CONTROLLING OR APPROPRIATE AUTHORITIES

*Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014)

*Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003)

Fed. R. Civ. P. 12(b)(6)

E.D. Mich. LR 7.1

**INTRODUCTION**

Sur-replies are not ordinary briefing vehicles, and Plaintiff does not request one as a matter of routine. Plaintiff seeks leave only because FracTel's reply brief introduces or materially sharpens contentions that were not fairly presented in the same posture in FracTel's opening motion.

Most importantly, FracTel now asserts that its network allegedly carried only Plaintiff's inbound return calls. That assertion is not a pleading allegation, is not evidence properly considered on a Rule 12(b)(6) motion, and directly conflicts with Plaintiff's pleaded allegations that FracTel-associated telephone numbers were used in repeated outbound prerecorded telemarketing calls to Plaintiff.

FracTel's new assertion also distorts the purpose of Plaintiff's callback evidence. Plaintiff has not alleged that his return calls are themselves TCPA violations. The callback evidence is circumstantial evidence showing that the displayed caller-ID numbers were functionally connected to the same campaign, thereby undermining FracTel's attempted "mere spoofing" narrative and supporting the plausibility of Plaintiff's allegations.

Plaintiff therefore requests leave to file the limited sur-reply attached as Exhibit A.

## ARGUMENT

### I.      Leave is appropriate where a reply brief raises new matters.

A reply brief is intended to answer the response, not to present new grounds, new factual narratives, or new evidentiary characterizations that the non-moving party has had no fair opportunity to address.  The Sixth Circuit has recognized that when new evidence or arguments are presented for the first time in a reply brief, the nonmoving party should be afforded a fair opportunity to respond or the new material should not be considered. *See Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014); *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003).

Plaintiff is not requesting broad additional briefing. Plaintiff requests only a short sur-reply limited to the new matters raised in FracTel's reply.

### II.     FracTel's reply raises a new factual contention that should not be accepted on a motion to dismiss.

FracTel's reply-brief assertion that its network allegedly carried only Plaintiff's inbound return calls is a factual contention outside the pleadings. It is also a disputed factual narrative.

Plaintiff's First Amended Complaint alleges repeated outbound prerecorded telemarketing calls, including calls associated with FracTel-controlled or FracTel-associated numbers, and alleges that Plaintiff's callback testing was used to identify the campaign and test whether the displayed caller-ID numbers connected

7

back into the same system. FracTel's reply does not merely argue legal insufficiency. It asks the Court to accept FracTel's competing factual explanation.

That is improper at the pleading stage. On a Rule 12(b)(6) motion, the Court accepts the well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. FracTel's contrary factual narrative cannot be used to defeat plausibility before discovery.

### III.    The proposed sur-reply is narrow and will assist the Court.

The proposed sur-reply does three limited things.

First, it clarifies that Plaintiff's callback evidence is not offered as a separate TCPA violation, but as circumstantial evidence connecting the caller-ID numbers to the campaign.

Second, it explains why FracTel's new "only inbound return calls" assertion creates a factual dispute rather than a basis for dismissal.

Third, it responds to FracTel's attempt to convert a pleading-stage motion into a merits determination on network traversal, spoofing, and carrier involvement.

The proposed filing is short, targeted, and will not prejudice FracTel. If the Court believes no sur-reply is necessary, the Court can simply deny leave. But if the Court intends to consider FracTel's new reply-brief contentions, fairness supports allowing Plaintiff the limited opportunity to respond.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant

Plaintiff leave to file the limited sur-reply attached as Exhibit A and accept it as filed.

Respectfully submitted,

Dated: June 24, 2026                    _____

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*


## CERTIFICATE OF SERVICE

I certify that on June 24, 2026, I electronically filed the foregoing *Plaintiff's Motion for Leave to File Limited Sur-Reply to Defendant Fractel LLC's Reply Brief* with the Clerk of the Court via the Court's CM/ECF filing system, which will send notification of such filing to all counsel of record.

_____

Mark W. Dobronski

9