# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

         Plaintiff,

v.

FRACTEL LLC, *et al.*,

         Defendants.

Case No.  2:26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

_____

**PLAINTIFF'S LIMITED SUR-REPLY TO
DEFENDANT FRACTEL LLC'S REPLY BRIEF**

_____  _____

Plaintiff Mark W. Dobronski submits this limited sur-reply only to address new matters raised or materially sharpened in Defendant FracTEL LLC's reply brief in support of its Motion to Dismiss the First Amended Complaint.

This sur-reply is not submitted to repeat Plaintiff's response brief. It addresses FracTEL's reply-stage attempt to recast Plaintiff's allegations as a concession, to use selected email exhibits to establish disputed technical facts, to convert callback evidence into a strawman, and to ask the Court to resolve network-routing, reseller, carrier-of-record, and notice issues before discovery.

## I.    FracTEL's "concession" argument misstates Plaintiff's position.

FracTEL's reply begins from a false premise. Plaintiff did not concede that

1

FracTEL was a purely passive carrier, did not concede that FracTEL lacked notice, did not concede that FracTEL had no actionable involvement, and did not concede that FracTEL falls outside the TCPA's "make" or "initiate" framework.

Plaintiff stated the unremarkable proposition that a carrier acting in a purely passive capacity ordinarily is not liable merely because it transmits a call initiated by someone else. That is not FracTEL's alleged role in this case.

Plaintiff alleges that FracTEL received repeated, call-specific notice of an unlawful prerecorded-message campaign; had access to reseller, customer, number-assignment, mitigation, and abuse-ticket information; had the ability to investigate, suspend, block, terminate, identify, or mitigate implicated accounts or numbers; and nevertheless allowed the same or substantially similar campaign to continue.

FracTEL's reply therefore does not identify a pleading concession. It identifies a factual dispute. Whether FracTEL was actually passive, whether it had actual notice, whether it had a high degree of involvement, whether it had practical mitigation ability, and whether its post-notice conduct made it more than a neutral transmission conduit are discovery issues, not grounds for dismissal under Rule 12(b)(6).

2

**II.    FracTEL improperly uses reply-stage exhibits to prove disputed facts.**

FracTEL's reply relies on selected email exhibits and asks the Court to accept FracTEL's interpretation of those emails as proof that FracTEL "did not originate or carry any outbound calls" and that its network carried only Plaintiff's inbound return calls. That is not a permissible Rule 12(b)(6) use of the materials.

Even if the Court may consider documents referenced in the pleadings for limited purposes, FracTEL may not use those materials to establish the truth of its own disputed factual narrative. The emails do not eliminate Plaintiff's allegations. At most, they show FracTEL's out-of-court position and selected portions of communications between Plaintiff and FracTEL. They do not prove that no outbound calls traversed FracTEL's network, do not prove that the calling campaign was unrelated to FracTEL-connected numbers or resellers, and do not prove that FracTEL acted reasonably after notice.

That is especially true because FracTEL's own exhibits show that FracTEL had more than passive involvement in the investigation process. FracTEL personnel referred to resellers, customers, number ownership, abuse tickets, number blocking, downstream investigation, Terms-of-Service restrictions, and traceback-related steps. Those facts support Plaintiff's plausibility theory. They do not defeat it.

**III.     FracTEL's argument confirms why dismissal is improper.**

FracTEL's argument depends on technical and business-record assertions about call routing, carrier-of-record status, reseller assignment, downstream customer use, and whether outbound calls did or did not traverse FracTEL's network. Those are not pleading issues. They are merits and discovery issues.

Plaintiff has not had discovery into FracTEL's call-detail records, reseller records, SIP records, abuse tickets, traceback-related records, customer assignments, number assignments, mitigation actions, internal investigation records, or communications with downstream entities. Those materials are uniquely within FracTEL's possession or the possession of entities connected to FracTEL's wholesale/reseller structure.

FracTEL may attempt to prove later that it was only the carrier of record for numbers used as caller ID and that no outbound traffic traversed its network. But that factual defense cannot be accepted as true on a Rule 12(b)(6) motion.

The Rule 12(b)(6) question is not whether FracTEL can later develop evidence supporting its defense. The question is whether Plaintiff's allegations plausibly state a claim. They do.

**IV.     The callback evidence is not offered as a separate TCPA violation; it supports plausibility, notice, and the need for discovery.**

FracTEL again attacks a strawman. Plaintiff does not allege that Plaintiff's

return calls are themselves TCPA violations. The return calls are circumstantial evidence.

The callback evidence need not conclusively prove at the pleading stage that FracTEL originated or transmitted every outbound call. Its significance is narrower but still important: it shows that the displayed caller-ID numbers were functional, FracTEL-associated return paths connected to the campaign; that FracTEL had reseller and number-assignment visibility; and that FracTEL had practical means to investigate, mitigate, identify downstream actors, preserve records, and test whether the same campaign continued after notice.

FracTEL's own exhibits reinforce that point. FracTEL personnel did not say they were helpless to investigate. They discussed reviewing call records, identifying whether numbers were on FracTEL's network, contacting resellers, opening abuse tickets, blocking numbers, and requesting that downstream customers investigate. Those communications support the plausibility of Plaintiff's actual-notice and post-notice-failure allegations.

At minimum, the callback evidence supports a reasonable inference that discovery is required before the Court can decide whether the numbers were merely spoofed, whether FracTEL's network carried outbound traffic, whether FracTEL's resellers or customers were involved, and whether FracTEL's response was legally

5

sufficient.

## V.     FracTEL's "single pro se plaintiff" and "serial TCPA litigant" argument is not a pleading defense.

FracTEL argues that complaints from a "single *pro se* plaintiff who is a serial TCPA litigant" are supposedly different from notices from the Industry Traceback Group. That argument is improper and legally irrelevant at the pleading stage.

The TCPA does not create a rule that call-specific notice becomes legally meaningless because the notice came from a consumer, a *pro se* plaintiff, or a person who has previously enforced his rights under the TCPA. Plaintiff provided detailed reports, including dates, times, caller-ID information, call recordings, callback testing, and continuing updates. Whether those notices were sufficient to trigger FracTEL's obligations, and whether FracTEL's response was reasonable, are factual questions.

FracTEL cannot transform detailed consumer complaints into non-notice merely by attacking the complainant. The relevant issue is what FracTEL knew, when it knew it, what information it possessed or could access, and what steps it took or failed to take thereafter.

## VI.    Loper Bright does not require dismissal.

FracTEL's reply also overstates *Loper Bright*. Plaintiff is not asking the Court to defer mechanically to an agency interpretation that contradicts the statute. Plaintiff

6

alleges facts showing that FracTEL's conduct plausibly falls within the statutory concepts of making or initiating calls when a provider has a high degree of involvement in, or actual notice of, unlawful use of its services and fails to take effective steps to stop it.

FracTEL cannot accept the passive-carrier principle when useful, while asking the Court to disregard the corresponding limitations on that principle when they become inconvenient. Whether described under the FCC framework, common-law causation principles, or the statutory concepts of making and initiating calls, Plaintiff's allegations plausibly describe more than neutral transmission.

*Loper Bright* does not authorize a defendant to convert a factual defense into a pleading defect. Nor does it permit FracTEL to avoid discovery by asking the Court to accept FracTEL's own business-record interpretation, technical routing claims, reseller assertions, and mitigation narrative as true.

## VII.   The Court should not resolve spoofing, network traversal, reseller, and mitigation disputes on a motion to dismiss.

FracTEL's reply depends on a factual premise: that the alleged outbound robocalls did not traverse FracTEL's network and that any FracTEL-connected activity involved only Plaintiff's own callbacks. But Plaintiff has alleged a contrary set of facts, including repeated calls, callback confirmation, continuity of campaign identity, call-specific notice, continuation after notice, and FracTEL's role through

7

numbers, resellers, and downstream account relationships.

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the truth of FracTEL's competing explanation. FracTEL may attempt to prove later that the numbers were spoofed, that its network did not carry the outbound calls, that it lacked sufficient involvement, or that its mitigation was reasonable. But those issues depend on call-detail records, SIP records, reseller records, customer records, traceback information, abuse tickets, and internal mitigation records. Plaintiff has not yet had discovery.

Dismissal at this stage would improperly reward the informational asymmetry that FracTEL's position creates.

## CONCLUSION

FracTEL's reply brief raises factual assertions and legal characterizations that cannot be resolved on a Rule 12(b)(6) motion. Plaintiff did not concede that FracTEL was a passive carrier. Plaintiff's callback evidence is not offered as an independent TCPA violation; it is circumstantial evidence supporting plausibility, notice, reseller connection, mitigation ability, and the need for discovery. FracTEL's assertion that its network allegedly carried only Plaintiff's inbound return calls is a disputed factual contention, not a basis for dismissal.

For these reasons, and for the reasons stated in Plaintiff's response brief,

8

FracTEL's motion to dismiss should be denied.

Respectfully submitted,


Dated: _____                              _____
                                                 Mark W. Dobronski
                                                 Post Office Box 99
                                                 Dexter, Michigan 48130-0099
                                                 Telephone: (734) 641-2300
                                                 Email: markdobronski@yahoo.com
                                                 Plaintiff *In Propria Persona*