UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

              Plaintiff,

v.

FRACTEL LLC, *et al.*,

              Defendants.

Case No.  2:26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

_____

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION
AGAINST DEFENDANT FRACTEL LLC**

_____

      FracTEL's opposition confirms why emergency relief is needed. FracTEL does not deny that Plaintiff has been targeted by an ongoing prerecorded/artificial-voice debt-relief robocall campaign; that FracTEL-associated caller-ID numbers appeared in that campaign; that callbacks reached the same or substantially similar campaign infrastructure; or that Plaintiff repeatedly provided FracTEL call-specific notice. ECF No. 28, PageID.387-388, 393-396.

      Instead, FracTEL asks the Court to accept its own technical conclusion that none of the outbound calls traversed its network and that FracTEL's only role was as "carrier of record." ECF No. 28, PageID.387-389, 393-394; ECF No. 28-2,

1

PageID.411-412. That defense depends on records FracTEL controls but has not produced, including call-detail records, SIP/signaling records, reseller records, customer records, number-assignment records, abuse-ticket records, mitigation records, and traceback information. *See* Ex. 1, Supp. Dobronski Decl., ¶¶ 4-6, 10-13, 20.

Plaintiff does not ask the Court to decide the full merits now. He seeks targeted emergency relief to preserve records, identify responsible downstream relationships, require traceback cooperation, stop support for resources used in the campaign, and certify what FracTEL has done.

## ARGUMENT

### I. FracTEL's response rests on disputed technical facts controlled by FracTEL.

FracTEL's central defense is factual: it says its business records show that it neither made nor initiated any outbound calls to Plaintiff, that no outbound calls traversed its network, and that FracTEL only carried Plaintiff's return calls because it was the "carrier of record" for the numbers Plaintiff called back. ECF No. 28-2, PageID.411-412.

Plaintiff cannot test that claim because FracTEL has not produced the records Crown says he reviewed. Supp. Dobronski Decl., ¶¶ 4-6, 12-13, 20. FracTEL cannot use informational asymmetry as both a shield and a sword. It cannot withhold the

records needed to test the call path while arguing that Plaintiff lacks the very proof FracTEL controls. If FracTEL is correct, preservation and targeted disclosure will confirm it. If FracTEL is wrong, incomplete, or describing only part of the telecommunications path, emergency relief is necessary to identify the source and stop the campaign.

## II.      FracTEL's own evidence shows it is not a stranger to the relevant infrastructure.

FracTEL tries to reduce itself to a passive "number lessor," but its own declaration describes broader telecommunications functions, including local telephone numbers and inbound dialing services, local and long-distance call termination, toll-free services, SMS/MMS services, database services, and E911 services. ECF No. 28-2, PageID.409-410. FracTEL also admits that the caller-ID numbers at issue were FracTEL-issued numbers provided to resellers. ECF No. 28, PageID.388-389; ECF No. 28-2, PageID.411-412.

Plaintiff's requested relief is directed to FracTEL-supported numbers, callback paths, reseller relationships, abuse tickets, number assignments, and mitigation records. FracTEL admits it investigated Plaintiff's complaints, contacted resellers, opened abuse tickets, cancelled numbers, and relayed that a reseller blocked Plaintiff's number. ECF No. 28, PageID.387-388, 396-401. That is not the conduct of an entity with no information channels and no ability to act. At minimum, the

record presents serious questions going to the merits. *See Jones v. Caruso*, 569 F.3d 258, 277 (6th Cir. 2009).

## III. The callback evidence supports preservation, traceback, and discovery.

FracTEL argues that Plaintiff's callback evidence helps FracTEL because callbacks show only inbound routing. ECF No. 28, PageID.393-394. Plaintiff has never claimed that his own return calls are TCPA violations. ECF No. 22, PageID.199; Ex, 1, ¶ 9.

The callback evidence matters because it shows that displayed FracTEL-associated caller-ID numbers were functional return paths connected to the same or substantially similar debt-relief campaign. Ex. 1, ¶ 9. That supports the inference that FracTEL-associated numbering, reseller relationships, callback routing, IVR systems, voicemail systems, SIP resources, or downstream accounts are connected to the campaign. Plaintiff need not prove the entire call path before receiving relief designed to preserve and identify it.

## IV. FracTEL's reseller disclosure was not meaningful call-specific identification.

FracTEL argues that it identified three resellers and that Plaintiff failed to pursue them. ECF No. 28, PageID.389-390, 401. But three names are not meaningful call-specific disclosure.

FracTEL did not identify which reseller was associated with which call; which caller-ID number was assigned to which reseller; which customer, subscriber, account, trunk, endpoint, callback system, IVR system, voicemail system, or end user used each number; what abuse tickets were opened; what mitigation was done; whether any account was suspended or terminated; or who actually placed, supported, enabled, or benefited from the calls. Ex. 1, ¶¶ 10-13, 19-20.

FracTEL argues that Plaintiff should subpoena or sue downstream actors, while FracTEL's own motion to dismiss delays discovery and while FracTEL withholds the call-specific information needed to identify those actors. Plaintiff should not be denied emergency relief because FracTEL provided fragments rather than usable particulars.

## V.     Statutory damages do not defeat irreparable harm.

FracTEL argues that TCPA statutory damages make injunctive relief unnecessary. ECF No. 28, PageID.397. That argument would nullify the TCPA's express authorization of private injunctive relief. 47 U.S.C. § 227(b)(3)(A), (c)(5)(A).

Plaintiff seeks relief because the campaign is continuing, difficult to trace, and dependent on technical records that may be lost or remain inaccessible. Ex. 1, ¶¶ 14, 16-17, 20. Money damages after judgment will not preserve records, identify downstream actors, stop continuing calls, prevent continued privacy invasion, or

restore transient call-path evidence. FracTEL also minimizes the blocking issue by blaming a reseller, ECF No. 28, PageID.398, but Plaintiff did not ask to have the victim's telephone number blocked. Ex. 1, ¶ 18. Blocking the victim is not mitigation.

## VI.   The requested relief can be tailored and the equities favor limited relief.

FracTEL claims the requested injunction is overbroad. ECF No. 28, PageID.399-400. Plaintiff does not seek to shut down FracTEL's business or terminate innocent accounts. He seeks relief limited to the specific campaign targeting him and the numbers, accounts, relationships, trunks, callback systems, IVR systems, voicemail systems, or telecommunications resources connected to that campaign.

If the Court wants narrower language, it can order immediate preservation; identification of resellers, customers, subscribers, accounts, trunks, endpoints, callback systems, IVR systems, voicemail systems, and number assignments connected to the displayed numbers and callback paths; disclosure of abuse tickets and mitigation steps; traceback cooperation; and certification by a knowledgeable FracTEL representative.

The public interest favors TCPA enforcement, preservation of call-path evidence, traceback cooperation, accurate caller identification, meaningful mitigation, and protection of residential privacy. A nominal bond is appropriate because FracTEL

6

has no legitimate interest in concealing responsible account relationships, failing to preserve records, or continuing to support resources used in an unlawful robocall campaign. Rule 65(c) leaves security to the Court's discretion. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995). If the Court requires more than $1.00, Plaintiff requests a modest bond proportionate to the limited relief ordered.

## CONCLUSION

Plaintiff respectfully requests that the Court grant the emergency motion, enter a temporary restraining order, set a prompt preliminary-injunction hearing, require immediate preservation and targeted identification of responsible relationships, require traceback cooperation and mitigation, require certification by a knowledgeable FracTEL representative, and grant such other relief as is just and proper.

Respectfully submitted,

Dated: June 24, 2026

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 24, 2026, I electronically filed the foregoing *Plaintiff's Reply Brief in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction Against Defendant Fractel LLC* with the Clerk of the Court via the Court's CM/ECF filing system, which will send notification of such filing to all counsel of record.

_____

Mark W. Dobronski