# EXHIBIT
# 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

　　　　　Plaintiff,

v.

FRACTEL LLC, *et al.*,

　　　　　Defendants.

Case No.  2:26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

---

## **SUPPLEMENTAL DECLARATION OF MARK W. DOBRONSKI**

I, Mark W. Dobronski, under penalty of perjury, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. I submit this supplemental declaration in support of my reply brief in support of my Emergency Motion for Temporary Restraining Order and Preliminary Injunction against Defendant FracTEL LLC.

3. I have reviewed the Declaration of Michael Crown filed by FracTEL as ECF No. 28-2.

4. I cannot independently verify Mr. Crown's assertion that FracTEL's business records show that no outbound calls to my residential telephone number traversed

1

FracTEL's network because FracTEL has not produced those business records to me.

5. FracTEL has not produced to me the call-detail records, SIP records, signaling records, STIR/SHAKEN records, traceback records, reseller records, customer records, subscriber records, account records, trunk records, endpoint records, number-assignment records, abuse-ticket records, or internal mitigation records necessary to test Mr. Crown's assertions.

6. FracTEL has also not produced to me the records showing which reseller, customer, subscriber, account, trunk, endpoint, IVR system, voicemail system, or callback system was associated with each specific caller-ID number that appeared on the calls to me.

7. Prior to filing my emergency motion, I repeatedly provided FracTEL with call-specific information concerning the robocalls, including dates, times, caller-ID numbers, recordings or recording-related information, callback information, and continuing reports.

8. My reports to FracTEL were not generalized complaints. They were specific reports concerning an ongoing prerecorded/artificial-voice debt-relief robocall campaign that continued to target my residential telephone number.

9. When I called back displayed caller-ID numbers, the return calls reached the same or substantially similar debt-relief robocall campaign or callback infrastructure.

2

I offered this callback evidence to show functional connection, notice, ability to investigate, and the need for traceback and discovery. I have not claimed that my own return calls are TCPA violations.

10. FracTEL's disclosure of reseller names did not provide call-specific information sufficient for me to determine which reseller, customer, subscriber, account, trunk, endpoint, callback system, IVR system, voicemail system, or end user was associated with any particular call or displayed caller-ID number.

11. FracTEL did not provide me with a call-by-call or number-by-number mapping of the displayed caller-ID numbers to any reseller, customer, subscriber, account, trunk, endpoint, callback system, IVR system, voicemail system, or end user.

12. FracTEL did not provide me with copies of abuse tickets, downstream customer communications, reseller communications, termination notices, suspension notices, mitigation records, or traceback results sufficient to determine who was responsible for the calls.

13. FracTEL did not provide me with documents showing that any responsible caller, customer, subscriber, end user, account, trunk, endpoint, callback system, IVR system, voicemail system, or downstream entity was actually identified and stopped.

14. The robocalls continued after FracTEL's claimed mitigation efforts.

15. FracTEL has suggested that the issue should be handled through traceback

or downstream investigation. However, as a private consumer and Plaintiff, I do not possess FracTEL's internal business records, reseller records, customer records, number-assignment records, SIP records, or traceback records, and I cannot test FracTEL's technical assertions without access to those records.

16. I sought emergency relief, in part, because the relevant telecommunications records are technical, transient, and controlled by FracTEL, its resellers, downstream customers, carriers, or other entities in the call path.

17. I also sought emergency relief because the ongoing robocall campaign continues to invade the privacy of my home, disrupt my use of my residential telephone line, and require continued investigation and documentation.

18. To the extent FracTEL contends that my telephone number was blocked by a reseller, I did not request that my telephone number be blocked by the robocallers or by a downstream reseller. Blocking the victim's telephone number is not a substitute for identifying and stopping the unlawful caller.

19. I did not receive meaningful, call-specific information from FracTEL that would permit me to identify the actual caller or downstream actors responsible for each call.

20. Without preservation, identification, traceback, mitigation, and limited court-supervised disclosure, I cannot test FracTEL's assertion that no outbound calls

traversed its network, cannot identify the responsible downstream actors, and cannot determine whether FracTEL's claimed mitigation was effective or adequate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2026.

_____
Mark W. Dobronski

5