# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI,

                     Plaintiff,

v.

FRACTEL, LLC, NUSO, LLC, and DOE
DEFENDANTS I - X

                     Defendants.

Case No. 2:26-cv-10464

District Judge: Brandy R. McMillion
Magistrate Judge: Elizabeth A. Stafford

**<u>FRACTEL, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SURREPLY TO FRACTEL LLC'S
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

I.   THE GOVERNING STANDARD DOES NOT SUPPORT LEAVE...............2

II.  FRACTEL'S REPLY DID NOT RAISE NEW ARGUMENTS OR
     EVIDENCE. ..................................................................................................3

    A.   The "Concession" Argument Responds to Plaintiff's Own
     Statement. ...............................................................................................3

    B.   The Email Exhibits Are Not New Evidence Used to Prove Disputed
     Facts. ......................................................................................................3

    C.   There is nothing new about FracTEL's reliance on *Loper Bright*.....5

    D.   The Pro Se/Serial Litigant Observation Responds to Plaintiff's
     Actual Notice Theory. .............................................................................6

III. THE PROPOSED SUR-REPLY EXCEEDS ANY LEGITIMATE SCOPE....6

IV.  IF THE COURT IDENTIFIES NEW MATTER, THE PROPER REMEDY IS
     EXCLUSION. ...............................................................................................7

CONCLUSION.......................................................................................................8

4931-7673-3368, v. 1

## **QUESTION PRESENTED**

I.      Should the Court deny Plaintiff's motion for leave to file a sur-reply brief to FracTEL's reply brief in support of its motion to dismiss where the court rules do not permit the filing of sur-reply briefs?

FracTEL answers: "Yes"

Plaintiff answers: "No"

The Court should answer: "Yes"

iii

4931-7673-3368, v. 1

# INDEX OF AUTHORITIES

*Cases*

*Page(s)*

*Global-Tech Appliances, Inc. v. SEB S.A.,*
  563 U.S. 754 (2011).................................................................................................4

*Key v. Shelby County,*
  551 F. App'x 262, 265 (6th Cir. 2014) ..................................................................2

*Liberty Legal Fund. v. Nat'l Democratic Party of the USA, Inc.,*
875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) .........................................................2

*Loper Bright Enters. v. Raimondo,*
  603 U.S. 369 (2024)................................................................................................5

*Scottsdale Ins. Co. v. Flowers,*
  513 F.3d. 546, 553 (6th Cir. 2008) ........................................................................2

*Seay v. Tennessee Valley Authority,*
  339 F.3d 454, 481–82 (6th Cir. 2003) ...................................................................2

*Weiner v. Klais & Co.,*
  108 F.3d 86 (6th Cir. 1997) ...................................................................................4

*Rules*

E.D. Mich. LR 7.1.....................................................................................................2

iv

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

**Cases**

- *Liberty Legal Fund. v. Nat'l Democratic Party of the USA, Inc.,* 875 F. Supp. 2d 791 (W.D. Tenn. 2012)

- *Scottsdale Ins. Co. v. Flowers*, 513 F.3d. 546 (6th Cir. 2008)

**Local Rules**

- E.D. Mich. LR 7.1

4931-7673-3368, v. 1

## **INTRODUCTION**

Plaintiff claims he is not trying to have "the last word" in connection with FracTEL's Motion to Dismiss by requesting leave to file another brief, (ECF No. 29, PageID.416), but, as set forth below, that is precisely what he is trying to accomplish. Sur-replies are not contemplated by the Federal Rules of Civil Procedure or this Court's Local Rules. They are also not allowed when, as here, the proposed sur-reply does not respond to genuinely new arguments or evidence; rather, it re-argues issues already presented in the parties' briefs and seeks an additional opportunity to oppose FracTEL's Motion to Dismiss.

FracTEL's reply brief in support of its Motion to Dismiss (ECF No. 27) did precisely what a reply is supposed to do: it responded to arguments Plaintiff raised in his opposition. The proposed sur-reply, by contrast, spans seven substantive sections and revisits the merits of the Rule 12(b)(6) motion in full addressing direct liability, vicarious liability, the FCC framework, *Loper Bright*, discovery, callback evidence, spoofing, network traversal, and mitigation. That is not a narrowly targeted response to new matter; it is an improper supplemental opposition brief.

1

4931-7673-3368, v. 1

## ARGUMENT

### I.   THE GOVERNING STANDARD DOES NOT SUPPORT LEAVE.

A non-moving party generally has no right to respond to a reply brief, and the applicable local rule does not allow for a sur-reply. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d. 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1. Because the moving party, here FracTEL, is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Fund. v. Nat'l Democratic Party of the USA, Inc.,* 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).

Plaintiff cites *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014), and *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481–82 (6th Cir. 2003), for the proposition that a court should afford a nonmovant a fair opportunity to respond when new evidence or arguments are raised for the first time in a reply brief. (ECF No. 29, PageID.310). FracTEL does not dispute this standard in the abstract. But the corollary is equally important: where a reply brief merely responds to arguments the non-movant raised in opposition, no sur-reply is warranted. As discussed below, FracTEL's reply raised no genuinely new matter and Plaintiff has not shown "good cause" to just additional briefing.

2

## II.    FRACTEL'S REPLY DID NOT RAISE NEW ARGUMENTS OR EVIDENCE.

Plaintiff identifies five categories he characterizes as "new or sharpened." (ECF No. 29, PageID.310–311). None qualifies.

### A. The "Concession" Argument Responds to Plaintiff's Own Statement.

FracTEL's reply observed that Plaintiff stated in his opposition that "Plaintiff does not dispute that a carrier acting in a purely passive capacity ordinarily is not liable merely because it transmits a call initiated by someone else." (ECF No. 27, PageID.344). FracTEL argued that this statement, combined with the absence of factual allegations that FracTEL created, scripted, or deployed prerecorded messages, selected recipients, controlled call timing, compiled call lists, or operated dialing equipment, shows Plaintiff cannot state a claim. That is a response to Plaintiff's opposition, not new matter. Plaintiff is free to disagree with FracTEL's characterization of his concession, but the Court can evaluate that disagreement based on the existing briefing.

### B. The Email Exhibits Are Not New Evidence Used to Prove Disputed Facts.

FracTEL's reply attached email correspondence between Plaintiff and FracTEL's technical-support team. (ECF No. 27, Page ID 353-375). These emails are not "new evidence" raised for the first time in a reply to prove disputed facts, as claimed by Plaintiff.

3

The First Amended Complaint ("FAC") at paragraphs 29, 65–67, and 70–72 addresses the very subject matter of those emails: Plaintiff's communications with FracTEL regarding call complaints, abuse tickets, and disconnection of numbers. Documents referred to in a complaint and central to the claim may properly be considered on a motion to dismiss without converting it to one for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997) (cited in ECF No. 27, PageID.349).

Those emails responded to Plaintiff's new argument that a common carrier, such as FracTEL, can be liable under the TCPA for "willful blindness" under *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754 (2011), a case involving patent infringement, not the TCPA. (ECF No. 25, PageID.314). To the extent "willful blindness" can even apply to the TCPA (Plaintiff cites no case law that it does), a plaintiff must plead facts suggesting that the defendant "subjectively believe[d]" with "high probability" that the specific calls were unlawful and deliberately avoided, confirming that belief. *Global-Tech Appliances, Inc.* at 769. FracTEL used the emails to show that the corresponding paragraphs of the FAC did not allege such a subjective belief or "deliberate avoidance." Because the emails relate to allegations Plaintiff placed at issue and a new theory not pled in the FAC, their attachment to the reply is responsive, not new.

4

Nor, as claimed by Plaintiff, were the emails used to prove a "disputed fact" about whether FracTEL's network carried only the calls Plaintiff made as opposed or in addition to the calls Plaintiff claims to have received. (ECF No. 29-1, PageID.429). They were used to support the argument that Plaintiff did not plead facts sufficient to show FracTEL "willfully enable[d]" or "knowing allowed" the alleged unlawful calling campaign. (ECF No. 27, PageID. 348-349). Additionally, even if used to show FracTEL's network carried only Plaintiff's calls, it would be immaterial to the Motion to Dismiss. Whether the alleged calls to Plaintiff or the return calls Plaintiff made, or both, transversed FracTEL's network does not change that Plaintiff pled facts sufficient to show only that FracTEL is a common carrier and that is not enough to subject FracTEL to liability under the TCPA.

### C. There is nothing new about FracTEL's reliance on *Loper Bright*.

Plaintiff improperly justifies his need for another brief on FracTEL's reliance on *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), in its reply. This argument does not demonstrate "good cause" for another brief for two reasons. First, Plaintiff ignores that FracTEL relied on *Loper Bright* in its opening brief. (ECF 23, PAGE ID.256). Second, Plaintiff's opposition relied on the FCC's 1992 regulatory interpretation suggesting that a common carrier could be liable under the TCPA if it had a "high degree of involvement" or "actual notice" of illegal use and failed to prevent transmissions. FracTEL's reply engaged with that argument by again

5

discussing *Loper Bright.* (ECF No. 27, PageID.345-346). That is a direct response to a position Plaintiff advanced, not a new theory.

### D. The Pro Se/Serial Litigant Observation Responds to Plaintiff's Actual Notice Theory.

Plaintiff contends FracTEL raised his status as a "pro se TCPA litigant" for the first time in the reply. (ECF No. 29, PageID.416). In context, FracTEL's observation was responsive to Plaintiff's argument that his complaints to FracTEL gave FracTEL actual notice sufficient to establish liability. FracTEL noted the relevance of the source and nature of those complaints in assessing the sufficiency of the allegations. This is argument, not new evidence or a new theory of defense.

### III. THE PROPOSED SUR-REPLY EXCEEDS ANY LEGITIMATE SCOPE.

Even if one or more points in FracTEL's reply could be characterized as new, the proposed sur-reply (ECF No. 29-1) far exceeds a narrowly targeted response. It contains seven substantive sections addressing: (1) the "concession" argument; (2) email exhibits and their admissibility; (3) discovery-dependent technical and business-record issues including call routing, carrier-of-record status, reseller assignment, SIP records, traceback records, and mitigation actions; (4) callback evidence as circumstantial proof; (5) Plaintiff's litigation history; (6) *Loper Bright*; and (7) spoofing, network traversal, and mitigation. The proposed filing concludes

6

by asking the Court to deny FracTEL's Motion to Dismiss. (ECF No. 29-1, PageID.427–435).

This is not a limited sur-reply addressing a discrete new matter. It is a supplemental opposition brief that would give Plaintiff an additional opportunity to argue the merits after FracTEL has exhausted its briefing. Granting leave on these terms would prejudice FracTEL and reward serial briefing.

### IV.   IF THE COURT IDENTIFIES NEW MATTER, THE PROPER REMEDY IS EXCLUSION.

In the alternative, should the Court conclude that any portion of FracTEL's reply presents genuinely new matter, the proper remedy under *Seay* is to disregard that matter in resolving the motion to dismiss. It is not to permit an additional round of briefing. *Seay*, 339 F.3d at 481–82. At a minimum, if the Court grants leave, the filing should be limited to only those discrete points the Court identifies as new, with the remainder of the proposed sur-reply stricken.

7

4931-7673-3368, v. 1

## **CONCLUSION**

FracTEL requests that the Court deny Plaintiff's motion. In the alternative,

FracTEL requests that the Court disregard any portions of the reply the Court deems

to constitute new matter or limit any permitted sur-reply to only those discrete new

points.

Respectfully submitted,

By: /s/ *Robert M. Horwitz*
   Robert M. Horwitz (P51466)
   Maddin Hauser Roth & Heller PC
   One Towne Square, Fifth Floor
   Southfield, MI 48076
   (248) 351-7014
   rhorwitz@maddinhauser.com

Dated: June 30, 2026         *Counsel for FracTEL, LLC*

8

4931-7673-3368, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

I further certify that I caused a true and correct copy of the foregoing document to be served by U.S. Mail and email upon the following pro se Plaintiff:

Mark W. Dobronski
PO Box 99
Dexter, MI 48130
(734) 641-2300
markdobronski@yahoo.com

MADDIN HAUSER ROTH & HELLER, P.C.

By:   */s/ Catherine Werenicz*
       Catherine Werenicz

4931-7673-3368, v. 1