UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

        Plaintiff,

v.

FRACTEL LLC, *et al.*,

        Defendants.

Case No.  2:26-cv-10464

Honorable Brandy R. McMillion
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

_____

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE LIMITED SUR-REPLY TO
DEFENDANT FRACTEL LLC'S REPLY BRIEF**

_____

### INTRODUCTION

FracTEL's opposition confirms the narrow reason leave is needed. FracTEL

does not dispute the governing principle that where new evidence or new arguments

are raised in a reply brief, the nonmovant should be given a fair opportunity to

respond or the new material should not be considered. ECF No. 31, PageID.456. See

*Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014); *Seay v. Tenn. Valley

Auth.*, 339 F.3d 454, 481-82 (6th Cir. 2003).

FracTEL instead argues that its reply raised no new matter. ECF No. 31,

PageID.456-457. But FracTEL's reply did more than answer Plaintiff's response. It

1

attached additional email exhibits, characterized those exhibits as demonstrating that FracTEL did not originate or carry outbound calls, asserted that FracTEL's network carried only Plaintiff's inbound return calls, characterized Plaintiff's statement concerning a purely passive carrier as a dispositive concession, and attacked the sufficiency of Plaintiff's notice by reference to Plaintiff's status as a pro se TCPA litigant. ECF No. 27, PageID.344, 348-349.

The movant's right to file a reply does not include the right to raise new matters that the nonmovant has no opportunity to answer. See *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 372 (6th Cir. 1998) ("reply briefs reply to arguments made in the response brief-they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

Plaintiff does not seek an unlimited opportunity to reargue the motion to dismiss. Plaintiff seeks only a fair opportunity to respond to reply-stage matters that FracTEL asks the Court to consider. If the Court does not consider those matters, Plaintiff does not need a sur-reply. But if the Court considers them, basic fairness supports allowing Plaintiff's limited response.

2

## ARGUMENT

**I.      FracTEL's opposition confirms that the disputed issue is not whether sur-replies are routine, but whether FracTEL's reply injected new matter.**

Plaintiff has never contended that sur-replies are routine or automatic. They are not. That is why Plaintiff sought leave. ECF No. 29, PageID.416-417.

The question is whether FracTEL's reply introduced or materially sharpened matters that Plaintiff had no opportunity to answer. FracTEL's opposition concedes the applicable standard in substance: new evidence or new arguments in reply may justify either a response or exclusion. ECF No. 31, PageID.456. FracTEL simply denies that its reply did so. ECF No. 31, PageID.456-457.

The Court therefore need not decide any broad rule regarding sur-replies. It need only decide whether FracTEL's reply-stage use of email exhibits, "concession" framing, "only inbound return calls" assertion, *Loper Bright* framing, and pro se/serial-litigant attack should be considered without any response from Plaintiff. ECF No. 29, PageID.416; ECF No. 31, PageID.457-460.

**II.     FracTEL used the email exhibits for more than their existence.**

FracTEL argues that the email exhibits are not new evidence because Plaintiff referred to communications with FracTEL in the First Amended Complaint. ECF No. 31, PageID.457-458. That misses the point.

Plaintiff does not dispute that a document referenced in a complaint and central to the claims may sometimes be considered on a Rule 12(b)(6) motion. See *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). But that rule does not permit FracTEL to attach selected correspondence in reply and use its own interpretation of those communications to prove disputed technical facts concerning network traversal, inbound versus outbound routing, reseller assignments, abuse-ticket handling, mitigation, or whether FracTEL acted reasonably after notice.

FracTEL's reply did not merely attach emails to show that communications occurred. It used the emails to argue that FracTEL investigated Plaintiff's complaints, opened abuse tickets, disconnected numbers, did not originate or carry outbound calls to Plaintiff, and carried only Plaintiff's inbound return calls. ECF No. 27, PageID.348-349; ECF No. 31, PageID.458-459. Those are disputed factual and technical assertions. They concern call routing, network traversal, reseller assignments, abuse tickets, mitigation, and whether FracTEL's response was adequate.

Those issues cannot be resolved on a Rule 12(b)(6) motion by accepting FracTEL's reply-stage interpretation of selected emails. If FracTEL wants the Court to consider the emails only for the fact that communications occurred, Plaintiff has no objection. But if FracTEL wants the Court to consider the emails as proof that

FracTEL carried only inbound return calls or acted reasonably after notice, Plaintiff should be permitted to respond.

### III.    The "concession" argument is a mischaracterization that should not go unanswered if considered.

FracTEL argues that its "concession" point merely responded to Plaintiff's opposition. ECF No. 31, PageID.457. But FracTEL did not merely repeat Plaintiff's statement. It transformed Plaintiff's narrow statement into a dispositive concession. ECF No. 27, PageID.344.

Plaintiff stated only that a carrier acting in a purely passive capacity ordinarily is not liable merely because it transmits a call initiated by someone else. ECF No. 25, PageID.310. Plaintiff did not concede that FracTEL was purely passive. Plaintiff did not concede that FracTEL lacked actual notice. Plaintiff did not concede that FracTEL lacked a high degree of involvement. Plaintiff did not concede that FracTEL's post-notice conduct was legally irrelevant. And Plaintiff did not concede that FracTEL falls outside the TCPA's make/initiate framework.

If FracTEL's "concession" argument is considered, Plaintiff should be allowed to correct it. Otherwise, the Court may be asked to decide the motion based on a mischaracterization of Plaintiff's position.

IV.     **FracTEL's alternative request for exclusion supports Plaintiff's position.**

FracTEL argues in the alternative that if the Court finds new matter in the reply, the Court should disregard that matter rather than allow a sur-reply. ECF No. 31, PageID.461. Plaintiff agrees that exclusion is an available remedy. But it is not the only remedy.

The practical problem is that FracTEL's new or sharpened reply-stage assertions are intertwined with its dispositive arguments. FracTEL asks the Court to dismiss the case by relying on its characterization of the emails, its "only inbound return calls" narrative, its "concession" framing, and its assertion that Plaintiff's notices are insufficient. ECF No. 27, PageID.344, 348-349. A short sur-reply is the more efficient and transparent way to address those points.

Plaintiff is not attempting to expand the record or create serial briefing. Plaintiff is attempting to prevent FracTEL from using a reply brief to inject disputed factual characterizations and then declare the briefing closed.

V.      **If the Court believes the proposed sur-reply is too broad, Plaintiff requests leave to file a shortened version limited to the discrete reply-stage issues.**

FracTEL argues that the proposed sur-reply contains seven sections and therefore exceeds the permissible scope. ECF No. 31, PageID.460-461. The number of headings does not determine scope. The proposed sur-reply is organized by the

6

new or materially sharpened reply-stage issues: the alleged concession, the reply exhibits, the "only inbound return calls" assertion, callback evidence, Plaintiff's litigation status, and FracTEL's Loper Bright framing. ECF No. 29-1, PageID.427-435.

Nevertheless, Plaintiff is willing to accept narrower relief. If the Court concludes the proposed sur-reply should be shortened, Plaintiff respectfully requests leave to file a revised sur-reply limited to the following discrete points:

1. Plaintiff did not concede that FracTEL was purely passive or outside the TCPA's make/initiate framework;

2. FracTEL's reply-stage email exhibits may not be used to prove disputed facts concerning network traversal, outbound versus inbound routing, reseller assignments, mitigation, or the adequacy of FracTEL's response;

3. Plaintiff's callback evidence is not offered as a separate TCPA violation, but as circumstantial evidence of campaign connection, notice, and the need for discovery; and

4. FracTEL's pro se/serial-litigant argument is not a pleading defense and does not negate call-specific notice.

That alternative would fully address FracTEL's scope objection while preserving Plaintiff's right to a fair opportunity to answer reply-stage matter.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave and accept Plaintiff's limited sur-reply. In the alternative, Plaintiff requests that the Court either disregard the new or materially sharpened reply-stage matters identified by Plaintiff or permit Plaintiff to file a shortened sur-reply limited to those discrete issues.

Respectfully submitted,

Dated: July 4, 2026

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I certify that on July 4, 2026, I electronically filed the foregoing *Plaintiff's Reply Brief in Support of Motion for Leave to File Limited Sur-Reply to Defendant Fractel LLC's Reply Brief* with the Clerk of the Court via the Court's CM/ECF filing system, which will send notification of such filing to all counsel of record.

_____
Mark W. Dobronski